

FILED
2/19/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EY

SHORT RECORD
NO. 22-1273
FILED
02/22/2022

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

EDITH MCCURRY

        PLAINTIFF,

V S .

                        1:19 CV 04067

KENCO LOGISTICS

DEFENDANT

                        Judge: Sharon Johnson Coleman
                        Magistrate Judge: Gabriel A. Fuentes

## NOTICE TO APPEAL

Notice is hereby given that Edith McCurry, Plaintiff in the above named case, hereby

appeals to the United States Court of Appeals for the Seventh Circuit from the following orders

by the Honorable Judge Coleman: (1) Order entered January 21, 2022 granting Defendants'

motion.  Final judgment on Defendant's motion for summary judgment was entered and filed

with the Court on January 21, 2022.

Respectfully Submitted this 18 Day of February 2022 by:

EDITH MCCURRY
6239 S. 13110 East Rd.,
Pembroke, IL 60958
815.735.4281

CERTIFICATE OF SERVICE

Please take notice that on February 19, 2022 I, Edith McCurry, hereby do, certify  that I did file a

NOTICE OF APPEAL TO THE SEVENTH CIRCUIT COURT OF APPEALS with the

NORTHERN DISTRICT OF ILLINOIS in the foregoing matter of Case No. 1:19 CV-04067 and

have served the persons  identified on the docket's service list through Notice of Electronic

Filing  generated by the Court's CM/ECF system through the Clerk's Office.

EDITH MCCURRY
6239 S. 13110 East Rd.,
Pembroke, IL 60958
815.735.4281

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDITH MCCURRY,                          )
                                        )    Case No. 19-cv-4067
            Plaintiff,                  )
                                        )    Judge Sharon Johnson Coleman
      v.                                )
                                        )
KENCO LOGISTICS SERVCES, LLC,           )
                                        )
            Defendant.                  )

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Edith McCurry brings this lawsuit against her former employer Kenco

Logistics Services, LLC ("Kenco") alleging violations of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), 42 U.S.C. § 1981, and Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, in relation to her short-term and long-

term disability benefits. Before the Court is Kenco's motion for summary judgment brought

pursuant to Federal Rule of Civil Procedure 56(a).[1] For the reasons explained below, the Court

grants Kenco's motion.

**Background**

Kenco employed McCurry as a clerk with its human resources department at the Manteno,

Illinois warehouse owned by Mars, Inc., the well-known candy maker. Kenco managed the

warehouse. McCurry worked for Kenco from May 2013 until March 2015, at which time Kenco lost

its contract with Mars. During the relevant time period, Kenco offered its employees short-term

disability ("STD") insurance under policy number GRH-674076 and long-term disability ("LTD")

insurance under policy number GLT-674076, both issued by third-party benefits administrator,

---

[1] Because McCurry is proceeding pro se, on October 27, 2021, Kenco served her with the Northern District
of Illinois Local Rule 56.2 Notice to Pro Se Litigants Opposing Summary Judgment.

Hartford Life and Accident Insurance Company ("The Hartford").  In short, the Hartford insured and administered Kenco's disability benefit plans.  On October 15, 2020, the Court dismissed the Hartford without prejudice from this lawsuit based on its motion to dismiss for improper venue.[2]

Construing her pro se complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), McCurry alleges that on or about January 3, 2015, she was unable to return to work due to high blood pressure, stress, anxiety, and other undiagnosed health conditions.  She further alleges that on January 5, 2015, she notified the Hartford of her inability to return to work, and thereafter, the Hartford informed her of the amount of benefits she would receive.  McCurry also alleges that she experienced interruptions to her STD and LTD benefits, but that the Hartford reinstated them on July 13, 2016.  Attached to McCurry's complaint is the Hartford's correspondence with her substantiating these allegations, along with the relevant STD and LTD plans.  McCurry received LTD benefits well after her employment ended with Kenco in March 2015.

Although Kenco was the plan administrator for the STD and LTD plans, according to the policies, the Hartford was the plans' fiduciary and had sole discretion and authority to determine eligibility for benefits and to construe and interpret all terms of the policies.  (R. 158-1, Ex. B., STD Plan, at 17, 27, 29; Ex. C., LTD Plan, at 20, 32, 34).  The relevant STD and LTD plans state:  "The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy.  The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy."  Furthermore, there is unrebutted evidence in the record that Kenco did not influence the Hartford's decisions in relation to McCurry's STD and LTD benefits, due in part to McCurry's

---

[2] The Court presume familiarity with its earlier rulings in this lawsuit, along with McCurry's similar lawsuit filed in the Central District of Illinois, 16-CV-2273, and her Seventh Circuit appeal in that lawsuit.  *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783 (7th Cir. 2019).

failure to comply with Local Rule 56. 1, which governs the presentation of evidence at summary

judgment. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those

who proceed without counsel."). Both the Central District of Illinois and the Seventh Circuit

discussed the importance of McCurry following the local rules governing the summary judgment

process, and thus, McCurry has been aware of these requirements since at least August 2018. *See

Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) ("district courts may require strict

compliance with their local rules").

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a);

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A

genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.

Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact

exists, the Court must view the evidence and draw all reasonable inferences in favor of the

nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a

properly supported motion for summary judgment is made, the adverse party 'must set forth specific

facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

Because the Hartford was the sole decisionmaker, fiduciary, and obligor in determining

McCurry's eligibility for STD and LTD benefits, Kenco contends that it cannot be held liable for

any improper decisions in relation to the benefits McCurry received under ERISA. The Court

agrees. *See Brooks v. Pactiv Corp.*, 729 F.3d 758, 764 (7th Cir. 2013) (under ERISA "a cause of action

3

for 'benefits due' must be brought against the party having the obligation to pay."). Accordingly, McCurry's ERISA claim against Kenco fails as a matter of law. Similarly, McCurry's "fiduciary duty" claim is without merit because it is duplicative of her ERISA claim, and the Hartford is the undisputed fiduciary under the plans.

Next, the Court examines McCurry's Title VII and § 1981 employment discrimination claims under the same legal analysis, where the Court must determine "whether the evidence would permit a reasonable fact-finder to conclude that McCurry was subjected to an adverse employment action based on a statutorily prohibited factor." *McCurry v. Kenco Logistics Serv., LLC*, 942 F.3d 783, 788 (7th Cir. 2019). Keeping in mind McCurry's last day of employment with Kenco was March 29, 2015, the only adverse employment actions related to McCurry's STD and LTD benefits are the delay or denial of her post-employment disability benefits. Again, Kenco cannot be responsible for the delay or denial of McCurry's benefits because the Hartford was the sole decisionmaker, fiduciary, and obligor. Moreover, the Seventh Circuit upheld the Central District of Illinois' decision that Kenco did not discriminate against McCurry based on her race and sex under Title VII and § 1981 for conduct occurring before March 29, 2015. Therefore, McCurry's employment discrimination claims are untenable.

In her response brief, McCurry argues that Kenco should be estopped from its present arguments because they are inconsistent with Kenco's "judicial admissions" in the parties' pending Department of Labor ("DOL") proceeding. To give context, on April 20, 2018, before McCurry filed this lawsuit, she filed an administrative complaint with the DOL alleging that Kenco violated the Food Safety Modernization Act ("FSMA") by denying her long-term disability benefits in retaliation for her testifying in a FSMA whistleblower case brought by another Kenco employee. On November 2, 2020, an Administrative Law Judge ("ALJ") granted Kenco's motion for a summary decision concluding there was no evidence in the record creating a genuine issue of

material fact as to whether McCurry's alleged protected activity was a contributing factor in any adverse action. Because the ALJ based his decision on an issue that the parties had not briefed, the Administrative Review Board vacated and remanded the ALJ's ruling. On remand, the ALJ order the parties to brief the discrete issue of whether McCurry's alleged protected activity was a contributing factor in the denial of her long-term disability benefits. The ALJ has yet to rule on remand.

Judicial estoppel applies when "a party succeeds on one legal position and later tries to reverse its position on the same issue." *Looper v. Cook Inc.*, 20 F.4th 387, 398 (7th Cir. 2021). Assuming judicial estoppel applies under the circumstances, McCurry has failed to articulate any inconsistent positions that Kenco made in the administrative case in contrast to the present federal litigation. Indeed, after reviewing Kenco's filings in the administrative case, Kenco makes the same arguments it makes here, namely, that McCurry's employment with Kenco ended in March 2015 and that the decisions surrounding McCurry's receipt of post-termination benefits, including long-term disability coverage, are not attributable to Kenco because these benefits were handled by a third-party benefits administrator. In the same vein, McCurry fails to provide factual or legal support that Kenco "waived" arguments in this lawsuit by not making them in front of the ALJ.

Last, McCurry rehashes numerous arguments she previously made during discovery in this lawsuit that both the Court and Magistrate Judge Fuentes rejected. These complaints include the unsupported argument that Kenco did not turn over a relevant Hartford policy during discovery, along with McCurry's allegations that Kenco committed "fraud on the court." The Court will not re-address these unsupported arguments, as such review would be a waste of limited and valuable judicial resources. *See Dix v. Edelman Fin. Serv., LLC,* 978 F.3d 507, 521 (7th Cir. 2020); *McCurry*, 942 F.3d at 790.

**Conclusion**

Based on the foregoing, the Court grants defendant's summary judgment motion [157].

Civil case terminated.

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 1/21/2022

ILND 450 (Rev. 04/29/2016) - Judgment in a Civil Action
Case: 1:19-cv-04067 Document #: 172 Filed: 02/22/22 Page 9 of 32 PageID #:3290
Case: 22-1273    Document: 1-1    Filed: 02/22/2022    Pages: 32

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
### NORTHERN DISTRICT OF ILLINOIS

Edith McCurry,

Plaintiff(s),

v.

Kenco Logistics Services, LLC,

Defendant(s).

Case No. 19 cv 4067
Judge Sharon Johnson Coleman

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $          ,

which ☐ includes          pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒ in favor of defendant(s) Kenco Logistics Services, LLC
and against plaintiff(s) Edith McCurry.

.

Defendant(s) shall recover costs from plaintiff(s).

---

☐ other:

---

This action was *(check one)*:

☐ tried by a jury with Judge          presiding, and the jury has rendered a verdict.
☐ tried by Judge          without a jury and the above decision was reached.
☒ decided by Judge Coleman on a motion for summary judgment.

Date: 1/21/2022

Thomas G. Bruton, Clerk of Court

Yvette Montanez , Deputy Clerk

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:19-cv-04067
## Internal Use Only

McCurry v. Kenco Logistics Services, LLC
Assigned to: Honorable Sharon Johnson Coleman
Cause: 42:1981 Civil Rights

Date Filed: 06/17/2019
Date Terminated: 01/21/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Edith McCurry**                                   represented by **Edith McCurry**
6239 S. 13110 E. Rd
Pembroke Township, IL 60958
815-735-4281
PRO SE

V.

**Defendant**

**MARS**                                            represented by **Kimberly J Overbaugh**
*TERMINATED: 10/15/2020*
Harmon & Davies Pc
2306 Columbia Ave
Lancaster, PA 17603
(717) 291-2236
Email: koverbaugh@h-dlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R. Davies**
Harmon & Davies, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
(717) 291-2236
Email: tdavies@h-dlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kenco Logistics Services, LLC**                   represented by **Jody Wilner Moran**
Jackson Lewis P.C. (Chicago)
150 N. Michigan Ave
Suite 2500
Chicago, IL 60601
312-787-4949

Email: jody.moran@jacksonlewis.com
*TERMINATED: 09/08/2021*
*LEAD ATTORNEY*

**John Casey Leech**
Jackson Lewis P.c.
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
(312) 787-4949
Email: casey.leech@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Suite 2500
Chicago, IL 60601
United Sta
(312) 787-4949
Email: Julia.Argentieri@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hartford Life And Accident Insurance
Company**
*TERMINATED: 10/15/2020*

represented by **W. Sebastian von Schleicher**
Smith, von Schleicher & Associates
180 North LaSalle Street
Suite 3130
Chicago, IL 60601
(312) 541-0300
Email: warren.vonschleicher@svs-
law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel H. Beattie**
Smith, Von Schleicher & Associates
180 N. Lasalle St, Suite 3130
Chicago, IL 60601
(312) 541-0300
Email: rachel.beattie@svs-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Reed Group**
*TERMINATED: 10/15/2020*

represented by **James H. Ryan**
Gordon & Rees, LLP
One North Franklin
Suite 800
Chicago, IL 60606
(312) 565-1400

Email: hayesryan@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Lane Matthis**
Gordon & Rees
One North Franklin
Suite 800
Chicago, IL 60606
312 619 4933
Email: jmatthis@grsm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr Koehler**                          represented by    **Scott A. Calkins**
*TERMINATED: 10/15/2020*                                 Reno & Zahm LLP
                                                         2902 McFarland Road
                                                         Suite 400
                                                         Rockford, IL 61107
                                                         (815) 987-4050
                                                         Email: sac@renozahm.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Brittany Lynn Nelson**
                                                         Reno & Zahm, LLP
                                                         2902 MCFARLAND RD STE 400
                                                         Suite 400
                                                         Rockford, IL 61107
                                                         815-987-4050
                                                         Email: bln@renozahm.com
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|-----|-------------|
| 06/17/2019 | 1 | RECEIVED Complaint and 1 copy by Edith McCurry. (Exhibits) (nsf, ) (Entered: 06/18/2019) |
| 06/17/2019 | 2 | CIVIL Cover Sheet. (nsf, ) (Entered: 06/18/2019) |
| 06/17/2019 | 3 | PRO SE Appearance by Plaintiff Edith McCurry. (nsf, ) (Entered: 06/18/2019) |
| 06/17/2019 | 4 | APPLICATION by Plaintiff Edith McCurry for leave to proceed in forma pauperis. (nsf, ) (Entered: 06/18/2019) |
| 06/18/2019 | 🔒 5 | (Court only) RECEIVED Summons in a Civil Action form for defendant(s) MARS, Kenco Logistics Services, LLC, The Hartford Financial Services Group, Inc.,The Reed Group, Dr Koehler by Plaintiff Edith McCurry (nsf, ) (Entered: 06/19/2019) |
| 06/18/2019 | 🔒 6 | (Court only) RECEIVED USM-285 form for defendant(s) MARS, Kenco Logistics Services, LLC, The Hartford Financial Services Group, Inc., The |

| | | Reed Group, Dr Koehler by Plaintiff Edith McCurry (nsf, ) (Entered: 06/19/2019) |
|---|---|---|
| 06/18/2019 | 7 | MOTION by Plaintiff Edith McCurry for attorney representation. (nsf, ) (Entered: 06/19/2019) |
| 06/18/2019 | 8 | RECEIVED 5 service copies of the complaint by Edith McCurry. (Exhibits) (nsf, ) (Entered: 06/19/2019) |
| 06/19/2019 | 9 | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (nsf, ) (Entered: 06/19/2019) |
| 06/20/2019 | 10 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing as to plaintiff's application for leave to proceed in forma pauperis 4 and motion for attorney representation 7 is set for 7/19/2019 at 9:30 AM. Mailed notice. (ym, ) (Entered: 06/20/2019) |
| 07/19/2019 | 11 | ORDER: Status hearing held on 7/19/2019. Plaintiff's application for leave to proceed in forma pauperis 4 is granted. The Clerk's Office is directed to issue summons for service by the U.S. Marshal Service. The U.S. Marshal is directed to serve summons. Plaintiff shall complete a USM-285 form for each defendant being served, if she has not done so. The motion for attorney representation 7 is denied without prejudice. Plaintiff is referred to the Hibbler Help Desk. Signed by the Honorable Sharon Johnson Coleman on 7/19/2019. Mailed notice (smm, ) (Entered: 07/22/2019) |
| 07/19/2019 | 12 | COMPLAINT filed by Edith McCurry. (smm, ) (Entered: 07/22/2019) |
| 07/22/2019 | | SUMMONS Issued as to Defendants Kenco Logistics Services, LLC, Dr Koehler, MARS, The Hartford Financial Services Group, Inc., The Reed Group to United States Marshal's for Service via e-mail. (smm, ) (Entered: 07/22/2019) |
| 09/05/2019 | 13 | SUMMONS Returned Executed by U.S Marshals Service as to The Hartford on 8/29/2019, answer due 9/19/2019. (ek, ) (Entered: 09/05/2019) |
| 09/11/2019 | 14 | SUMMONS Returned Executed by U.S. Marshal's Office as to Kenco Logistics Services, LLC on 9/10/2019, answer due 10/1/2019; MARS on 9/10/2019, answer due 10/1/2019. (Attachments: # 1 Exhibit)(nsf, ) (Entered: 09/12/2019) |
| 10/01/2019 | 15 | ATTORNEY Appearance for Defendant Kenco Logistics Services, LLC by Jody Wilner Moran (Moran, Jody) (Entered: 10/01/2019) |
| 10/01/2019 | 16 | ATTORNEY Appearance for Defendant Kenco Logistics Services, LLC by Julia Pearce Argentieri (Argentieri, Julia) (Entered: 10/01/2019) |

| | | |
|---|---|---|
| 10/01/2019 | 17 | MOTION by Defendant Kenco Logistics Services, LLC to dismiss *Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Fed. R. Civ. Pro. 12(b)(6) and Request for Sanctions* (Moran, Jody) (Entered: 10/01/2019) |
| 10/01/2019 | 18 | MEMORANDUM by Kenco Logistics Services, LLC in support of motion to dismiss 17 *Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Fed. R. Civ. Pro. 12(b)(6) and Request for Sanctions* (Attachments: # 1 Exhibit A-F)(Moran, Jody) (Entered: 10/01/2019) |
| 10/01/2019 | 19 | NOTICE of Motion by Jody Wilner Moran for presentment of motion to dismiss 17 before Honorable Sharon Johnson Coleman on 10/8/2019 at 08:45 AM. (Moran, Jody) (Entered: 10/01/2019) |
| 10/01/2019 | 20 | Defendant's Rule 7.1 Corporate Disclosure Statement STATEMENT by Kenco Logistics Services, LLC (Moran, Jody) (Entered: 10/01/2019) |
| 10/01/2019 | 21 | ATTORNEY Appearance for Defendant MARS by Thomas R. Davies (Davies, Thomas) (Entered: 10/01/2019) |
| 10/01/2019 | 22 | ATTORNEY Appearance for Defendant MARS by Kimberly J Overbaugh (Overbaugh, Kimberly) (Entered: 10/01/2019) |
| 10/01/2019 | 23 | Disclosure Statement Pursuant to Rule 7.1 by MARS (Davies, Thomas) (Entered: 10/01/2019) |
| 10/01/2019 | 24 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant MARS (Davies, Thomas) (Entered: 10/01/2019) |
| 10/01/2019 | 25 | MEMORANDUM by MARS in support of Motion to Dismiss for Failure to State a Claim 24 (Davies, Thomas) (Entered: 10/01/2019) |
| 10/01/2019 | 26 | NOTICE of Motion by Thomas R. Davies for presentment of Motion to Dismiss for Failure to State a Claim 24 before Honorable Sharon Johnson Coleman on 10/10/2019 at 08:45 AM. (Davies, Thomas) (Entered: 10/01/2019) |
| 10/02/2019 | 27 | SUMMONS Returned Unexecuted as to MARS. (jh, ) (Entered: 10/04/2019) |
| 10/08/2019 | 28 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 10/8/2019. Counsel for defendant MARS appeared by phone. Plaintiff's response to defendants' motion to dismiss 17 , 24 to be filed by 11/22/2019. Reply to be filed by 12/6/2019. Oral Arguments are set for 12/10/2019 at 9:45 AM. Plaintiff has until 11/22/2019 to complete service on the remaining defendants. The presentment date of 10/10/2019 is stricken. Mailed notice. (ym, ) (Entered: 10/08/2019) |
| 10/08/2019 | 🔒 29 | (Court only) RECEIVED USM-285 form for defendant(s) The Reed Group, (nsf, ) Modified on 10/9/2019 (nsf, ). (Entered: 10/09/2019) |
| 10/08/2019 | 🔒 30 | (Court only) RECEIVED USM-285 form for defendant(s) MARS, Kenco Logistics Services, LLC,The Hartford Financial Services Group, Inc.,The Reed Group,Dr Koehler. (nsf, ) (Entered: 10/09/2019) |
| 11/04/2019 | 🔒 | (Court only) FORWARDED received usm-285 form 30 , received usm-285 form 29 USM 285 forms for The Reed Group, Dr. Koehler to U.S. Marshals Office. (nsf, ) (Entered: 11/04/2019) |

| | | |
|---|---|---|
| 11/05/2019 | 31 | SUMMONS Returned Executed by U.S. Marshal's Office as to The Reed Group on 10/22/2019, answer due 11/12/2019. also served on 10/3 @ 10355 Westmour Dr. (nsf, ) (Entered: 11/06/2019) |
| 11/14/2019 | 32 | ATTORNEY Appearance for Defendant The Hartford Financial Services Group, Inc. by W. Sebastian von Schleicher (von Schleicher, W.) (Entered: 11/14/2019) |
| 11/14/2019 | 33 | MOTION by Defendant The Hartford Financial Services Group, Inc. , *The Hartford Financial Services Group, Inc.'s Motion to Set Date to Answer or Otherwise Plead to Plaintiff's Complaint* (Attachments: # 1 Exhibit A)(von Schleicher, W.) (Entered: 11/14/2019) |
| 11/14/2019 | 34 | NOTICE of Motion by W. Sebastian von Schleicher for presentment of motion for miscellaneous relief, 33 before Honorable Sharon Johnson Coleman on 11/20/2019 at 08:45 AM. (von Schleicher, W.) (Entered: 11/14/2019) |
| 11/14/2019 | 35 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by The Hartford Financial Services Group, Inc. (von Schleicher, W.) (Entered: 11/14/2019) |
| 11/19/2019 | 36 | ATTORNEY Appearance for Defendant The Hartford Financial Services Group, Inc. by Rachel H. Beattie (Beattie, Rachel) (Entered: 11/19/2019) |
| 11/20/2019 | 37 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 11/20/2019. Defendant The Hartford Financial Services Group, Inc.'s motion 33 is granted. Counsel for defendant The Hartford Financial Services Group, Inc. waived service and does not object to plaintiff substituting Hartford Life and Accident Insurance Company for The Hartford Financial Services Group, Inc. Plaintiff is to file a motion substituting Hartford Life and Accident Insurance Company for defendant The Hartford Financial Services Group, Inc. by 11/22/2019. Defendant Hartford is to respond to the complaint by 12/12/2019. Plaintiff is to file any brief in opposition to defendant Hartford's motion to dismiss by 1/20/2020. Any reply is to be filed by 2/7/2020. Oral argument is set for 2/26/2020 at 10:00 AM. Oral argument on defendant Kenco Logistics Services, LLC's motion to dismiss 17 and defendant MARS' motion to dismiss 24 previously set for 12/10/2019 is stricken and reset to 2/26/2020 at 10:00 AM. Status hearing regarding service will be held on 12/10/2020 at 9:30 AM. Only Plaintiff needs to appear on 12/10/2020. All parties (plaintiff and all defendants) are directed to appear on 2/26/2020 for oral argument on the all of the motions to dismiss. Mailed notice. (ym, ) (Entered: 11/20/2019) |
| 11/20/2019 | 38 | MOTION by Plaintiff Edith McCurry to amend/correct defendant the Hartford Financial Services Group, Inc. name to Hartford Life And Accident Insurance Company. (nsf, ) (Entered: 11/20/2019) |
| 11/21/2019 | 39 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court having granted plaintiff's motion to amend/correct defendant the Hartford Financial Services Group, Inc. name to Hartford Life And Accident Insurance Company 38 in open court, the Clerk's Office is directed to substitute The Hartford Financial Services Group, Inc. with Hartford Life And Accident Insurance Company. Mailed notice. (ym, ) (Entered: 11/21/2019) |
| 11/26/2019 | 40 | RESPONSE by Plaintiff Edith McCurry to Defendant Mars' Motion to Dismiss. (Exhibits) (Envelope Postmarked 11/22/2019) (Incorrect Case Number on |

| | | Document) (jh, ) (Entered: 12/03/2019) |
|---|---|---|
| 11/26/2019 | 69 | RESPONSE by Plaintiff Edith McCurry to defendant Kenco's motion to dismiss (Exhibits). (Temporarily unavailable for docketing) (td, ) (Entered: 02/21/2020) |
| 12/04/2019 | 41 | MOTION by Defendant MARS for extension of time to file response/reply as to Response 40 (Attachments: # 1 Exhibit)(Davies, Thomas) (Entered: 12/04/2019) |
| 12/04/2019 | 42 | NOTICE of Motion by Thomas R. Davies for presentment of motion for extension of time to file response/reply 41 before Honorable Sharon Johnson Coleman on 12/10/2019 at 08:45 AM. (Davies, Thomas) (Entered: 12/04/2019) |
| 12/04/2019 | 43 | MINUTE entry before the Honorable Sharon Johnson Coleman: Mars Inc.'s motion for an extension of time to reply to the motion to dismiss 41 is granted. Mars Inc's reply is to be filed by 12/17/2019. The presentment set for 12/10/2019 is stricken. Mailed notice. (ym, ) (Entered: 12/04/2019) |
| 12/05/2019 | 44 | ATTORNEY Appearance for Defendant The Reed Group by James H. Ryan (Attachments: # 1 Certificate of Service)(Ryan, James) (Entered: 12/05/2019) |
| 12/05/2019 | 45 | ATTORNEY Appearance for Defendant The Reed Group by Jordan Lane Matthis (Attachments: # 1 Certificate of Service)(Matthis, Jordan) (Entered: 12/05/2019) |
| 12/06/2019 | 46 | REPLY by Defendant Kenco Logistics Services, LLC to motion to dismiss 17 *Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint with Prejudice and Request for Sanctions* (Attachments: # 1 Exhibit A)(Moran, Jody) (Entered: 12/06/2019) |
| 12/06/2019 | 47 | MOTION by Defendant The Reed Group for extension of time to file answer (Matthis, Jordan) (Entered: 12/06/2019) |
| 12/06/2019 | 48 | NOTICE of Motion by Jordan Lane Matthis for presentment of motion for extension of time to file answer 47 before Honorable Sharon Johnson Coleman on 12/17/2019 at 08:45 AM. (Matthis, Jordan) (Entered: 12/06/2019) |
| 12/10/2019 | 49 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing held on 12/10/2019. Service has not been executed as to defendant Dr Koehler. Plaintiff will inquire with the Marshal Service as to the status of the summons. Oral Arguments set to 2/26/2020 at 10:00 AM to stand. Mailed notice. (ym, ) (Entered: 12/10/2019) |
| 12/12/2019 | 50 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Hartford Life And Accident Insurance Company , *Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff's Complaint* (von Schleicher, W.) (Entered: 12/12/2019) |
| 12/12/2019 | 51 | MEMORANDUM by Hartford Life And Accident Insurance Company in support of Motion to Dismiss for Failure to State a Claim 50 , *Hartford Life and Accident Insurance Company's Memorandum in Support of its Motion to Dismiss the Complaint* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(von Schleicher, W.) (Entered: 12/12/2019) |
| 12/12/2019 | 52 | SUMMONS Returned Executed by U.S. Marshal's Office as to Dr Koehler on 12/11/2019, answer due 1/2/2020. (nsf, ) (Entered: 12/13/2019) |

| | | |
|---|---|---|
| 12/17/2019 | 53 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 12/17/2019. Defendant The Reed Group's motion for an extension of time to answer or otherwise plead 47 is granted. Responsive pleading to be filed by 1/6/2020. Oral Arguments set for 2/26/2020 at 10:00 AM to stand. Mailed notice. (ym, ) (Entered: 12/17/2019) |
| 12/17/2019 | 54 | REPLY by MARS to Response 40 (Davies, Thomas) (Entered: 12/17/2019) |
| 01/06/2020 | 55 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant The Reed Group (Matthis, Jordan) (Entered: 01/06/2020) |
| 01/06/2020 | 56 | MEMORANDUM by The Reed Group in support of Motion to Dismiss for Failure to State a Claim 55 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Matthis, Jordan) (Entered: 01/06/2020) |
| 01/06/2020 | 57 | NOTICE of Motion by Jordan Lane Matthis for presentment of Motion to Dismiss for Failure to State a Claim 55 before Honorable Sharon Johnson Coleman on 1/14/2020 at 08:45 AM. (Matthis, Jordan) (Entered: 01/06/2020) |
| 01/14/2020 | 58 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 1/14/2020. The previous briefing schedule entered by the court is stricken. Plaintiff's response to the motions to dismiss 17 , 24 , 50 , 55 are to be filed by 2/7/2020. Defendants' reply to be filed by 2/21/2020. Oral Argument set for 2/26/2020 is stricken and reset to 3/17/2020 at 10:00 AM. Mailed notice. (ym, ) (Entered: 01/14/2020) |
| 02/07/2020 | 59 | RESPONSE to defendant the Reed Group's Motion to Dismiss by Plaintiff Edith McCurry (pk, ) (Entered: 02/10/2020) |
| 02/07/2020 | 60 | RESPONSE to defendant Hartford's Motion to Dismiss by Plaintiff Edith McCurry. (Exhibits) (pk, ) (Entered: 02/10/2020) |
| 02/12/2020 | 61 | MOTION by Plaintiff Edith McCurry for entry of default. (Attachments) (nsf, ) (Entered: 02/13/2020) |
| 02/14/2020 | 62 | RESPONSE by Hartford Life And Accident Insurance Company to MOTION by Plaintiff Edith McCurry for entry of default 61 , *Hartford Life and Accident Insurance Company's Response to Plaintiff's Motion for Default Against Dr. Koehler* (Attachments: # 1 Exhibit A)(von Schleicher, W.) (Entered: 02/14/2020) |
| 02/19/2020 | 63 | ATTORNEY Appearance for Defendant Dr Koehler by Scott A. Calkins (Calkins, Scott) (Entered: 02/19/2020) |
| 02/19/2020 | 64 | MOTION by Defendant Dr Koehler to dismiss for lack of jurisdiction *pursuant to Rule 12(b)(5)* (Attachments: # 1 Exhibit Return of Summons)(Calkins, Scott) (Entered: 02/19/2020) |
| 02/19/2020 | 65 | MEMORANDUM by Dr Koehler in support of motion to dismiss/lack of jurisdiction 64 *pursuant to Rule 12(b)(5)* (Attachments: # 1 Exhibit Return of Summons, # 2 Exhibit Business Address)(Calkins, Scott) (Entered: 02/19/2020) |
| 02/19/2020 | 66 | NOTICE of Motion by Scott A. Calkins for presentment of motion to dismiss/lack of jurisdiction 64 before Honorable Sharon Johnson Coleman on 2/26/2020 at 08:45 AM. (Calkins, Scott) (Entered: 02/19/2020) |

| | | |
|---|---|---|
| 02/20/2020 | 67 | MOTION by Defendant Hartford Life And Accident Insurance Company for extension of time to file response/reply as to Motion to Dismiss for Failure to State a Claim 50 , memorandum in support of motion, 51 , *Hartford Life And Accident Insurance Company's Motion for Extension of Time to File Reply in Support of its Motion to Dismiss Plaintiff's Complaint* (von Schleicher, W.) (Entered: 02/20/2020) |
| 02/20/2020 | 68 | NOTICE of Motion by W. Sebastian von Schleicher for presentment of motion for extension of time to file response/reply, 67 before Honorable Sharon Johnson Coleman on 2/26/2020 at 08:45 AM. (von Schleicher, W.) (Entered: 02/20/2020) |
| 02/21/2020 | 70 | MINUTE entry before the Honorable Sharon Johnson Coleman: It has come to the Court's attention that Plaintiff's brief in opposition to the Motion to Dismiss by Defendant Kenco Logistics Services, LLC 17 has not been properly docketed. Plaintiff, who is pro se in this case, sent a courtesy copy to the Court and Clerk's Office by the briefing deadline, but due to inadvertent mistake, the brief was not entered on the case docket. To correct this mistake and serve the ends of justice, the Court will enter the brief on the case docket. Defendant Kenco Logistics Services, LLC has leave to file an amended reply brief by 3/2/2020, if necessary. Mailed notice. (ym, ) (Entered: 02/21/2020) |
| 02/21/2020 | 71 | REPLY by Defendant The Reed Group *in Support of its Motion to Dismiss Plaintiff's Complaint* (Attachments: # 1 Certificate of Service)(Matthis, Jordan) (Entered: 02/21/2020) |
| 02/21/2020 | 72 | REPLY by Defendant Hartford Life And Accident Insurance Company to Motion to Dismiss for Failure to State a Claim 50 , memorandum in support of motion, 51 , *Hartford Life And Accident Insurance Company's Reply in Support of its Motion to Dismiss Plaintiff's Complaint* (von Schleicher, W.) (Entered: 02/21/2020) |
| 02/25/2020 | 73 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant Hartford Life and Accident Insurance Company has timely filed their reply to the motion to dismiss 72 , their motion for an extension of time to file reply 67 is stricken as moot. Defendant Hartford Life and Accident Insurance Company is excused from the 2/26/2020 hearing. Mailed notice. (ym, ) (Entered: 02/25/2020) |
| 02/26/2020 | 74 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 2/26/2020. Counsel for defendant Dr. Koehler waives service and withdraws the motion to dismiss 64 . Dr. Koehler is to file a new motion by 3/18/2020. Plaintiff to file her response to Dr. Koehler's motion by 4/8/2020. Reply to be filed by 4/15/2020. Oral Argument set for 3/17/2020 is stricken and reset to 5/1/2020 at 1:30 PM. Plaintiff's motion for entry of default 61 is vacated. Mailed notice. (ym, ) (Entered: 02/26/2020) |
| 03/02/2020 | 75 | SUR-REPLY by Defendant Kenco Logistics Services, LLC to Response 69 *Defendant's Sur-Reply in Support of its Motion to Dismiss Plaintiff's Complaint with Prejudice and Request for Sanctions* (Attachments: # 1 Exhibit A)(Moran, Jody) (Entered: 03/02/2020) |
| 03/16/2020 | 76 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Dr Koehler (Calkins, Scott) (Entered: 03/16/2020) |

| | | |
|---|---|---|
| 03/16/2020 | 77 | MEMORANDUM by Dr Koehler in support of Motion to Dismiss for Failure to State a Claim 76 (Attachments: # 1 Exhibit McCurry v. Kenco Logistic Services, 2018 WL 10321877 (C.D., Il. 2018), # 2 Exhibit McCurry v. Kenco Logistic Services LLC, 2017 WL 11489793 (C.D. Il. 2017), # 3 Exhibit Sabet v. City of North Chicago, 2020 WL 532360 (N.D. Il. 2020), # 4 Exhibit Korda v. Sosner, 2009 WL 2568180 (S.D. Ny. 2009), # 5 Exhibit Dix v. Louisiana Health Services & Indemnity Co., 2013 WL 5350829 (M.D. La. 2013), # 6 Exhibit Lamkins v. Dress Barn, Inc., 2015 WL 3407372 (N.D. Il. 2015), # 7 Exhibit Maatman v. Lumbermens Mutual Casualty Company, 2010 WL 415384 (N.D. Il. 2010))(Calkins, Scott) (Entered: 03/16/2020) |
| 03/16/2020 | 78 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (td, ) (Entered: 03/18/2020) |
| 03/30/2020 | 80 | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket5, ) (Entered: 03/31/2020) |
| 03/31/2020 | 79 | MINUTE entry before the Honorable Sharon Johnson Coleman: Pursuant to the Northern District of Illinois' Second Amended General Order 20-0012 and given that the remaining motions to dismiss in this case have been fully briefed as of 2/21/2020, the Court extends the briefing schedule for Defendant Dr. Koehler's motion to dismiss. Plaintiff's response is due 4/22/2020 and Defendant's reply is due 4/29/2020. Oral Argument set for 5/1/2020 is stricken. A status is set for 5/4/2020 at 9:00 AM, during which the Court will set a new date for oral argument. Mailed notice. (ym, ) (Entered: 03/31/2020) |
| 04/22/2020 | 81 | RESPONSE by Hartford Life And Accident Insurance Company to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Dr Koehler 76 , *Hartford Life And Accident Insurance Company's Response to John Koehler, M.D.'s Motion to Dismiss the Complaint* (Attachments: # 1 Exhibit A)(von Schleicher, W.) (Entered: 04/22/2020) |
| 04/22/2020 | 82 | RESPONSE by Edith McCurry to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Dr Koehler 76 (Attachments) (nsf, ) (Envelope Time Stamped 4/22/20). Modified on 5/4/2020 (smm, ). (Entered: 04/23/2020) |
| 04/24/2020 | 84 | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket5, ) (Entered: 04/27/2020) |

| 04/27/2020 | 83 | MINUTE entry before the Honorable Sharon Johnson Coleman: Pursuant to the Third Amended General Order 20-0012, the 5/4/2020 status hearing is stricken and reset to 6/2/2020 at 9:00 AM. Mailed notice. (ym, ) (Entered: 04/27/2020) |
|---|---|---|
| 04/29/2020 | 85 | REPLY by Dr Koehler to response to motion 82 (Calkins, Scott) (Entered: 04/29/2020) |
| 05/19/2020 | 86 | ATTORNEY Appearance for Defendant Dr Koehler by Brittany Lynn Nelson (Nelson, Brittany) (Entered: 05/19/2020) |
| 05/26/2020 | 87 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing set for 6/2/2020 is stricken and reset to 7/1/2020 at 10:00 AM. Mailed notice. (ym, ) (Entered: 05/26/2020) |
| 05/26/2020 | 88 | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket6, ) (Entered: 05/26/2020) |
| 06/22/2020 | 89 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing set for 7/1/2020 is stricken and reset to 7/14/2020 at 10:00 AM. Mailed notice. (ym, ) (Entered: 06/22/2020) |
| 06/23/2020 | 90 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing set for 7/14/2020 at 10:00 AM is converted to a telephonic status hearing. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (877)336-1829 and the access code is 5205245. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 06/23/2020) |
| 07/08/2020 | 91 | MINUTE entry before the Honorable Sharon Johnson Coleman: The telephonic status hearing set for 7/14/2020 is stricken. The Court will contact the parties to discuss firm dates for oral arguments. Mailed notice. (ym, ) (Entered: 07/08/2020) |
| 07/09/2020 | 92 | MINUTE entry before the Honorable Sharon Johnson Coleman: Oral Arguments on the motions to dismiss 17 , 24 , 50 , 55 , 76 are set for 9/14/2020 at 1:30 PM. Mailed notice. (ym, ) (Entered: 07/09/2020) |
| 07/10/2020 | 93 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed |

| | | |
|---|---|---|
| | | by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk5, Docket) (Entered: 07/10/2020) |
| 09/11/2020 | 94 | MINUTE entry before the Honorable Sharon Johnson Coleman: Oral Argument set for 9/14/2020 at 1:30 PM will proceed via video conference. Members of the public and media will be able to call in to listen to this hearing. The call-in number is 571-353-2300, then enter 515676773. Counsel of record will receive an email invitation prior to the start of the video hearing with instructions to join the video conference. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 09/11/2020) |
| 09/14/2020 | 95 | MINUTE entry before the Honorable Sharon Johnson Coleman: Oral arguments held on 9/14/2020 by video conference as to defendants' motion to dismiss 17 , 24 , 50 , 55 76 . The Court shall take the motions under advisement. Mailed notice. (ym, ) (Entered: 09/14/2020) |
| 10/15/2020 | 96 | MEMORANDUM Opinion and Order: All of McCurry's state law claims against all defendants are dismissed with prejudice. All federal claims against Defendants Mars, Reed, and Dr. Kohler are dismissed with prejudice. The Section 1981 and Title VII claims against Hartford are dismissed with prejudice. The ERISA claim against Hartford is dismissed without prejudice. The federal claims against Kenco remain. Signed by the Honorable Sharon Johnson Coleman on 10/15/2020. Mailed notice. (ym, ) (Entered: 10/15/2020) |
| 10/29/2020 | 97 | ANSWER to Complaint *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* by Kenco Logistics Services, LLC(Moran, Jody) (Entered: 10/29/2020) |
| 10/29/2020 | 98 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephonic status hearing is set for 11/9/2020 at 9:15 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 10/29/2020) |
| 10/30/2020 | 99 | PLAINTIFF'S NOTICE by Edith McCurry to the court in regards to the defendant's opposition. (Exhibits) (rc, ) (Entered: 11/02/2020) |
| 11/09/2020 | 100 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephonic status hearing held on 11/9/2020. Fact discovery to be completed by 3/9/2021. Case is referred to Magistrate Judge Fuentes for discovery supervision and settlement. Telephonic status hearing is set for 3/9/2021 at 9:30 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against |

| | | |
|---|---|---|
| | | photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Counsel for defendant is to resend a copy of their answer and affirmative defenses to plaintiff at both her email and home address. Mailed notice. (ym, ) (Entered: 11/09/2020) |
| 11/09/2020 | 101 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Gabriel A. Fuentes for the purpose of holding proceedings related to: discovery supervision and settlement conference. Mailed notice. (ym, ) (Entered: 11/09/2020) |
| 11/10/2020 | 102 | MINUTE entry before the Honorable Gabriel A. Fuentes: This matter having been referred to the magistrate judge for discovery supervision and settlement (doc. # 101 ), the Court directs the parties to review the Court's Standing Order for Civil Cases Before Magistrate Judge Fuentes and the Top Ten Ways to Defeat Settlement, both available on the Court's website. A joint written status report is to be filed by noon on 2/15/21 for a report on discovery progress and settlement, and the district court having set a fact discovery cutoff of 3/9/21 (doc. # 100 ), that date stands. Mailed notice. (jj, ) (Entered: 11/10/2020) |
| 11/27/2020 | 103 | TRANSCRIPT OF PROCEEDINGS held on 9/14/2020 before the Honorable Sharon Johnson Coleman. Order Number: 39410. Court Reporter Contact Information: TRACEY D. McCULLOUGH, 312-435-5570, tracey_mccullough@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 12/18/2020. Redacted Transcript Deadline set for 12/28/2020. Release of Transcript Restriction set for 2/25/2021. (Mccullough, Tracey) (Entered: 11/27/2020) |
| 02/16/2021 | 104 | STATUS Report *JOINT STATUS REPORT* by Kenco Logistics Services, LLC (Moran, Jody) (Entered: 02/16/2021) |
| 02/17/2021 | 105 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court having reviewed the parties' status report (doc. # 104 ), and with no discovery extension requested, the 3/9/21 fact discovery cutoff stands and will mark the close of all discovery, as no expert discovery is anticipated here. A joint written status report on discovery closure and settlement status is ordered by noon 3/12/21. Mailed notice. (jj, ) (Entered: 02/17/2021) |
| 03/05/2021 | 106 | MOTION by Defendant Kenco Logistics Services, LLC for extension of time to complete discovery *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S MOTION TO EXTEND FACT DISCOVERY* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moran, Jody) (Entered: 03/05/2021) |
| 03/07/2021 | 109 | RESPONSE by Plaintiff Edith McCurry to the Hartford's motion for extension of time. (Exhibits) (ec, ) (Entered: 03/08/2021) |

| 03/07/2021 | 110 | RESPONSE by Plaintiff Edith McCurry to the Kenco's motion for extension of time. (Exhibits) (ec, ) (Entered: 03/08/2021) |
|---|---|---|
| 03/08/2021 | 107 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' motion to extend fact discovery to 4/8/21 (doc. #106) is granted in view of the pendency of the subpoena on the Hartford. A joint written status report on the conclusion of fact discovery is due by noon on 4/12/21. Mailed notice (lp, ) (Entered: 03/08/2021) |
| 03/08/2021 | 108 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing set for 3/9/2021 is stricken and reset to 4/28/2021 at 10:15 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 03/08/2021) |
| 03/08/2021 | 111 | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of plaintiff's response (doc. # 110 ) to defendant's already-granted motion to extend the discovery cutoff, the Court notes that plaintiff has asked for a slightly greater amount of additional time to review the Hartford documents, and the Court is agreeable to this request. Accordingly, fact discovery is extended further to 4/22/21 (doc. # 106 ) is granted in view of the pendency of the subpoena on the Hartford. A joint written status report on the conclusion of fact discovery is due by noon on 4/26/21, and the 4/21/21 status report is vacated. The Court notes that the next status hearing set by Judge Coleman in this matter is on 4/28/21. Mailed notice (lp, ) (Entered: 03/08/2021) |
| 03/12/2021 | 112 | MOTION by Defendant Kenco Logistics Services, LLC to strike *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL ON HER ERISA CLAIM* (Moran, Jody) (Entered: 03/12/2021) |
| 03/12/2021 | 113 | MEMORANDUM by Kenco Logistics Services, LLC in support of motion to strike 112 *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL ON HER ERISA CLAIM* (Moran, Jody) (Entered: 03/12/2021) |
| 03/15/2021 | 114 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff to file a response to defendant Kenco Logistics Services, LLC's motion to strike plaintiff's demand for jury trial on her ERISA claim 112 by 4/12/2021. Defendant's reply to be filed by 4/26/2021. Once the matter is fully briefed, the Court shall take it under advisement. Mailed notice. (ym, ) (Entered: 03/15/2021) |

| | | |
|---|---|---|
| 03/19/2021 | 115 | MOTION by Defendant Kenco Logistics Services, LLC for leave to file *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* (Attachments: # 1 Exhibit A)(Moran, Jody) (Entered: 03/19/2021) |
| 03/24/2021 | 116 | MOTION by Plaintiff Edith McCurry to compel discovery from defendant and to deem facts as admitted. (Exhibits) (ec, ) (Entered: 03/24/2021) |
| 03/25/2021 | 117 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's motion to compel and to have Rule 36 requests deemed admitted (doc. # 116 ) is denied without prejudice for failure to comply with Local Rule 37.2, which requires a statement that after consultation "in person or by telephone" and therefore not merely through exchanges of letters, emails, or other written communications in a good-faith attempt to resolve differences, the parties either could not reach an accord, or efforts to engage in such consultation were unsuccessful, in this case due to no fault of plaintiff's. In instances in which the consultation occurred, the rule requires the statement to recite the date, time, and place of the conference, and the names of all parties who participated. In instances in which the consultation did not occur, the rule requires the statement to recite the efforts made by counsel (or in this case the plaintiff) to engage in consultation. Plaintiff's motion currently contains no such statement. Mailed notice. (jj, ) (Entered: 03/25/2021) |
| 03/30/2021 | 118 | MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment of defendant's motion for leave to amend its answer and affirmative defenses 115 is set for 3/31/2021 at 10:45 AM by telephone conference. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 03/30/2021) |
| 03/31/2021 | 119 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone motion hearing held on 3/31/2021. Brief oral argument held. Over the objections of plaintiff, the Court grants defendant's motion for leave to amend its answer and affirmative defenses 115 . Counsel for defendant is to electronically file the amended answer and affirmative defenses as a separate entry on the case docket. Telephone status hearing set for 4/28/2021 at 10:15 AM to stand. Mailed notice. (ym, ) (Entered: 03/31/2021) |
| 04/01/2021 | 120 | ANSWER to Complaint *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF EDITH MCCURRY'S COMPLAINT* by Kenco Logistics Services, LLC(Moran, Jody) (Entered: 04/01/2021) |
| 04/05/2021 | 121 | ATTORNEY Appearance for Defendant Kenco Logistics Services, LLC by John Casey Leech *APPEARANCE* (Leech, John) (Entered: 04/05/2021) |

| 04/12/2021 | 122 | RESPONSE by Plaintiff Edith McCurry in opposition to defendant's motion to strike jury demand. (ec, ) (Entered: 04/13/2021) |
|---|---|---|
| 04/21/2021 | 123 | MOTION by Plaintiff Edith McCurry for extension of time for fact discovery. (ec, ) (Entered: 04/21/2021) |
| 04/21/2021 | 124 | MOTION by Plaintiff Edith McCurry to compel discovery from defendant and to deem facts as admitted. (Exhibits) (ec, ) (Entered: 04/21/2021) |
| 04/21/2021 | 125 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court is setting a telephonic hearing for plaintiff's motions for extension of time (doc. # 123 ) and to compel discovery (doc. # 124 ) for 1:00 p.m. on 4/23/21. The parties should be prepared to present argument on both motions on that date, and plaintiff should be prepared to state the length of the extension she is seeking, because the extension motion does not so state. The discovery cutoff is currently set at 4/22/21, and the decision on whether and/or how long to extend it will be made at the hearing. The call-in number is (888) 684-8852 and the access code is 2006804. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (jj, ) (Entered: 04/21/2021) |
| 04/22/2021 | 126 | RESPONSE by Kenco Logistics Services, LLCin Opposition to MOTION by Plaintiff Edith McCurry to compel 124 *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL* (Moran, Jody) (Entered: 04/22/2021) |
| 04/22/2021 | 127 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has received defendant's response (doc. # 126 ) to plaintiff's motion to compel (doc. # 124 ). The unsolicited response is appreciated, but no further briefing on the motion or the pending extension motion (doc. # 123 ) is permitted at this time, as the Court has set a 4/23/21 motion hearing at which it said it would hear oral argument on both motions. The Court's understanding is that plaintiff may not have an email address on file with the Clerk's Office at this time. Accordingly, the court staff confirmed by telephone with plaintiff the hearing time and date, and defendant is directed to cause a copy of defendant's response to be delivered by messenger service to plaintiff's last known address in advance of the hearing. The question of service and email addresses on file will be discussed further at the motion hearing. Mailed notice. (jj, ) (Entered: 04/22/2021) |
| 04/23/2021 | 128 | REPLY by Defendant Kenco Logistics Services, LLC to motion to strike 112 *Defendant Kenco Logistic Services, LLC's Reply Memorandum In Support Of Motion Its Motion to Strike Plaintiff's Demand For Jury Trial On Her Erisa Claim* (Moran, Jody) (Entered: 04/23/2021) |
| 04/23/2021 | 129 | MINUTE entry before the Honorable Gabriel A. Fuentes: Telephonic hearing held on plaintiff's motion to compel discovery from defendant Kenco (doc. # 124 ). For the reasons stated on the record, plaintiff's motion is partially granted and partially denied. As to documents requests, the motion is denied as to Request Nos. 5, 8, 14, 15, 21, 25-33, 35, 37-39, 40-42, 45-54, 57-62, 64-67, 69-70, and 76; and partially granted as to 22 (to the extent such documents |

| | | |
|---|---|---|
| | | relate to plaintiff or her disability benefits claims and have not yet been produced already), 34 (same), 55 (same). As to Request No. 71, the motion is granted (to the extent responsive documents have not yet been produced already). As to requests for admission, the motion to deem all of the specified requests admitted is denied in full, and to the extent the motion sought to compel supplemental responses, the motion is denied as to Request Nos. 2, 3, 7, 10, 11, 13-15, 18, 20, 24-31, 33, 37, 38-39, 41, 45-47, 49-50, 53, and 54; and granted as to Request Nos. 19 (defendant Kenco is ordered to consider the request further and supplement its response accordingly), 42 (with the request modified to delete the words "and period end"), and 55 (defendant Kenco is ordered to respond to this request). As to the interrogatories, the motion to compel supplemental responses to Interrogatory Nos. 13 and 25 is denied. Plaintiff's request for Rule 37 sanctions is denied for the reasons stated on the record. All supplemental discovery required by this order is to be served on plaintiff by the close of business on 5/7/21. Where defendant asserts that no further responsive documents are possessed by Kenco other than those already produced, counsel shall so certify by serving on plaintiff an unsworn certificate of compliance stating that no further responsive documents are known to be in defendant's possession after a reasonable search. The Clerk of the Court is directed to mail this order to plaintiff at her last known address. Mailed notice. (jj, ) (Entered: 04/23/2021) |
| 04/23/2021 | 130 | MINUTE entry before the Honorable Gabriel A. Fuentes: Telephonic hearing held on plaintiff's motion for an extension of the fact discovery cutoff (doc. # 123 ). The motion is granted with the limitations set forth in this order. Plaintiff stated that her request for extension is for 60 days (the previous cutoff was on 4/22/21), and defendant did not object to the request so long as the discovery to be obtained or sought during the extension period be limited to (1) follow-up on subpoenas plaintiff already has served; and (2) follow-up from the supplemental discovery to be served on plaintiff on 5/7/21. The Court's grant of the extension motion incorporates those two foregoing limitations and also excludes any new written discovery requests absent leave of court. Any motions to compel discovery must be filed by no later than 5:00 p.m. on 6/4/21 absent leave of court. A joint written status report on the anticipated close of discovery is to be filed by no later than noon on 6/18/21. The fact discovery cutoff is therefore extended to 6/23/21. Further, upon hearing from plaintiff that she has an email address but has an intermittent ability to connect to the internet to send and receive email, the Court directed plaintiff to contact the Clerk of the Court to register her email address on the CM-ECF electronic docketing system and to connect to the internet one to two times a week to keep up with the progress of her case by checking her email account for CM-ECF notifications. The Clerk of the Court is directed to mail this order to plaintiff at her last known address. Mailed notice. (jj, ) (Entered: 04/23/2021) |
| 04/23/2021 | | MAILED Minute Orders dated 4/23/21 (doc. #'s 129 , 130 ) and Appearance Form For Pro Se Litigants to Pro Se Plaintiff Edith McCurry. (jj, ) (Entered: 04/23/2021) |
| 04/26/2021 | 131 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing set for 4/28/2021 is stricken and reset to 7/7/2021 at 9:30 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons |

| | | granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ym, ) (Entered: 04/26/2021) |
|---|---|---|
| 06/07/2021 | 132 | MOTION by Plaintiff Edith McCurry to compel discovery from defendant and sanctions. (Exhibits) (ec, ) (Entered: 06/07/2021) |
| 06/08/2021 | 133 | MINUTE entry before the Honorable Gabriel A. Fuentes: On plaintiff's motion to compel (doc. # 132 ), the Court has reviewed the motion and denies it without prejudice for failure to comply with Local Rule 37.2. Local Rule 37.2 provides that the Court shall refuse to hear a motion that does not contain the requisite certification of compliance, namely that "a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel. Here, the motion appears to state that email and telephonic discussions occurred, but as the rule provides, the statement about consultation (in person or by telephone) must "recite, in addition, the date, time, and place of such conference, and the names of all parties participating therein." The motion fails to do so. The Court is requiring strict compliance with Local Rule 37.2 in this matter going forward. Also, the parties are encouraged to discuss, at any Local Rule 37.2 conference, plaintiff's characterizations of the conduct of defense counsel and defendants in the case, including the allegations that defendants have been "corrupt." Language of that force will be explored at any subsequent motion hearing, and the party making such allegations will be required to back them up. Mailed notice. (jj, ) (Entered: 06/08/2021) |
| 06/17/2021 | 134 | ORDER: The Court grants defendant Kenco Logistics Services' ("Kenco") motion to strike pro se plaintiff Edith McCurry's demand for a jury trial on her claims brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. 112 . Signed by the Honorable Sharon Johnson Coleman on 6/17/2021. Mailed notice. (ym, ) (Entered: 06/17/2021) |
| 06/17/2021 | 135 | MINUTE entry before the Honorable Gabriel A. Fuentes: The status report due date of 6/18/21 is vacated and reset to noon on 6/21/21. Mailed notice. (jj, ) (Entered: 06/17/2021) |
| 06/21/2021 | 136 | STATUS Report *DEFENDANT'S STATUS REPORT* by Kenco Logistics Services, LLC (Moran, Jody) (Entered: 06/21/2021) |
| 06/21/2021 | 137 | MOTION by Plaintiff Edith McCurry to compel discovery from defendant and sanctions. (Exhibits) (ec, ) (Entered: 06/21/2021) |
| 06/21/2021 | 138 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's motion to compel and for sanctions (doc. # 137 ) is denied without prejudice. Plaintiff has again failed to comply with Local Rule 37.2, stating only that she "telephon[ed] Defendant's counsel on several occasions including May 21, 2021, and as recent as June 17, 2021 to discuss the outstanding discovery issues." Defense counsel represents that it received a single voicemail message from plaintiff on 6/21/21, upon defense counsel's return to the office from the Juneteenth holiday (doc. # 136 ). Defense counsel stated that the message was left on 6/17/21. Leaving a |

| | | voicemail message for counsel on a Thursday and then filing the motion on the Monday (plaintiff filed her motion on 6/21/21) after a holiday weekend is an insufficient effort to comply with Local Rule 37.2, and defense counsel represents that "Kenco's counsel and McCurry will discuss available dates for them to meet and confer regarding any discovery which McCurry believes is outstanding" (id.). In this posture, the parties need to complete their discussion before the Court will decide the motion to compel. They are ordered to do so by 5:00 p.m. on 6/25/21. In the meantime, fact discovery will close on 6/23/21 as scheduled, although if plaintiff refiles more motion to compel in compliance with Local Rule 37.2, the Court will allow a reasonable additional time for completion of discovery in the event the Court grants plaintiff any relief on such a motion. Mailed notice. (jj, ) (Entered: 06/21/2021) |
|---|---|---|
| 06/23/2021 | 139 | MOTION by Plaintiff Edith McCurry for extension of time. (Exhibits) (ec, ) Modified on 6/23/2021 (ec, ). (Entered: 06/23/2021) |
| 06/23/2021 | 140 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's motion for extension of time (doc. # 39 ) is denied without prejudice. Plaintiff is requested to review the Court's previous order (doc. # 38 ). Plaintiff has been directed to meet and confer with defense counsel before renewing her motion to compel, and if the motion to compel is renewed, the Court will allow reasonable additional time for completion of any additional discovery that the Court permits. In the meantime, the motion for an extension of time is premature. Discovery closes today, but as the Court said, it will consider plaintiff's expressed need for additional time upon resolution of the discovery dispute which plaintiff has been directed to discuss with defense counsel. Mailed notice. (jj, ) (Entered: 06/23/2021) |
| 06/30/2021 | 141 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing set for 7/6/2021 is stricken and reset to 7/9/2021 at 9:15 AM. The call-in number is (877)336-1829 and the access code is 5205245. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The parties are to file a joint status report in the format described on the court's website at www.ilnd.uscourts.gov by July 6, 2021. Mailed notice. (ym, ) (Entered: 06/30/2021) |
| 07/01/2021 | 142 | MOTION by Plaintiff Edith McCurry to renew her June 21,2021 motion to compel discovery from defendant and sanctions. (Exhibits) (ec, ) (Entered: 07/02/2021) |
| 07/06/2021 | 143 | STATUS Report by Kenco Logistics Services, LLC (Moran, Jody) (Entered: 07/06/2021) |

| | | |
|---|---|---|
| 07/07/2021 | 144 | MINUTE entry before the Honorable Gabriel A. Fuentes: On Plaintiff Edith McCurry's renewed motion to compel discovery from defendant and for sanctions (doc. # 142 ), Defendant Kenco Logistics Services, LLC is granted until noon on 7/14/21 to file a response. At this time, no further briefing is permitted, and no motion hearing is scheduled. Mailed notice. (jj, ) (Entered: 07/07/2021) |
| 07/09/2021 | 145 | MINUTE entry before the Honorable Sharon Johnson Coleman: Telephone status hearing held on 7/9/2021. Counsel for defendant reports that fact discovery closed on 6/23/2021. Plaintiff has filed a motion to compel, which is pending before Magistrate Judge Fuentes. Judge Fuentes has given defendant until noon of 7/14/2021 to file a response to the motion to compel. An in-person status hearing is set for 9/7/2021 at 10:30 AM. Mailed notice. (ym, ) (Entered: 07/09/2021) |
| 07/09/2021 | 146 | RESPONSE by Plaintiff Edith McCurry to defendant's Joint Status Report. (ec, ) (Entered: 07/12/2021) |
| 07/13/2021 | 147 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff is granted until noon on 7/19/21 to file a reply in support of her motion to renew her motion to compel (doc. # 142 ). Mailed notice. (jj, ) (Entered: 07/13/2021) |
| 07/14/2021 | 148 | RESPONSE by Kenco Logistics Services, LLCin Opposition to MOTION by Plaintiff Edith McCurry to compel 142 *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL* (Attachments: # 1 Exhibit Exhibits A-D)(Moran, Jody) (Entered: 07/14/2021) |
| 07/19/2021 | 149 | REBUTTAL by Edith McCurry to Defendant's response to Plaintiff's motion to compel. (Exhibits) (ec, ) (Entered: 07/19/2021) |
| 07/20/2021 | 150 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's renewed motion to compel and for sanctions (doc. # 142 ) is denied. Plaintiff's motion to compel is an outgrowth of a motion she filed on 6/7/21, three days after the Court-imposed deadline for motions to compel discovery, but the Court is granting her leave to file that motion and her renewed motion to compel. The earlier motion(s) to compel filed in June 2021 were denied without prejudice, but the instant renewed motion to compel (doc. # 142 ) is denied with prejudice. Plaintiff has not set forth any reason why defendant's certificate of compliance (doc. # 148 -1) as to the completeness of its document production, thus including the representation that defendants conducted a reasonable search for additional responsive documents (including the "policy" document that plaintiff believes is being withheld and seeks to compel) and have no additional documents to produce. Plaintiff's various arguments that the certificate of compliance is unsupported or conclusory, that the declarant has no personal knowledge, that courts in different cases have said that various contracts of insurance are not "the plan," that defendant produced certificates of insurance, that defendant has produced multiple versions of the plan document itself, or that defendant must have another "policy" document because it has represented that if such a document exists or existed, defendant does not have it, all fail to carry the day on plaintiff's effort to compel defendant to produce something that defendant has affirmed it cannot produce and does not possess. Plaintiff's request for sanctions is further denied as meritless. Plaintiff has offered no |

|  |  | support for her allegations that defendant has intentionally withheld one or more documents that, according to defendant, do not exist or are not in defendant's possession. There is no basis for plaintiff's wild allegations that defendant is "willfully acting in bad faith and in contempt" of court orders. Defendant's opposition to the motion to compel was substantially justified. Discovery, which closed entirely on 6/23/21, therefore remains closed. Kenco having reported that it has no interest in a settlement conference with the magistrate judge (and it takes both parties to express an interest in order for a settlement conference to take place) (doc. # 136 ), the magistrate judge hereby terminates the referral. Mailed notice. (jj, ) (Entered: 07/20/2021) |
|---|---|---|
| 09/01/2021 | 151 | MOTION by Plaintiff Edith McCurry for sanctions. (Exhibits) (daj, ) (Entered: 09/01/2021) |
| 09/01/2021 | 152 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant's response to plaintiff's motion for sanctions 151 is due on or before 9/22/2021. No reply necessary. Telephone status hearing set for 9/7/2021 is stricken. Because discovery is completed and the Magistrate Judge has closed out the discovery referral, the Court sets the dispositive motion deadline as follows - opening briefs are due by October 25, 2021, response briefs are due by November 15,2021, and reply briefs are due by December 6, 2021. Once the motion(s) are fully briefed, the Court shall take them under advisement. Mailed notice. (ym, ) (Entered: 09/01/2021) |
| 09/07/2021 | 153 | MOTION by Attorney Jody Wilner Moran to withdraw as attorney for Kenco Logistics Services, LLC. No party information provided (Argentieri, Julia) (Entered: 09/07/2021) |
| 09/08/2021 | 154 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant Kenco Logistics Services, LLC's motion to withdraw the appearance of attorney Jody Wilner Moran 153 is granted. Attorney Jody Wilner Moran terminated. Mailed notice. (ym, ) (Entered: 09/08/2021) |
| 09/22/2021 | 155 | RESPONSE by Kenco Logistics Services, LLCin Opposition to MOTION by Plaintiff Edith McCurry for sanctions 151 *DEFENDANT KENCO LOGISTIC SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS* (Attachments: # 1 Exhibit Ex. A-G to Response)(Argentieri, Julia) (Entered: 09/22/2021) |
| 10/18/2021 | 156 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court has carefully reviewed the record and Judge Fuentes' numerous rulings. The Court, in its discretion, denies pro se plaintiff's motion for sanctions for the same reasons Judge Fuentes denied her earlier motions for sanctions. 151 Discovery has closed and the summary judgment motion deadline has been set for 10/25/21. At this point, the best course of action is for the parties to focus on the summary judgment filings instead rehashing old discovery disputes. The Court will not entertain any further motions for sanctions. Mailed notice. (ym, ) (Entered: 10/18/2021) |
| 10/25/2021 | 157 | MOTION by Defendant Kenco Logistics Services, LLC for summary judgment *DEFENDANT'S MOTION FOR SUMMARY JUDGMENT* (Argentieri, Julia) (Entered: 10/25/2021) |

| 10/25/2021 | 158 | KENCO'S STATEMENT OF UNDISPUTED MATERIAL FACTS STATEMENT by Kenco Logistics Services, LLC *DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT* (Attachments: # 1 Exhibit Exhibit 1 & 2)(Argentieri, Julia) (Entered: 10/25/2021) |
|---|---|---|
| 10/25/2021 | 159 | MEMORANDUM by Kenco Logistics Services, LLC in support of motion for summary judgment 157 *DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT* (Argentieri, Julia) (Entered: 10/25/2021) |
| 10/26/2021 | 160 | MOTION by Plaintiff Edith McCurry for extension of time (exr, ) (Entered: 10/26/2021) |
| 10/26/2021 | 161 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendant must serve a Northern District of Illinois Local Rule 56.2 Notice to pro se plaintiff, and file the notice with the Court. Although pro se plaintiff's response to defendant's motion for summary judgment is not due until 11/15/21, she has filed a motion for an extension of time to file her response due to Covid-19 restrictions. The Court grants plaintiff's motion and extends her deadline to 11/29/21 160 . Defendants' reply is due on or before 12/17/21. No further extensions allowed. Mailed notice. (ym, ) (Entered: 10/26/2021) |
| 10/27/2021 | 162 | Local Rule 56.2 Notice to Pro Se Plaintiff by Kenco Logistics Services, LLC *NOTICE TO UNREPRESENTED LITIGANTS OPPOSING SUMMARY JUDGMENT* (Argentieri, Julia) (Entered: 10/27/2021) |
| 11/29/2021 | 165 | RESPONSE by Plaintiff Edith McCurry to defendant's motion for summary judgment (Exhibits) (exr, ) (Entered: 12/01/2021) |
| 11/29/2021 | 166 | RESPONSE by Plaintiff Edith McCurry in opposition to defendant Kenco's statement of undisputed material facts in support of its motion for summary judgment (Exhibits) (exr, ) (Entered: 12/01/2021) |
| 11/30/2021 | 163 | MOTION by Plaintiff Edith McCurry to file response brief in excess of 15 pages (exr, ) (Entered: 11/30/2021) |
| 11/30/2021 | 164 | MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff's motion to file response brief in excess of 15 pages 163 is granted. Mailed notice. (ym, ) (Entered: 11/30/2021) |
| 12/17/2021 | 167 | RESPONSE by Kenco Logistics Services, LLCin Support of MOTION by Defendant Kenco Logistics Services, LLC for summary judgment *DEFENDANT'S MOTION FOR SUMMARY JUDGMENT* 157 *DEFENDANT KENCO'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT* (Attachments: # 1 Exhibit Exhibits A-C)(Argentieri, Julia) (Entered: 12/17/2021) |
| 01/21/2022 | 168 | MEMORANDUM Opinion and Order: The Court grants defendant's summary judgment motion 157 . Civil case terminated. Signed by the Honorable Sharon Johnson Coleman on 1/21/2022. Mailed notice. (ym, ) (Entered: 01/21/2022) |
| 01/21/2022 | 169 | ENTERED JUDGMENT. Mailed notice. (ym, ) (Entered: 01/21/2022) |

| 02/19/2022 | 170 | NOTICE of appeal by Edith McCurry regarding orders 169 , 168 (exr, ) (Entered: 02/22/2022) |
| --- | --- | --- |
| 02/22/2022 | 171 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 170 (exr, ) (Entered: 02/22/2022) |