## U. S. SEVENTH CIRCUIT COURT OF APPEALS

### CASE NO: 22-1273

U.S.C.A. – 7th Circuit
RECEIVED

APR 0 6 2022 LCP

**Edith McCurry**

**PLAINTIFF-APPELLANT,**

**V.**

**Kenco Logistic Services, LLC
DEFENDANT-APPELLEE**

On Appeal for Review from the
United States District Court for the
Northern District Court Case No. 19 CV 04067
Honorable Sharon Johnson-Coleman

APPELLANT'S OPENING BRIEF AND REQUIRED APPENDIX

**Edith McCurry**

Pro Se
EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

# APPELLANT OPENING BRIEF
## TABLE OF CONTENTS

TABLE OF AUTHORITIES                                          pg. 3

JURISDICTIONAL STATEMENT                                     pg. 6

STATEMENT OF THE ISSUE                                       pg. 6

SUMMARY OF THE CASE                                          pg. 6

SUMMARY OF THE ARGUMENT                                      pg. 8

STANDARD OF REVIEW                                           pg. 8

ARGUMENT                                                     pg. 9


I.       THE JUDGE ERRED IN GRANTING SUMMARY JUDGEMENT FOR APPELLEE

         ON THE GROUND THAT THE HARTFORD, NOT APPELLEE, MADE ALL THE

         DECISIONS RELATED TO APPELLANT'S DISABILITY BENEFITS.      pg. 9


II.      THE JUDGE ERRED WHEN SHE DID NOT CONSIDER APPELLANT'S

         EVIDENCE AND WITH ALL REASONABLE INFERENCES DRAWN IN FAVOR

         OF THE NONMOVANT AND ALL FACTUAL DISPUTES RESOLVED  IN

         FAVOR OF THE NONMOVANT                                     pg. 19


III.     THE JUDGE ERRED WHEN SHE DID NOT VIEW THE EVIDENCE OF PRETEXT

         IN THE LIGHT MOST FAVORABLE TO APPELLANT                   pg. 26

IV.    THE JUDGE ERRED WHEN SHE WEIGHED EVIDENCE AND MADE

       CREDIBILITY DETERMINATIONS                                    pg. 30


V.     THE JUDGE ERRED  WHEN SHE DID NOT TAKE JUDICIAL NOTICE OF THE

       ALJ'S AND ARB'S HOLDINGS AND FINDINGS IN THE MCCURRY vs. KENCO

       ARB-2021 -0009 OALJ Case No.: 2019-FDA-00015 THAT HAVE THE SAME

       COMMON CORE OR NUCLEUS OF FACTS                               pg. 31


VI.    THE JUDGE ERRED  WHEN SHE DID NOT CONSIDER APPELLEE'S JUDICIAL

       ADMISSIONS IN THE MCCURRY vs. KENCO ARB-2021 -0009  OALJ Case No.:

       2019-FDA-00015                                                pg. 32


VII.   THE JUDGE ERRED WHEN SHE DID NOT ESTOPP APPELLEE          pg. 38

VIII.  RULE 11 VIOLATIONS                                         pg. 40

CONCLUSION                                                        pg. 40

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32 (a)(7)           pg. 41

PROOF OF SERVICE                                                  pg. 42

CIRCUIT RULE 30 (d) STATEMENT                                     pg. 43

ATTACHED REQUIRED SHORT APPENDIX                                  pg. 44

TABLE OF AUTHORITIES

1. *ABF Freight System, Inc. v. N.L.R.B.,* 510 U.S. 317, 323 (1994) ................…… pgs. 37 & 41

2. *BITLER INV. VENTURE v. MARATHON ASHLAND PETROLEUM,* 779 F. Supp. 2d 858 (N.D. Ind. 2011) ..............…................................................……………. pgs. 16 & 27

3. *Bryson* v. United States, 396 U. S. 64 (1969) .......................………………….. pg. 37

4. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 505 n.5 (7th Cir. 2004) ……….. pgs. 16 & 27

5. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) …...............…………. pg. 39

6. *Chaveriat v. Williams Pipe Line Co.,*11 F.3d 1420, 1428 (7th Cir. 1993) ...…..……. pg. 39

7. *Crawford V. Metro Gov't of Nashville and Davidson County, Tennessee,* 555 U.S. 271, 274n.129 S. Ct. 846, 172 L.Ed. 2d 650 (2009) ……...........… pgs. 10, 19, 20, 30, 31 & 34

8. *Dennis v. United States,* 384 U. S. 855 (1966) .......................………………. pg. 37

9. *Flaherty v. Gas Research Institute,* 31 F.3d 451 (7th Cir. 1994) ................ pgs. 7, 33 & 39

10. *Gates v. Bd. of Educ. of the City of Chicago,* 916 F.3d 631 (7th Cir. 2019) ………... pg. 9

11. *Glickstein v. United States,* 222 U. S. 139, 141-142 (1911) ………….................… pg. 37

12. *Greviskes v. Universities Research Ass'n,* 417 F.3d 752, 758-59 (7th Cir.2005) ….. pg. 28

13. *Hispanics United of DuPage v. Village of Addison,* 958 F. Supp. 1320 (N.D. Ill. 1997) …………….....................................................……………. pgs. 7, 33 & 39

14. *Hobgood v. Illinois Gaming Board*, 731 F.3d 635, 646 (7th Cir.2013) ……...…..… pg. 23

15. *Isquith v. Middle S. utils.,* 847 F.2d 186, 199 (5th Cir.), cert. denied, 488 U.S. 926 (1988) …………….....................................................……………. pgs. 28 & 30

16. *Kay v. United States,* 303 U. S. 1 (1938) …………….....................……………. pg. 37

17. *Knight-Celotex, LLC,* 695 F.3d 714, 721 (7th Cir. 2012) ..............…….………. pg. 39

18. *Kodish v. Oakbrook Terrace Fire Protection District* 604 F.3d 490, 502 (7th Cir.2010) ……….…………………………………………………………………………….………… pg. 26

19. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir.1996) ………...…… pg. 6

20. *Malen v. MTD Prods., Inc.,* 628 F.3d 296, 303 (7th Cir. 2010) ….….… pgs. 19, 20, 31 & 33

21. *Mills v. First Federal Savings & Loan Ass'n,* 83 F.3d 833, 846 (7th Cir.1996) ..….… pg. 23

22. *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2D 968 (2001) ……………………………………………………….…………. pgs. 29 & 39

23. *Patterson v. McLean Credit Union,* 491 U.S. 164, 218, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) ……………………………………………….……………………… pg. 26

24. *Payne,* 431 F.3d 1055, 1060 (7th Cir.2005) ………………………….…………… pg. 8

25. *Pegram v. Herdrich, 530 U.S. 211 (2000)* ………………………….………… pgs. 13 & 15

26. *Plair v. E. J. Brach & Sons, Inc.,* 105 F.3d 343, 349 (7th Cir.1997) ………………. pg. 23

27. *Pryor v. City of Chicago*, 726 F. Supp. 2d 939 (N.D. Ill. 2010) ..…………….…… pg. 29

28. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 140, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) ………………………….……………………… pgs. 23 & 29

29. *Secrease v. Western & Southern Life Ins. Co.,* 800 F.3d 397 (7th Cir. 2015) …………pg. 28

30. *Simpson v. Beaver Dam Community Hospitals, Inc.*, 780 F.3d 784 (7th Cir. 2015)…pg. 23

31. *Sinskey v Pharnacia Ophthalmics, Inc.,* 982 F.2d 494, 498 (Fed. Cir.1992) cert. dented, 113 S. Ct. 2346 (1993) ……………………………………….……………… pg. 27

32. *Sommerfield v. City of Chicago,* 613 F. Supp. 2d 1004 (N.D. Ill. 2009) ………...…… pg. 8

33. *Stewart v. McGinnis,* 5 F.3d 1031 (7th Cir.1993) ………...................……. pgs. 7, 33 & 39

34. *Stokes v. Board of Educ. of the City of Chicago,* 599 F.3d 617, 619 (7th Cir. 2010) ………. ……………………………………………………………… pgs. 19, 20, 31 & 34

35. *Sublett v. John Wiley & Sons, Inc.,* 463 F.3d 731, 736 (7th Cir.2006) .....………….. pg. 29

36. *United States v. Alvarez*, 132 S.Ct. 2537, 2540 (2012) ...............………………….. pg. 37

37. *United States v. Kapp,* 302 U. S. 214 (1937) …………….......................………….. pg. 37

38. *United States v. Knox,* 396 U. S. 77 (1969) ..........................................……….. pg. 37

39. *United States v. Mandujano,* 425 U. S. 564, 576-577 (1976) ...……........……….. pg. 37

40. *United States v. Norris,* 300 U. S. 564, 574 (1937) ...........................………….. pg.  37

41. *Visser v. Packer Eng'g Assoc.,* 924 F.2d 655, 659 (7th Cir.1991) ...…………….. pg. 29

42. *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir.1994).....................

.................................................................................................................pgs. 7, 33, & 39

43. *Wells v. Coker,* 707 F.3d 756, 760 (7th Cir. 2013) …......................………….. pg. 39

OTHER RELEVANT CASES:

*McCurry V. Kenco 16 Cv 2273; Appeal 18-3206* ......................................... pgs. 25, 26, 33 & 38

*Szplett V. Kenco 19 Cv 2500* …………………......................................………….. pg. 26

*McCurry V. Kenco*
    *ARB-2021 -0009 OALJ Case No.: 2019-FDA-00015*..................... pgs. 31, 32, 37, 38 & 39

STATUTES

Food Safety Modernization Act …………………………............................……….. pg. 31

OTHER AUTHORITIES

28 U.S.C. Section(s) 1291, 1331, 1343 (a) (3) 1367, 1391, 2201 & 2202  .........................…… pg. 6

29 USC 1132 …………….....………………………................................……….. pg. 6

42 USC Section(s) 1981, 1981(a), and 1988 ....................................................……….. pg. 6

42 USC 2000 e-(3) & (5) …………...........................................................……….. pg. 6

ERISA ………………………............................................................……….. pg. 6

Title VII ……………………...........................................................………….. pg. 6

**JURISDICTIONAL ISSUE**

Subject matter jurisdiction was properly exercised by the District Court under 28 U.S.C. Section(s) 1331, 1343 (a) (3) 1367, 1391, 2201 & 2202. This action arose under ERISA, Title VII, 42 USC Section(s) 1981, 1981(a), and 1988; 42 USC 2000 e-(3) & (5); 29 USC 1132; Plaintiff is a citizen of the State of Illinois and the Defendant is a corporation. The Court of Appeals has jurisdiction in this matter under 28 U.S.C. §1291. On January 21, 2022, a final order was entered granting Defendant's summary judgment. There are not any other claims remaining before the District Court. There are not any other motions or orders that have since been entered. There are not prior related appellate proceedings in this matter. There is not prior litigation in the district court that is being appealed. The notice of appeal was timely filed on February 19, 2022.

**STATEMENT OF THE ISSUE**

Whether the JUDGE erred in granting Summary Judgement for APPELLEE on APPELLANT'S properly supported claims on the ground that Hartford, not APPELLEE, have taken all actions related to APPELLANT's disability benefit.

**Summary of the case**

APPELLEE bore the initial burden of identifying the basis for seeking summary judgement. *See Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 979 (7th Cir.1996). APPELLEE only identified as its basis for Summary Judgement that the HARTFORD made all

APPELLANT'S properly supported material facts set forth were not properly controverted by APPELLEE and they are now deemed as admitted. *Hispanics United of DuPage v. Village of Addison*, 958 F. Supp. 1320 (N.D. Ill. 1997) citing *Flaherty v. Gas Research Institute*, 31 F.3d 451 at 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir.1994); *Stewart v. McGinnis,* 5 F.3d 1031 (7th Cir.1993).

**Uncontroverted Facts:**

APPELLANT points to the fact, that movant did not articulate, with any reference to the record and/or to the law, specific reasons why it believed that there was no genuine issue of material fact relative to the claims made regarding APPELLEE'S conduct. When in fact APPELLEE: 1) Payed APPELLANT disability benefits, as evidenced by APPELLEE'S business record of a W-2 it issued APPELLANT during the relevant time. (Dkt. # 165 pg. 16 ¶ 1 & pgs. 135-139) 2) Provided conflicting "Plans" relative to who administrated the plan, as evidenced by APPELLEE'S business records produced on May 24, 2021. (Dkt. # 165 pg. 16 ¶'s 2-4 & pg. 141) 3) Provided conflicting declarations and motions relative to the existence of the "Policy" to various tribunals, to which it swore and certified to the District that it did not have. (Dkt. # 165 pg. 9 ¶1; pg. 17 ¶'s 1& 2 & pgs. 62-76) 4) And, then swore to the Department of Labor that it did have it on the same day.   (Dkt. # 148) 5) the veracity of the APPELLEE'S declarant's conflicting declarations, as evidenced by Cathy Phillip's declarations 1, 2, & 3 (Dkt. # 165 pg. 12 ¶ 1), as well as, APPELLEE'S July 16, 2021 motion to the Department of Labor.  (Dkt. # 165 pg. 17 ¶ 1) 6) Engaged in the decision making process for employee benefits, including

of the decisions relative to APPELLANT.  APPELLEE'S Motion for Summary Judgement

disability, as evidenced APPELLEE'S communications with and from the HARTFORD

regarding employee benefits and its determination. (Dkt. # 165 pg. 15 §'s 2-4; pg. 18 ¶ 3; pgs.

134, 147, 148, & 157, as well as, APPELLEE'S claims analyst who engaged in the employee

benefit decision-making process for APPELLEE.

Further, in sum APPELLEE made a number of conclusory statements that the

HARTFORD made the decisions relative to taking all actions and determinations against

APPELLANT, without discharging themselves of their burden relative to their conduct, actions

and supporting evidence that evidences otherwise.  It is well established that unsupported

statements, whether in oral argument, *In re: Payne,* 431 F.3d 1055, 1060 (7th Cir.2005), or in

briefs do not count." *Sommerfield v. City of Chicago*, 613 F. Supp. 2d 1004 (N.D. Ill. 2009);

(Dkt. # 165 pg. 5 ¶'s 1 & 2)


## SUMMARY OF THE ARGUMENT

The JUDGE ERRED WHEN SHE DISMISSED APPELLANT'S CLAIMS ON THE

GROUND THAT THE HARTFORD, NOT APPELLEE, TOOK ALL ACTIONS RELATED

TO APPELLANT'S DISABILITY BENEFITS.


## STANDARD OF REVIEW

The Seventh Circuit review is *de novo* of the district court's grant of summary judgement.

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In

our review, we "constru[e] all facts, and draw[] all reasonable inferences from those facts, in

favor of the nonmoving party." *Gates v. Bd. of Educ. of the City of Chicago*, 916 F.3d 631 (7th Cir. 2019) at 636

## ARGUMENT

I.    THE JUDGE ERRED IN GRANTING SUMMARY JUDGEMENT FOR

APPELLEE ON THE GROUND THAT THE HARTFORD, NOT APPELLEE,

TOOK ALL ACTIONS RELATED TO APPELLANT'S DISABILITY BENEFITS.

A.    HARTFORD STATED THAT APPELLEE GATHERED INFORMATION FROM

APPELLANT'S PHYSICIAN IN SEPTEMBER OF 2018. (Dkt. # 165 pg. 7 § IV;  pg.

14 § X; pg. 17 ¶ 3; pg. 98 § b(v); pg. 99 § viii; pg. 117 (Exhibit J); pg. 126 ¶'s

52-56

This is in contradiction to APPELLEE'S contention that it had fully

discharged itself of any burdens of APPELLANT and; 2) That APPELLEE had

nothing to do with the Hartford in the administration of the disability benefits to

APPELLANT.

B.    DISABILITY PAYMENTS ISSUED TO APPELLANT WERE PAID BY APPELLEE AS

REFLECTED BY THE W2 ISSUED BY APPELLEE (Dkt. #165 pg. 12 § VIII; pg. 16

¶1; pg. 124 ¶' 32-36; pgs. 135-139- EXHIBIT O)

The W2 is in contradiction to APPELLEE'S assertion that it had fully

discharged itself of any burdens of APPELLANT and; 2) That APPELLEE had

nothing to do with the Hartford in the administration of the disability benefits to APPELLANT.

Further, APPELLANT'S date of disability began on January 5, 2015; to which, APPELLANT began receiving disability payments beginning on January 23, 2015, as evidenced by APPELLEE in its motion for Summary Judgement. Therefore, APPELLANT could not have earned the monies reported on the W2 issued by APPELLEE within the first two (2) days of the calendar year.

Per the summary judgement standard this issue should have been resolved in favour of APPELLANT; foreclosing summary judgement. *Crawford V. Metro Gov't of Nashville and Davidson County, Tennessee,* 555 U.S. 271, 274 n.129 S. Ct. 846, 172 L.Ed. 2d 650 (2009)

C. APPELLEE EVIDENCED IN 2017 THAT IT HAD UNFETTERED ACCESS TO APPELLANT'S DISABILITY PROFILE AND DETAILED TRANSACTIONAL CLAIMS HISTORY WELL BEYOND THE TIME IT ALLEGED IT HAD DISCHARGED ITSELF OF ANY BURDENS OF APPELLANT IN 2015 AND ENDED ITS BUSINESS RELATIONSHIP WITH THE HARTFORD. EXHIBIT V (Dkt. # 165 pg. 19: pg. 125 ¶ 36; pgs. 150-154 )

This type and level of access to such sensitive information is inaccessible for a non-fiduciary that is not exempt from HIPAA. This would include an employer or some other authorized entity; otherwise this would be in contravention to HIPAA. Therefore, without a doubt, it can easily be resolved that APPELLEE had an inherent interest and continued to be a fiduciary with a vested interest in the matter. Especially since APPELLEE has repeatedly made it

known that it had not employed APPELLANT since March of 2015; discharging them of any obligation to APPELLANT.

Further, upon closer examination and by admission of APPELLEE its business relationship ended with the Hartford in 2015. Contrarily, the information was generated in July of 2017 by APPELLEE in response to a discovery request. (Dkt. # 165-EXHIBIT V) Best practices suggest that after a business relationship has ended APPELLEE should not have been able to maintain access to Hartford's business records. Not withstanding the fact that at this time it is well over two (2) years after their business relationship ended in 2015 becomes telling. This does not seem reasonable or plausible, unless APPELLEE once again misrepresented a set of facts and or circumstances to intentionally and illicitly defeat APPELLANT'S claims of discrimination.

D. APPELLEE PRODUCED TWO (2) SEPARATE RELEVANT PLANS ON TWO (2) SEPARATE OCCASIONS THAT CONTRADICTED EACH OTHER IN REGARDS TO APPELLEE ADMINISTERING THE PLAN. (Dkt. #165 pg. 16 ¶'s 2& 4; pg. 128 ¶ 69; pg. 141 & Def. MSJ)

APPELLEE produced a plan on May 24, 2021, that was court ordered (DKT. # 129) to be produced by May 7, 2021, stating that APPELLEE was the administrator of the plan. This would entail making all decisions relative to the plan; including those pertaining to APPELLANT'S disability benefits. (Dkt. # 165 pg. 16 ¶'s 2 & 4; pg. 128 ¶ 69; pg. 141)

First, this production was in contradiction to APPELLEE'S May 7, 2021 certification to the court that it did not have any more documents to produce[1]. (Dkt. # 165 pg. 5 § 3 ¶ 2; pgs. 9 & 60- EXHIBIT D)  The May 24, 2021 Plan was in further contradiction, to the assertion that APPELLEE had conferred its authority to make decisions to the Hartford, as this plan did not contain any language to support that contention.    (Dkt. # 165 pg. 16 ¶'s 2 & 4 & pg. 141 Exhibit Q)

E.  APPELLEE OBTAINED INFORMATION FROM APPELLANT'S PHYSICIAN REGARDING HER MEDICAL CONDITIONS.    (Dkt. # 165 pg. 7 § IV; pg. 14 § X; pg. 17 ¶ 3; pg. 98 § b(v); pg. 99 § viii; pg. 117 (Exhibit J); pg. 126 ¶'s 52-56)

IT is only reasonable to resolve that APPELLEE, outside of the Hartford, would have been the only other interested party in APPELLANT'S medical disposition.  Further, the 2018 request directly implicated APPELLEE by naming them as the employer for whom this information was being sought. (Dkt. # 165 pg. 117 (Exhibit J))  Additionally, the Hartford denied requesting this information and stated that it was the employer seeking this information for claim purposes. (Dkt. # 165 pg. 7 § IV; pg. 14 § X; pg. 17 ¶ 3; pg. 98 § b(v); pg. 99 § viii; pg. 117 (Exhibit J); pg. 126 ¶'s 52-56)

---

[1] However, on May 24, 2021 APPELLEE produced additional documents including another Plan that contradicts its assertion that it had conveyed its authority to the Hartford to administer benefits.  Dkt. # 165 pg. 141.

F. APPELLEE DRAFTED THE DISABILITY PLANS THAT IT PRODUCED. (Dkt. # 165 pg. 16 ¶ 4 & pg. 108 ¶ 1)

It is a well-established fact according to the Department of Labour that employers are responsible for maintaining employee benefit plans. Further, it is well evidenced that APPELLEE maintained several versions of the "Plan." As was further evidenced by the May 24, 2021 court ordered "Plan" (Dkt. # 165 pg. 141 Exhibit Q) that was produced by APPELLEE that directly controverts its other plans that it produced; And is in direct contention to the assertion that it had conveyed its authority to the Hartford to make decisions relative to employee disability claims, including APPELLANT'S.

G. APPELLEE'S PLAN WAS A WRAPAROUND PLAN THAT REFERENCED AND CONTAINED DOCUMENTS FROM THE CONTROLLING DOCUMENT-THE POLICY. (Dkt. # 165 pg. 16 ¶ 4)

APPELLEE'S plan's further evidence the existence of the "Policy" from its excerpted documents from the "Policy" contained in some of the versions of APPELLEE'S Plans regarding disability benefits, as evidenced in APPELLEE'S Exhibits to its MSJ (Dkt.158) ; And in contrast, the lack of these documents incorporated into the "Plan" produced on May 24, 2021. Further, the plans prior to May 24, 2021 states that the "Policy" is incorporated into the Plan. Further, the courts have reasoned that the plan and the policy are not the same document. *Pegram v. Herdrich, 530 U.S. 211 (2000)*

H. In January of 2021, Appellee initially refused to produce the policy between Appellee and the Hartford. Appellee stated that it was not relevant to the issue(s) at hand in its initial response to Appellant's request for production #14.

    i.    Later Appellee Certified to the district court that it did not have the policy on May 7, 2021. (Dkt. # 165 pg. 5 § 3 ¶ 2; pgs. 9 & 60-Exhibit D)

    ii.    Then Appellee and its declarant swore to the department of labour on July 12 & 16 that it had the policy. (Dkt. # 165 pg. 5 § 3 ¶ 2; pg. 62-Exhibit E; pg. 79- 92; pg. 127 ¶ 64)

    iii.    On the same day, July 12, 2021 Appellee and its declarant again swore to the district that it did not have the policy. (Dkt. # 165 pg. 6 line 1; pg. 9 ¶ 1; pg. 93-Exhibit G)

I. Cathy Philips attested to this policy and made a number of citings from the policy at issue in contradiction to her declaration to the district court dated the same day July 12, 2021. (Dkt. #165 pg. 17 ¶'s 1 & 2; pg. 62-76, pg. 105 ¶ 2; pg. 106 ¶ 3) exhibits e, f, g pgs. 79-94) This is in violation of FRCP 56 and Rule 11.

J. the statements made by Phillips are about the same policy that is at issue relative to the same common core or nucleus of facts

SURROUNDING APPELLANT BEING RETALIATED AGAINST FOR ENGAGING IN

PROTECTED ACTIVITY.

K. THE POLICY IS THE CONTROLLING DOCUMENT OF THE PLAN. THE COURTS HAVE REASONED

THAT THE PLAN AND THE POLICY ARE NOT THE SAME DOCUMENT. *Pegram v. Herdrich,*

*530 U.S. 211 (2000)* (Dkt. #165 pg.16 ¶ 4, pg. 105 ¶ 3; pgs. 128-129 ¶'s 72-

76)

L. APPELLEE AND ITS LEGAL COUNSEL MADE INTENTIONAL MATERIAL

MISREPRESENTATIONS, ABOUT MATERIAL FACT(S) THAT STEM FROM THE SAME

COMMON CORE OR NUCLEUS OF FACTS, REGARDING THE EXISTENCE AND NON-

EXISTENCE OF THE "POLICY." THE "POLICY' THAT IS THE CONTROLLING

DOCUMENT OF THE PLAN THAT APPELLEE DRAFTED THAT WAS USED AS A

DETERMINATIVE AND SALIENT FACTOR IN GRANTING SUMMARY JUDGEMENT FOR

APPELLEE (RA-2). (DKT.#165 PG. 6 ¶ 1; PG. 12 § VIII; PG. 105 ¶ 3; PG. 128-129

¶'s 72-76)

M. BASED UPON APPELLEE'S s DECLARANT, CATHY PHILLIPS, INCONSISTENT

AND PATENTLY FALSE STATEMENTS BRINGS INTO QUESTION PHILLIPS'

COMPETENCY TO TESTIFY IN COMPLIANCE WITH FRCP 56. (DKT. #165 PG. 8 §VI,

PG. 11 ¶ 1; PG.12 ¶ 1, PG. 105)

      a. CATHY PHILLIPS' MADE TWO (2) OPPOSING DECLARATIONS ON THE

         SAME DAY JULY 12, 2021 REGARDING THE SAME CORE COMMON OR

         NUCLEUS OF FACTS REGARDING THE EXISTENCE AND NON-EXISTENCE

OF THE "POLICY" THAT IS THE CONTROLLING DOCUMENT OF THE PLAN.

b. CATHY PHILLIPS ALSO MADE A NUMBER OF OTHER PATENTLY FALSE AND MISLEADING STATEMENTS WITHIN HER DECLARATIONS AS IDENTIFIED IN APPELLANT'S RESPONSE TO APPELLEE'S MSJ. THESE STATEMENTS ARE IN CONTRAVENTION TO FRCP 56 AND RULE 11. (Dkt. #165 pg. 11 ¶ 1)

c. THEREFORE, CATHY PHILLIP'S DECLARATION IS INADMISSIBLE AND IN CONTRAVENTION TO FRCP 56 AND RULE 11. (DKT. #165 PG. 8 §VI, PG. 11 ¶ 1; PG.12 ¶ 1, PG. 105) *Bitler inv. Venture v. Marathon Ashland petroleum*, 779 F. SUPP. 2D 858 (N.D. IND. 2011); *SEE BUIE V. QUAD/GRAPHICS, INC.,* 366 F.3D 496, 505 N.5 (7TH CIR. 2004) (STATING THAT "[I]NTERNALLY CONTRADICTORY AFFIDAVITS ARE GENERALLY DISFAVOURED").

N. APPELLEE FAILED TO ADDRESS ANY OF THE FACTUALLY SUPPORTED ISSUES AND OCCURRENCES THAT WERE DIRECTLY ATTRIBUTABLE TO APPELLEE THAT CONTRADICTED APPELLEE'S ASSERTIONS THAT THE HARTFORD MADE ALL THE DECISIONS REGARDING APPELLANT'S DISABILITY BENEFITS. (DKT. #165 PG. 98 (b), PG. 109 ¶ 1; PG. 207 ¶ 3; & PG. 213 ¶ 2)

a. APPELLEE WAS SELF-INSURED FOR ITS EMPLOYEE BENEFITS. (DKT. #165 PG. 15 § 4; EXHIBIT M- PG. 123 ¶ 21; PG. 127 ¶ 59; PG 128 ¶ 74; PG. 148)

b. EVIDENCE OF SELF-INSURED WORKER'S COMPENSATION USING 3RD PARTY ADMINISTRATOR - DKT. #165 PG. 148- EXHIBIT T

c. EVIDENCE OF DECISION MAKER IN HEALTH INSURANCE USING 3RD PARTY ADMINISTRATOR -DKT. #165 PG. 198 EXHIBIT DD

O. APPELLEE ISSUED A W2[2] FOR BENEFITS PAID TO APPELLANT. (DKT. #165 PG. 124 ¶ 32-36 AND PG. 135-139) EXHIBIT M & O RESPECTIVELY

P. APPELLEE OBTAINED MEDICAL INFORMATION FROM APPELLANT'S PHYSICIAN IN 2018 WELL AFTER APPELLEE ALLEGED TO HAVE DISCHARGED ITSELF FULLY OF ALL OF IT BURDENS OF APPELLANT AND ENDED ITS BUSINESS RELATIONSHIP WITH THE HARTFORD. (DKT. #165 117; PG. 126 ¶'s 53-56; PG. 156 ¶ 2) EXHIBIT J & M

Q. THE INCONSISTENT AND OPPOSING ASSERTIONS REGARDING WHETHER OR NOT APPELLEE HAD THE "POLICY." APPELLEE FIRST SAID IT WAS NOT RELEVANT TO THE LITIGATION IN ITS PRODUCTION RESPONSE TO APPELLANT'S DISCOVERY REQUEST RESPONSE #14. THEN APPELLEE STATED THAT IT DID NOT HAVE THE POLICY TO THE DISTRICT COURT. BUT, LATER AND EVEN ON THE SAME DAY STATED TO THE DEPARTMENT OF LABOR THAT IT DID HAVE THE POLICY. (DKT. #165 PG. 17 ¶' 1 & 2; PG. 62-76; PG. 129 ¶'s 76-79) EXHIBIT E, F, G, M RESPECTIVELY

---

[2] APPELLEE produced this in discovery as an ordinary business record.

R. APPELLEE HAD CLAIMS ANALYSTS THAT THEY EMPLOYED WHO WERE INVOLVED IN THE CLAIMS PROCESS FOR EMPLOYEE BENEFITS THAT APPELLANT WORKED WITH ON OTHER EMPLOYEE CLAIMS OF DISABILITY AS AN ORDINARY PART OF HER JOB FUNCTION. (DKT. #165 PG. 9 ¶ 2; PG. 15 § 2; PG. 18 ¶ 1; PG. 119 -EXHIBIT L)

S. THE HARTFORD WEBSITE PORTAL FOR EMPLOYEE BENEFITS REVEALED THAT APPELLEE HAD ACCESS TO MANAGE AND OR PAY BILLS FROM THIS SITE. (DKT. #165 PG. 13 ¶ 2; PG. 15 ¶ 3 & PG. 140- EXHIBIT P)

T. THE HARTFORD WEBSITE CLEARLY STATES THAT IT OFFERED ADMINISTRATIVE SERVICES ONLY. THESE SERVICES ALLOWED THE INSURER TO BE THE FINAL DECISION MAKER. THEREFORE, BASED UPON THE FACT THAT APPELLEE REFUSED TO PRODUCE THE "POLICY" DESCRIBING THEIR BUSINESS RELATIONSHIP, IT CAN EASILY BE INFERRED AND REASONED THAT THE "POLICY" SUPPORTS THAT APPELLEE WAS THE FINAL DECISION MAKER AMONG OTHER TELLING DETAILS. (DKT. #165 PG. 15 § 3[3] 158- EXHIBIT Y)

U. APPELLEE PRODUCED TWO (2) PLANS ON TWO (2) SEPARATE OCCASIONS THAT CONTRADICTED EACH OTHER AND THEIR ASSERTION OF CONVEYING THEIR AUTHORITY TO THE HARTFORD. (DKT. #165 PG. 16 ¶'S 2-4; PG. 141)

THIS FURTHER EVIDENCES APPELLEE'S CONTROL OF THE NARRATIVE AND THEIR ABILITY TO "PENCIL WHIP" AND OR "CHANGE" DOCUMENTS AT WILL TO

---

[3] The correct correlating Exhibit is Exhibit Y pg. 158 and not Exhibit S

FIT THE CURRENT STATE OF LITIGATION TO OBTAIN ILLICIT VICTORIES THAT

CONTINUE TO ADVERSELY AFFECT APPELLANT AND OTHERS.

V. APPELLEE'S PLAN CONTAINED AN AT WILL REVOCATION CLAUSE TO ALTER ANY
AUTHORITY GIVEN. (DKT. #165 PG. 16 ¶3)

ONCE AGAIN, BASED UPON THE FACT THAT APPELLEE REFUSED TO PRODUCE

THE "POLICY" THAT ALSO DESCRIBES THE TERMS AND CONDITIONS OF THEIR

BUSINESS RELATIONSHIP, IT CAN EASILY BE INFERRED AND REASONED THAT

THE "POLICY" SUPPORTS THAT APPELLEE WAS THE DECISION MAKER AND

PARTICIPATED IN THE ADMINISTRATION OF DISABILITY BENEFITS INCLUDING

DECISIONS THAT ADVERSELY AFFECTED APPELLANT.

CONSEQUENTLY, BASED UPON ANY AND ALL OF THE REASONS INDIVIDUALLY OR COLLECTIVELY,

SUMMARY JUDGEMENT WAS NOT APPROPRIATE, AS reasonable inferences were not drawn in favour

of the nonmovant and all factual disputes were not resolved in favour of the nonmovant.

*Crawford V. Metro Gov't of Nashville and Davidson County, Tennessee,* 555 U.S. 271, 274

n.129 S. Ct. 846, 172 L.Ed. 2d 650 (2009); *Malen v. MTD Prods., Inc., 628 F.3d 296, 303 (7th*

*Cir. 2010)*; *Stokes v. Board of Educ. of the City of Chicago,* 599 F.3d 617, 619 (7th Cir. 2010)

II.     THE JUDGE ERRED WHEN SHE DID NOT CONSIDER APPELLANT'S

EVIDENCE AND WITH ALL REASONABLE INFERENCES DRAWN IN FAVOUR

OF THE NONMOVANT AND ALL FACTUAL DISPUTES RESOLVED IN

FAVOUR OF THE NONMOVANT

On a motion for summary judgement, the entire record is considered with all reasonable inferences drawn in favour of the nonmovant and all factual disputes resolved in favour of the nonmovant. *Ibid;* (Dkt. #165) However, in this case the Judge did not do so.

The JUDGE did not consider at a minimum any of the undisputed, uncontested and unopposed assertions and supporting evidence presented that APPELLEE failed to deny or refute up to and including on appeal at the ARB. These undisputed and unopposed facts such as:

1.      APPELLEE is the Plan Administrator; (Dkt. #165 pg.9-fn.2; pg. 98 § b (i) & (iii); pg. 128 ¶'s 69-70; pg. 131 ¶ 91; pg. 141; pg. 207 ¶ 3 § 1, 3, & fn. 3; pg. 213 ¶ 3 § 1, 3, & fn. 3 [4])

2.      APPELLEE funded the disability plan (Dkt #165 pg. 15 ¶ 4; pg. 18 ¶ 4; pg. 98 § b(ii); pg. 158; pg. 207 ¶ 2; pg. 213 ¶ 2) & McCurry Affidavit EXHIBIT M- PG. 123 ¶ 21; PG. 127 ¶ 59; PG. 128 ¶ 74)

3.      APPELLEE'S dual function of funding the plan, as well as, being the Plan Administrator created a structural conflict) and a material issue (Dkt. #165 pg. 20 ¶ 2; pg. 98 § (b)(iii), pg. 207 ¶ 3, pg. 213 ¶ 3 )

4.      APPELLEE retaliated against APPELLANT for engaging in protected activity. (Dkt. # 165 pg. 4 ¶ 2 & § 2; pg. 12 § VIII;  pg. 14 § X; pg. 16 ¶ 2; pg. 18 ¶ 2 & § XII;

---

[4] Prior to litigation APPELLEE and The Hartford had been cited as both being the Plan Administrator for the disability Plans. Additionally, the plan was originally referred to as the Kenco Employee Benefit Plan.

pg. 98. § b; pg. 99 § c; pg. 100 ¶'s 2 & 3; pg. 101 ¶ 2; pg. 102 ¶ 4; pg. 103 ¶'s 1 & 2; pg. 132 ¶ 102-107; pg. 208 § 4-6 ) & McCurry Affidavit ¶ Dkt. #164 pg. 10 ¶ 1; pg. 12 § VIII;  pg.18 ¶5; pg. 19 ¶ 1; pg. 124 ¶'s 28-35)

5.    APPELLEE continued to gather medical information in 2018 regarding APPELLANT well after they alleged to have discharged themselves of their burden in March of 2015 and well after the matter had been disposed of between APPELLANT and APPELLEE in the district court. (Dkt. # 165 pg. 7 § IV;  pg. 14 § X; pg. 17 ¶ 3; pg. 98 § b(v); pg. 99 § viii; pg. 117; pg. 126 ¶'s 52-56; pg. 208 ¶ 5; pg. 213 ¶ 2 § 5; pg. 214 ¶ 7)

6.    APPELLEE also had unfettered access to APPELLANT'S disability claim history in 2017.  Several years after they alleged their business relationship ended with the Hartford. (Dkt #165 pg. 99 vi-vii; pg. 125 ¶38; pg. 150; pg. 208 §6-7; pg. 213¶ 2 §6; pg. 214 § 7)

7.    APPELLEE also paid APPELLANT'S disability claim, as evidenced by APPELLEE'S business records-W2; (Dkt. #165 pg. 12 § VIII; pg. 16 ¶1; pg. 124 ¶' 32-36; pgs. 135-139- EXHIBIT O)

8.    The HARTFORD stated that it was the employer, APPELLEE, gathering information about APPELLANT in September of 2018. (Dkt. # 165 pg. 7 § IV; pg. 14 § X; pg. 17 ¶ 3; pg. 98 § b(v); pg. 99 § viii; pg. 117 (Exhibit J); pg. 126 ¶'s 52-56)

9.    Pretext (Dkt. # 165 pg. 7 § IV)

Further the Judge errored when she did not consider:

10.    APPELLEE'S conduct of providing conflicting "Plans," one of which evidenced that APPELLEE was the administrator of the plan during the relevant times. (Dkt.# 165 pg. 16 ¶'s 2-4 & pg. 141)

11.    APPELLEE certified to the District Court that it did not have the Policy.[5] (Dkt. # 165 pg. 9 ¶ 1) Sometime later in support of this contention swore by its declarant, Cathy Phillips, on July 12, 2021 that it did not have the Policy.  Contrarily, on the same day the same declarant swore that APPELLEE had the Policy.  Further, APPELLEE evidenced the existence of the "Policy" in its Supplemental Motion to the Department of Labour dated July 16, 2021.  (Dkt. # 165 pg. 17 ¶'s 1& 2 & pgs. 62-76)

12.    Additionally, the JUDGE did not consider that the movant had not opposed or disputed any of the APPELLANT'S assertions and supporting documentation; including APPELLANT'S affidavit in relevant part(s) and its Exhibits. As well as, APPELLANT'S response to APPELLEE'S motion for Summary Judgement in relevant part.  These and other unopposed and undisputed facts in the record established genuine issues of material facts, temporal proximity and knowledge.

Not only did these and other factors establish genuine issues of material facts, temporal proximity and knowledge, but it also established pretext. (Dkt. # 165 pg. 7 § IV ¶ 2) "An employer's subjective reason(s) for...may be reasonably viewed as a pretext for

---

[5] The Policy is the controlling document relative to the Plan it produced.  Further, the Plan states that the Policy was incorporated into the Plan.  The Plan was drafted by the Appellee.

discrimination." *Simpson v. Beaver Dam Community Hospitals, Inc.*, 780 F.3d 784 (7th Cir. 2015)

APPELLANT'S discrediting of employer's explanation is entitled to considerable weight, such that APPELLANT should not be routinely required to submit evidence over and above proof of pretext. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 140, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (Dkt. # 165 pg. 7 § IV).

Further, APPELLANT did not rest upon her mere allegations, but was able to set forth specific facts showing that there were genuine issues of material fact. More specifically, APPELLANT was able to specifically refute and identify inconsistencies in APPELLEE'S facts regarding APPELLANT'S disability benefits. (Dkt. # 165 pg. 5 § III; pg. 6 ¶1;  pg. 7 § IV; pg. 8 § VI;  pg. 12 ¶ 1 & § VIII, 16 ¶ 1 & pgs. 135-139, 16 ¶'s 2-4 & pg. 141 & pg. 17 ¶'s 1 & 2 & pgs. 62-76)  *Plair v. E. J. Brach & Sons, Inc.,* 105 F.3d 343, 349 (7th Cir.1997); *Mills v. First Federal Savings & Loan Ass'n,* 83 F.3d 833, 846 (7th Cir.1996),  In addition, APPELLANT PRODUCED ADDITIONAL EVIDENCE THAT DEMONSTRATED THAT APPELLEE PARTICIPATED IN THE CLAIMS PROCESS AND DECISION MAKING PROCESS FOR EMPLOYEE DISABILITY CLAIMS. (Dkt. # 165 pg. 15 §'s 2-4; pg. 18 ¶ 3; pgs. 134, 147, 148, & 157) "Where an employer's reason for ….. is without factual basis ..., that is evidence that an employer might be lying about its true motivation," *Hobgood v. Illinois Gaming Board,* 731 F.3d 635, 646 (7th Cir.2013).

1. THE HARTFORD AND APPELLEE, AS A MATTER OF ORDINARY COURSE OF BUSINESS, CORRESPONDED ABOUT APPELLEE'S EMPLOYEES. SPECIFICALLY, APPELLEE'S DECLARANT, ITS CLAIM ANALYST, APPELLANT AND OTHERS REGULARLY

CORRESPONDED REGARDING INFORMATION AND EMPLOYEE DISPOSITIONS FOR

DETERMINATION OF EMPLOYEE BENEFITS, INCLUDING DISABILITY. (Dkt. # 165 pg. 9 ¶

2; pg. 15 § 2; pg. 18 ¶ 3; pgs. 118-119 (Exhibits K & L) & 123 ¶'s 25-27 & pg. 134)

2.  APPELLEE'S CLAIM ANALYST, CONTACTED APPELLANT ABOUT APPELLEE'S

    EMPLOYEE CLAIMS OF BENEFIT, INCLUDING DISABILITY, REGULARLY DURING

    APPELLANT'S EMPLOYMENT. (Dkt. #165 pg. 9 ¶ 2; pg. 18 ¶ 1; pg.119- EXHIBIT L)

3.  HARTFORD'S WEBSITE PORTAL TO ACCESS DISABILITY BENEFITS FOR APPELLANT

    INDICATES THAT APPELLEE MANAGED THE BENEFITS AND PAID THE BILLS. (Dkt. #

    165 pg. 13; pg. 140)

4.  APPELLANT'S DECLARATION EXHIBIT M STATED THAT APPELLANT, AS A PART OF

    HER ORDINARY COURSE OF DUTY AS THE HR ADMINISTRATOR, ENGAGED WITH THE

    HARTFORD AND APPELLEE'S OTHER EMPLOYEES BY PROVIDING INFORMATION

    NECESSARY TO MAKE BENEFIT DETERMINATIONS, INCLUDING DISABILITY BENEFITS.

    (Dkt. # 165 pg. 123 ¶'s 25-27)

5.  APPELLEE'S ASSERTION THAT THE HARTFORD WAS NOT AWARE OF APPELLANT'S

    ONGOING LITIGATION WAS PATENTLY FALSE. AS EVIDENCED BY THE HARTFORD'S

    BUSINESS RECORDS THAT SUPPORTS THE HARTFORD HAD BEEN SPEAKING WITH

    APPELLEE'S DECLARANT, CATHY PHILLIPS, JAY ELLIOTT AND OTHERS REGARDING

    APPELLANT'S ONGOING LITIGATION THAT THEY HAD BEEN HELPING WITH. THESE

PERSONS ARE APPELLEE'S EMPLOYEES, WHO WERE SPECIFICALLY NAMED BY THE HARTFORD, AS HANDLING APPELLANT'S LAWSUITS (Dkt. # 165 pg. 134-EXHIBIT N). FURTHER, PHILLIPS SWORE TO THE COURT THAT SHE NOR APPELLEE HAD ANYTHING TO DO WITH THE HARFORD REGARDING EMPLOYEE DISABILITY ADMINISTRATION. (Dkt. #165 Pg. 91 ¶ 10)

6.  APPELLEE HAS A PATTERN AND PRACTICE OF PROVIDING FALSE AND MISLEADING EVIDENCE TO VARIOUS TRIBUNALS TO SUPPORT ITS THEN CURRENT LEGAL POSITION AND OR THEORY.  (Dkt. # 165 pg. 132 ¶ 104 & pg. 133 ¶ 105)

   a.  BEGINNING IN APPELLANT'S ADMINISTRATIVE PROCEEDINGS AND IN OTHER PROCEEDINGS, APPELLEE CONTENDED BEFORE THE ILLINOIS HUMAN RIGHTS COMMISSION AND THE EEOC THAT SZPLETT WAS THE HR MANAGER. APPELLEE FURTHERED THIS CONTENTION IN *MCCURRY V. KENCO 16 CV 2273*; WHEREBY APPELLEE STATED TO THE DISTRICT COURT OF THE CENTRAL DISTRICT IN ITS MOTION FOR SUMMARY JUDGEMENT THAT LEN SZPLETT WAS THE HR MANAGER TO DEFEAT APPELLANT'S CLAIMS OF DISCRIMINATION.  (Dkt. # 165 pg. 6 ¶ 1)

   b.  APPELLEE IN FURTHERING THEIR SCHEME ALSO REPRESENTED THIS PATENTLY FALSE ASSERTION TO THE APPEALS COURT OF THE SEVENTH CIRCUIT IN *MCCURRY VS. KENCO CASE NO.18-3206*

c.    IN STARK CONTRAST TO CASE NO: *16 CV 2273* AND *18-3206*, BEGINNING AT

THE ADMINISTRATIVE PROCEEDINGS AT EEOC IN *SZPLETT V. KENCO 19 CV*

*2500*, JAY ELLIOTT, APPELLEE'S V.P. OF LEGAL, STATED THAT SZPLETT

HAD NEVER BEEN THE HR MANAGER. ELLIOTT ALSO STATED THAT HE WAS

RESPONSIBLE FOR THE CLAIMS OF DISCRIMINATION FILED AGAINST

APPELLEE. (Dkt. # 165 pg. 6 & pg. 111-EXHIBIT I).


The aforementioned instances are samples of the egregious misconduct of

APPELLEE to obtain illicit victories that defeat claims of discrimination against APPELLEE

and others. Additional instances can be provided upon request to further demonstrate

APPELLEE'S willful and egregious misconduct.


APPELLANT'S evidence refuting and identifying APPELLEE'S alleged facts was sufficient to

preclude summary Judgement in APPELLEE'S favour. *Patterson v. McLean Credit Union,* 491

U.S. 164, 218, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).


III.    THE JUDGE ERRED WHEN SHE DID NOT VIEW THE EVIDENCE OF

PRETEXT IN THE LIGHT MOST FAVOURABLE TO APPELLANT


The JUDGE is to have accepted APPELLANT'S version of events as true for the purpose of

summary judgement. *Kodish v. Oakbrook Terrace Fire Protection District,* 604 F.3d 490,

502 (7th Cir.2010)

The JUDGE declined to credit the APPELLANT'S claims of pretext i.e. inconsistent declarations, plans, other documents, statements and certifications.  Further, APPELLEE failed to provide any information to controvert any of the discrepancies.  (Dkt. #165 pg. 7 § IV; pg. 17 ¶ 2; pgs. ¶ 99, 104, & 209 & McCurry Affidavit pg. 120 –Exhibit M and if Exhibits).  Nor has APPELLEE as required filed any motions to correct any discrepant information that has come to their attention in compliance with the Federal Rules of Civil Procedures.

Further, Ms. Phillips declarations have intentional internal inconsistencies. Effectively, contradicting each other to support the exigencies of the moment.  These contradictions then call into question the veracity of Cathy Phillips' statements and her ability to testify.  (Dkt. # 165 pg. 12 ¶ 1)  For example, Phillips states that the Hartford only contacts the employee and the employee's physician. (Dkt. #165 Pg. 91 ¶ 10)  This is a patently false statement, as evidenced by Dkt. #165 Exhibits  K and L; as well as, APPELLANT Declaration Exhibit M ¶ 26    (Dkt. #165 pg. 9 ¶ 2) *Bitler inv. Venture v. Marathon Ashland petroleum, 779 F. Supp. 2d 858 (N.D. Ind. 2011); See Buie v.  Quad/Graphics, Inc., 366 F.3d 496, 505 n.5 (7th Cir. 2004) (stating that "[i]nternally contradictory affidavits are* generally disfavoured").

Further, the Court of *Sinskey v Pharnacia Ophthalmics, Inc., 982 F.2d 494, 498 (Fed. Cir.1992)* held that an affidavit will-be "disregarded" unless a party can "provide a satisfactory explanation for the discrepancy", cert. dented, 113 S. Ct. 2346 (1993) to which, as of to date APPELLEE and its declarant have not done so.

Further, APPELLANT pointed to APPELLEE'S immediate past behaviour's of engaging in pretext and other intentional and deceptive misbehaviours as raised by APPELLANT in her complaint, in her most recent for motion for sanctions among other instances with the District Court (Dkt. #142) and in her response to APPELLEE'S MSJ. Additionally, APPELLEE intentionally ignored or mischaracterized relevant facts in the record, raising a genuine dispute and failed to meet its initial burden. i.e. inconsistent statements about the existence of the "Policy," the differing "Plans," written by APPELLEE, APPELLEE'S business relationship with the Hartford etc... *ISQUITH V. MIDDLE S. UTILS., 847 F.2D 186, 199 (5TH CIR.), CERT. DENIED, 488 U.S. 926 (1988).*

APPELLANT further asserts and contends that the courts generally have an interest in both punishing a party's dishonesty and deterring similar misconduct. *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397 (7th Cir. 2015) at 402; *Greviskes v. Universities Research Ass'n,* 417 F.3d 752, 758-59 (7th Cir.2005). In this instance, APPELLANT asserts and contends that APPELLEE was brazen, acting contemptuously and without consequence.

The Courts have cited authority for the proposition that a "'party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgement.

When the APPELLANT has proof of pretext, there are always unresolved questions regarding the employer's actual motive.... This inference (from evidence that purported legitimate reason is false) permits an APPELLANT to prevail on the merits solely on the basis

of evidence establishing pretext.  When the APPELLEE'S lie about........., it is evidence of

pretext." *Sublett v. John Wiley & Sons, Inc.,* 463 F.3d 731, 736 (7th Cir.2006)


At the summary judgement stage, this is tantamount to a compulsory inference. The

courts that require evidence beyond proof of pretext are not drawing 'all justifiable inference'

in the nonmovant's favour. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 140, 143,

120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).


In sum, Ms. Phillips declarations are perjurious, baseless and in contravention to the

relevant parts of FRCP 56 because they mischaracterize and ignore facts.  (Dkt. #165 pg. 11 ¶

1) Additionally, they are in contradiction to one another and; are inadmissible because they are

not grounded in first-hand knowledge (Dkt. #165 pg. 11 ¶ 1) (See *New Hampshire v. Maine,*

532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2D 968 (2001) which makes Phillips and her

declarations unreliable. Also see *Pryor v. City of Chicago,* 726 F. Supp. 2d 939 (N.D. Ill. 2010)

at 943; *Visser v. Packer Eng'g Assoc.,* 924 F.2d 655, 659 (7th Cir.1991) (en banc).   And thusly,

APPELLEE and its Declarant create issues of material facts by intentionally contradicting its

previously sworn testimony to seize the moment.  Consequently, summary judgement is not

appropriate under these circumstances.


The JUDGE committed an error by conducting a "deliberation on the specific evidence

submitted" by the parties and concluding that "the substantial evidence of record discredited

pretext.

*IV.*    THE JUDGE ERRED WHEN SHE WEIGHED EVIDENCE AND MADE

CREDIBILITY DETERMINATIONS


*In addition to the aforementioned reasons outlined in I-III,* the Judge determined that

although the APPELLANT evidenced by W2- Exhibit O- (Dkt. # 165 pg. 135-139) that

APPELLEE paid APPELLANT that evidence was disregarded and ignored. The standard

indicates that issues are to be resolved in favour of the non-movant. This did not occur.

*Crawford V. Metro Gov't of Nashville and Davidson County, Tennessee,* 555 U.S. 271, 274

n.129 S. Ct. 846, 172 L.Ed. 2d 650 (2009)


Further, according to APPELLEE'S evidence it clearly states that APPELLANT began

disability leave on January 5, 2015. (Dkt. # 158-1) This evidence further corroborates

APPELLANT'S Exhibit V. (Dkt. # 165 pg. 150) Therefore, it is impossible for APPELLEE to

have not paid disability payments as asserted and evidenced. Further, APPELLANT had only

worked one (1) day in 2015, as January 1, 2015 was a holiday, and January 2, 2015 was a

Friday and her first day of leave was January 5, 2015. There is no mathematical way

APPELLANT could have made in excess of $12,000 in two (2) days based upon

APPELLANT'S hourly wages. This is further corroborated with APPELLEE'S evidence that

states that APPELLANT received $364.43 per week. (Dkt. 158-1 pg. 99)


Once again, APPELLEE intentionally ignored or mischaracterized relevant facts in the

record raising a genuine dispute and failed to meet its initial burden. *ISQUITH V. MIDDLE S. UTILS.,*

*847 F.2D 186, 199 (5TH CIR.), CERT. DENIED, 488 U.S. 926 (1988).* Therefore, Based upon the

her to suffer an adverse action. (Dkt. # 165 pg. 23-Exhibit A pg. 4 ¶ 2) These material facts are based upon the same common core of nucleus of facts at issue in this forum.

The ARB further noted that APPELLANT did present an argument, in her response opposing Respondent's Motion for Summary Decision at 13-18 that there was a genuine issues of material fact for her retaliation claim. *Ibid*-Footnote 34 To which APPELLEE did not controvert. No appeal was made by APPELLEE to the ARB's April 30, 2021 order.

---

[6] The relevant statute was under the Federal Drug and Cosmetic Act amended by the Food Safety and Modernization Act (FSMA-Whistleblower) in regards to *McCurry V. Kenco ARB-2021-0009 OALJ Case No.: 2019-FDA-00015*

aforementioned reasons summary judgement in favour of APPELLEE was inappropriate.

*Crawford V. Metro Gov't of Nashville and Davidson County, Tennessee,* 555 U.S. 271, 274 n.129 S. Ct.

846, 172 L.Ed. 2d 650 (2009); *Malen v. MTD Prods., Inc., 628 F.3d 296, 303 (7th Cir. 2010); Stokes v.*

*Board of Educ. of the City of Chicago,* 599 F.3d 617, 619 (7th Cir. 2010). (PL. OPP. DEF. MSJ-Dkt. #

165 pg. 2 ¶ 3)

V.     THE JUDGE ERRED  WHEN SHE DID NOT TAKE JUDICIAL NOTICE OF THE

ALJ'S AND ARB'S HOLDINGS AND FINDINGS IN THE DOL CASE[6] OF

*MCCURRY vs. KENCO ARB-2021 -0009 OALJ Case No.: 2019-FDA-00015* THAT

HAVE THE SAME COMMON CORE OR NUCLEUS OF FACTS.  (Dkt. # 165 pg. 3 ¶

2; pg. 4 ¶ 1; pg. 18 ¶ 5)

On November 2, 2020, the ALJ held that the record presented a genuine issue of

material facts regarding APPELLANT'S engagement in protected activity that caused

ACCEPTANCE OF THESE HOLDINGS WOULD HAVE PRECLUDED SUMMARY JUDGEMENT BEING

GRANTED IN FAVOUR OF APPELLEE.

VI.    THE JUDGE ERRED  WHEN SHE DID NOT CONSIDER APPELLEE'S JUDICIAL

ADMISSIONS IN THE DOL CASE OF *MCCURRY vs. KENCO ARB-2021 -0009*

*OALJ Case No.: 2019-FDA-00015*

APPELLEE RAISED TWO (2) REASONS FOR DISMISSAL: AN AFFIRMATIVE DEFENSE AND A

QUESTION OF LAW TO WHICH THESE ISSUES WERE CONCLUSIVELY RESOLVED. (Dkt. # 165

pg. 3 ¶ 2; pg. 4 ¶ 1; pg. 18 ¶ 5; & pg. 23-EXHIBIT A)  THEREBY, FORFEITING AND WAVING

ANY OTHER ARGUMENTS.

APPELLEE'S CONDUCT OF NOT DENYING ANY OF THE ALLEGATIONS SET OUT BY

APPELLANT IS CONCLUSIVE.  THESE ALLEGATIONS INCLUDE, BUT IS NOT LIMITED TO:

1.    APPELLEE RETAILED AGAINST APPELLANT.

2.    APPELLEE OBTAINED MEDICAL INFORMATION REGARDING

APPELLANT'S DISABILITY FROM HER PHYSICIAN IN 2018.

3.    APPELLEE WAS A DECISION MAKER IN THE DISABILITY CLAIMS PROCESS.

4.    APPELLEE PAID APPELLANT'S DISABILITY BENEFITS.

5.    APPELLEE WAS SELF-INSURED AND SELF-FUNDED.

6.    APPELLEE INTENTIONALLY MISLED THE DISTRICT COURT WITH FALSE AND
MISLEADING INFORMATION THAT CONTRIBUTED TO THE DISTRICT COURT
ISSUING AN ADVERSE FINDING AGAINST HER IN 16 CV 2273

7.    APPELLEE INTENTIONALLY MISLED THE APPEALS COURT IN 18-3206 IN
ITS FILINGS TO FURTHER ITS SCHEMES OF DECEPTION.

8.    APPELLANT ENGAGED IN PROTECTED ACTIVITY.

Therefore, APPELLANT'S factual occurrences and allegations regarding APPELLEE
retaliating against her are deemed admitted, due to APPELLEE failing to discharge themselves
of their burden to properly controvert these facts. *Hispanics United of DuPage v. Village of
Addison*, 958 F. Supp. 1320 (N.D. Ill. 1997) citing *Flaherty v. Gas Research Institute*, 31 F.3d
451 at 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th
Cir.1994); *Stewart v. McGinnis,* 5 F.3d 1031 (7th Cir.1993).

Further, APPELLEE has not properly controverted these facts in either forum to
discharge themselves of their legal burdens relative to the properly supported material facts.
More specifically, to date, APPELLEE has not even addressed APPELLANT'S properly
supported material facts, such as, APPELLEE'S business records inextricably linking
APPELLEE as the payer of APPELLANT'S disability benefits as evidenced by W2, after
APPELLEE alleged to have discharged itself of any burdens and obligations of APPELLANT in
March of 2015. (Dkt. #165 pg. 12 § VIII; pg. 16 ¶1; pg. 124 ¶' 32-36; pgs. 135-139- EXHIBIT O)
Undoubtedly, this uncontroverted business record is in contravention to APPELLEE'S assertion
that it did not pay APPELLANT benefits as stated by APPELLEE. (Dkt. #159 pg. 11)

Further, the Court minimized and ignored the facts about the W2 and the disability

payments; resolving the issues in APPELLEE'S favour, which is in contravention to the

standards for the granting of Summary Judgment.  To which all reasonable inferences are to be

drawn in favour of the nonmovant and all factual disputes resolved in favour of the nonmovant.

*Crawford V. Metro Gov't of Nashville and Davidson County, Tennessee,* 555 U.S. 271, 274

n.129 S. Ct. 846, 172 L.Ed. 2d 650 (2009); *Malen v. MTD Prods., Inc., 628 F.3d 296, 303 (7th*

*Cir. 2010)*; *Stokes v. Board of Educ. of the City of Chicago,* 599 F.3d 617, 619 (7th Cir. 2010).


Further, it would have been reasonable to infer that APPELLEE paid APPELLANT

disability benefits, since APPELLEE never controverted this fact by a corrected and or amended

W2 to reflect any other information than originally stated on it or provide documentation to

demonstrate that it was not the payer.  In further reasoning, without a doubt, the IRS mandates

that a W2 be issued to each employee and the IRS for remunerations.  Further, according to the

IRS this was the only remuneration received by APPELLANT during this relevant time.

Further, to date, APPELLEE has also not addressed the outstanding issues of APPELLEE

obtaining medical information from APPELLANT'S physician in September of 2018.

Undoubtedly, this uncontroverted business record is in direct contravention to APPELLEE'S

assertion that it was not a decision maker in the administration and dissemination of

APPELLANT'S disability benefits.  Further, the Hartford underscores and affirms

APPELLANT'S contention, that it was not the Hartford, who sought medical information from

APPELLANT'S physician on September 26, 2018; but the employer, APPELLEE, who sought

this information from APPELLANT'S physician. The Hartford memorialized this fact in its

October 2018 correspondence addressing this specific issue to APPELLANT. (Dkt. # 165 pg. 7

§ IV; pg. 14 § X; pg. 17 ¶ 3; pg. 98 § b(v); pg. 99 § viii; pg. 117 (Exhibit J); pg. 126 ¶'s 52-56;

pg. 131 ¶ 93 and  pg. 156 ¶ 2)


Further, to date, APPELLEE has also not addressed the outstanding issues raised by

APPELLANT regarding APPELLEE'S inconsistent postures relative to the existence and or

non-existence of the "Policy;" which is the controlling document to the "Plan" at issue that was

the determinative and salient factor used by the District Court grant summary judgement to

APPELLEE (Dkt. #165 pg. 6 ¶ 1). Further, the APPELLEE and its same counsel, under court

order, certified to the District Court that it did not have this "Policy" in May of 2021. (Dkt.

#148-1 pg.3) (Dkt. #165 pg. 5 § 3 ¶ 2) APPELLEE went on to further contend that this "Policy"

did not even exist. (Dkt. #148) (Dkt. #165 pg. 9 ¶ 1)(DKT   Contrarily, within two (2) months

APPELLEE represented to the ALJ in *McCurry vs. Kenco CASE NO.* 2019-FDA-00015 that

there was a "Policy." (Dkt. #165 pg. 74 ¶ 6)  The same "Policy" that it certified and swore to the

District Court, on two (2) separate occasions that it did not have and contended that did not exist.

(DKT # 148-1)

Further, to date, APPELLEE has also not addressed the outstanding issues raised by

APPELLANT regarding APPELLEE'S contradictory "Plans" (Dkt. # 165 pg. 16 ¶'s 2 & 4 & pg.

141 Exhibit Q). And its declarant, Cathy Phillips, who took contradicting positions in her three

(3)[7] declarations that are in contravention to each other regarding the existence of the policy. (Dkt. #165 pg. 8 § 6 ¶ 4)  As well as, making patently false statements that she nor the APPELLEE or any of its employees engaged with the Hartford regarding employee benefits; when in fact APPELLEE employed claim analysts to handle employee claims of disability. ANALYST that APPELLANT engaged with regarding employees benefits, such as disability, as evidenced by email correspondence.  (Dkt. #165 PG. 9 ¶ 2; PG. 15 § 2; PG. 18 ¶ 1; PG. 74 ¶ 10-11; PG.119 -EXHIBIT L)

In addition, Phillips herself had been in contact with the Hartford regarding APPELLANT'S disability benefits and ongoing litigation according to the Hartford's business records.  (Dkt. #165 PG. 10 ¶ 1 AND PG. 134)  APPELLEE and its declarant, Cathy Phillips, intentionally and with a reckless disregard made patently false statements under oath to various tribunals to obtain once again another illicit favorable result and victory.

Further, APPELLEE'S contentions and supporting evidence do not specifically address these issues and therefore, do not properly controvert them to relieve themselves of their legal burdens.  Consequently, summary judgment was inappropriate under these circumstances.

Additionally, these referenced instances are clear examples of intentional misrepresentation and "gaming" the judicial system; a type of fraud on the court and an obstruction of justice.  A type of fraud and misconduct that APPELLEE and its counsel have without consequence repeatedly committed. (Dkt. # 165 pg. 6 ¶ 1; pg. 13 § IX; pg. 111-EXHIBIT

---

[7] Two (2) of the declarations were executed by Phillips on the same day July 12, 2021.  One was to the Department of Labor and the other was to the District Court of Northern Illinois. These two (2) declarations contradicted one another as to the existence of the "Policy."

I; pg. 132 ¶ 104 – 105)  This type of egregious behaviour "poisons the life blood of the administration of justice and undermines the function and province of the law and threatens the integrity of judgments." *United States v. Alvarez*, 132 S.Ct. 2537, 2540 (2012)   And these actions are highly prejudicial towards APPELLANT.  Further, it is a systemic way of ensuring that litigants are deprived of their constitutional rights to not have their civil rights violated or receive justice.

Further, the court of *ABF Freight System, Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994) clearly abhors "false testimony in a formal proceeding as intolerable. (Dkt. #165 pg. 11 ¶ 1)  We must neither reward nor condone such a "flagrant affront" to the truth-seeking function of adversary proceedings." Citing *United States* v. *Mandujano,* 425 U. S. 564, 576-577 (1976). See also *United States* v. *Knox,* 396 U. S. 77 (1969); *Bryson* v. *United States,* 396 U. S. 64 (1969); *Dennis* v. *United States,* 384 U. S. 855 (1966); *Kay* v. *United States,* 303 U. S. 1 (1938); *United States* v. *Kapp,* 302 U. S. 214 (1937); *Glickstein* v. *United States,* 222 U. S. 139, 141-142 (1911) The Court further goes on to say:

> In any proceeding, whether judicial or administrative, deliberate falsehoods
> "well may affect the dearest concerns of the parties before a tribunal," *United*
> *States* v. *Norris,* 300 U. S. 564, 574 (1937), and may put the factfinder and
> parties "to the disadvantage, hindrance, and delay of ultimately extracting the
> truth by cross examination, by extraneous investigation or other collateral
> means." *Ibid.* Perjury should be severely sanctioned.

The aforementioned issues cited by APPELLANT are not meant to be exhaustive and APPELLANT reserves any rights that she may have to further expound upon other issues not mentioned previously in this discussion, but were raised before the District Court.

VII.     THE JUDGE ERRED WHEN SHE DID NOT ESTOP APPELLEE

IN ADDITION TO THE AFOREMENTIONED REASONS OUTLINED IN V AND VI APPELLEE SHOULD BE
ESTOPPED.  APPELLEE is bound by its Judicial Admissions that it made before the
Administrative Law Judge and the ARB in ALJ *CASE NO. 2019-FDA-00015 and ARB CASE
NO. 2021-0009.*

APPELLEE did not deny any of APPELLANT'S assertions and or claims relative to
adverse employment actions taken against APPELLANT based upon the same common core of
nucleus of operative facts.  These assertions and or claims include and this list is not exhaustive:

1.     APPELLEE RETAILED AGAINST APPELLANT.

2.     APPELLEE OBTAINED MEDICAL INFORMATION REGARDING
       APPELLANT'S DISABILITY FROM HER PHYSICIAN IN 2018.

3.     APPELLEE WAS A DECISION MAKER IN THE DISABILITY CLAIMS PROCESS.

4.     APPELLEE PAID APPELLANT'S DISABILITY BENEFITS.

5.     APPELLEE WAS SELF-INSURED AND SELF-FUNDED.

6.     APPELLEE INTENTIONALLY MISLED THE DISTRICT COURT WITH FALSE AND
       MISLEADING INFORMATION THAT CONTRIBUTED TO THE DISTRICT COURT
       ISSUING AN ADVERSE FINDING AGAINST HER IN 16 CV 2273

7.     APPELLEE INTENTIONALLY MISLED THE APPEALS COURT IN 18-3206 IN
       ITS FILINGS TO FURTHER ITS SCHEMES OF DECEPTION.

8.     APPELLANT ENGAGED IN PROTECTED ACTIVITY.

Therefore, APPELLEE should be estopped pursuant to the doctrines of the Law of the Case, Res Judicata, Collateral Estoppel, and Judicial Estoppel based upon and evidenced by APPELLEE'S conduct. (Dkt. #165 pg.3 ¶ 1)  Further, of APPELLEE'S own volition, APPELLEE failed to preserve any rights to any other of future arguments.  Further APPELLEE should have reasonably foreseen that litigation could have continued.  Consequently, APPELLEE waived all other arguments relative to APPELLANT'S claims of retaliation, misconduct and other claims in its Motion for Summary Decision, when it only raised an affirmative defense of Collateral Estoppel and a question of law in ALJ CASE NO. 2019-FDA-00015 and on appeal in ARB Case NO. 2021-0009. (Dkt #165 pg. 3 ¶'s 2; pg. 4 ¶ 2)

Further, the courts have reasoned that all properly supported material facts set forth in either party's statement (ie, Def.'s Facts, Pl.'s Add'l Facts or Org. Pl.'s Add'l Facts) are deemed admitted unless properly controverted. *Hispanics United of DuPage v. Village of Addison*, 958 F. Supp. 1320 (N.D. Ill. 1997) citing *Flaherty v. Gas Research Institute*, 31 F.3d 451 at 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir.1994); *Stewart v. McGinnis,* 5 F.3d 1031 (7th Cir.1993).  Moreover, as a direct result of these judicial admissions, APPELLEE is not entitled to a second bite at the apple. *Wells v. Coker,* 707 F.3d 756, 760 (7th Cir. 2013); *see also In re Knight-Celotex, LLC,* 695 F.3d 714, 721 (7th Cir. 2012). *New Hampshire v. Maine,* 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Consequently, "by making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying." *Cannon-Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006) (quoting *Chaveriat v. Williams Pipe Line Co.,*11 F.3d 1420, 1428 (7th Cir. 1993)

VIII.    THE JUDGE ERRED WHEN SHE DID NOT FIND FRCP RULE 11 VIOLATIONS

APPELLEE and its declarant willfully submitted improper filings in bad faith relative to its MSJ

and its declarations that contained frivolous and patently false statements.  APPELLANT

contends that these were presented to the court for improper reasons to intentionally deceive the

court and further APPELLEE'S contrived schemes to defeat APPELLANT'S legitimate claims

of discrimination, as well as, intentionally continue to violate APPELLANT'S civil rights.  *ABF*

*Freight System, Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994)


## CONCLUSION

In conclusion, for the foregoing reasons APPELLANT contends that the JUDGE

erred in dismissing APPELLANT claims of retaliation and granting summary judgement in

favor of APPELLEE.

**WHEREFORE,** APPELLANT requests this Honorable Court to take judicial notice of

APPELLEE'S misconduct, the uncontroverted facts, and the Judge's errors ruling in

APPELLANT'S favour and remand this case for further proceedings, as well as, any other

relief available that may be available to her.

Dated:  April 4, 2022                                        Submitted by:

                                                             *Edith M. McCurry*
                                                             EDITH MCCURRY
                                                             6239 S. 13110 East Rd.
                                                             Pembroke, IL 60958

## CERTIFICATE OF COMPLIANCE
## WITH FRAP RULE 32(a)(7), FRAP RULE 32(g) and CR 32(c)

I hereby certify that this brief complies with the type volume limitation imposed by Federal

Rules of Appellate Procedure 32(a)(7), (g) and CR 32(c). The brief was prepared using Microsoft

Word 2010 and contains no more than 8,304 words of proportionally spaced text. The type face

is Times New Roman, 12-point font.

Pro se
EDIT H MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

## CERTIFICATE OF SERVICE

I, Edith McCurry, hereby certify that on, April 6, 2022, I submitted a copy of the foregoing

APPELLANT OPENING BRIEF IN SUPPORT OF APPEAL FOR REVIEW FROM THE U.S.

NORTHERN DISTRICT COURT CASE NO. 22- 1273 to be electronically filed with the Clerk

of the Appellate Court and have served the persons identified on the docket's service list through

Notice of Electronic Filing generated by the Court's CM/ECF system:

EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

## CIRCUIT RULE 30 (d) STATEMENT

Pursuant to Circuit Rule 30 (d), APPELLANT, certifies that all required materials required by

Circuit Rule 30 (a) and 30 (b) are included in the appendix.

EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

**TABLE OF CONTENTS TO REQUIRED APPENDIX**

1.     Memorandum Opinion and Order (entered January 01, 2022)          pg. RA-1

2.     Judgement in Civil Case (entered January 01, 2022)          pg. RA-7

<br>

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDITH MCCURRY, | ) | |
| | ) | Case No. 19-cv-4067 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| KENCO LOGISTICS SERVCES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Edith McCurry brings this lawsuit against her former employer Kenco Logistics Services, LLC ("Kenco") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, in relation to her short-term and long-term disability benefits. Before the Court is Kenco's motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a).[1] For the reasons explained below, the Court grants Kenco's motion.

**Background**

Kenco employed McCurry as a clerk with its human resources department at the Manteno, Illinois warehouse owned by Mars, Inc., the well-known candy maker. Kenco managed the warehouse. McCurry worked for Kenco from May 2013 until March 2015, at which time Kenco lost its contract with Mars. During the relevant time period, Kenco offered its employees short-term disability ("STD") insurance under policy number GRH-674076 and long-term disability ("LTD") insurance under policy number GLT-674076, both issued by third-party benefits administrator,

---

[1] Because McCurry is proceeding pro se, on October 27, 2021, Kenco served her with the Northern District of Illinois Local Rule 56.2 Notice to Pro Se Litigants Opposing Summary Judgment.

Hartford Life and Accident Insurance Company ("The Hartford"). In short, the Hartford insured and administered Kenco's disability benefit plans. On October 15, 2020, the Court dismissed the Hartford without prejudice from this lawsuit based on its motion to dismiss for improper venue.[2]

Construing her pro se complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), McCurry alleges that on or about January 3, 2015, she was unable to return to work due to high blood pressure, stress, anxiety, and other undiagnosed health conditions. She further alleges that on January 5, 2015, she notified the Hartford of her inability to return to work, and thereafter, the Hartford informed her of the amount of benefits she would receive. McCurry also alleges that she experienced interruptions to her STD and LTD benefits, but that the Hartford reinstated them on July 13, 2016. Attached to McCurry's complaint is the Hartford's correspondence with her substantiating these allegations, along with the relevant STD and LTD plans. McCurry received LTD benefits well after her employment ended with Kenco in March 2015.

Although Kenco was the plan administrator for the STD and LTD plans, according to the policies, the Hartford was the plans' fiduciary and had sole discretion and authority to determine eligibility for benefits and to construe and interpret all terms of the policies. (R. 158-1, Ex. B., STD Plan, at 17, 27, 29; Ex. C., LTD Plan, at 20, 32, 34). The relevant STD and LTD plans state: "The Plan has designated and named the Insurance Company as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." Furthermore, there is unrebutted evidence in the record that Kenco did not influence the Hartford's decisions in relation to McCurry's STD and LTD benefits, due in part to McCurry's

---

[2] The Court presume familiarity with its earlier rulings in this lawsuit, along with McCurry's similar lawsuit filed in the Central District of Illinois, 16-CV-2273, and her Seventh Circuit appeal in that lawsuit. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783 (7th Cir. 2019).

RA0002

failure to comply with Local Rule 56. 1, which governs the presentation of evidence at summary

judgment. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those

who proceed without counsel."). Both the Central District of Illinois and the Seventh Circuit

discussed the importance of McCurry following the local rules governing the summary judgment

process, and thus, McCurry has been aware of these requirements since at least August 2018. *See*

*Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020) ("district courts may require strict

compliance with their local rules").

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a);

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A

genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.

Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact

exists, the Court must view the evidence and draw all reasonable inferences in favor of the

nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a

properly supported motion for summary judgment is made, the adverse party 'must set forth specific

facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

Because the Hartford was the sole decisionmaker, fiduciary, and obligor in determining

McCurry's eligibility for STD and LTD benefits, Kenco contends that it cannot be held liable for

any improper decisions in relation to the benefits McCurry received under ERISA. The Court

agrees. *See Brooks v. Pactiv Corp.*, 729 F.3d 758, 764 (7th Cir. 2013) (under ERISA "a cause of action

RA0003

for 'benefits due' must be brought against the party having the obligation to pay."). Accordingly,
McCurry's ERISA claim against Kenco fails as a matter of law. Similarly, McCurry's "fiduciary duty"
claim is without merit because it is duplicative of her ERISA claim, and the Hartford is the
undisputed fiduciary under the plans.

Next, the Court examines McCurry's Title VII and § 1981 employment discrimination claims
under the same legal analysis, where the Court must determine "whether the evidence would permit
a reasonable fact-finder to conclude that McCurry was subjected to an adverse employment action
based on a statutorily prohibited factor." *McCurry v. Kenco Logistics Serv., LLC*, 942 F.3d 783, 788 (7th
Cir. 2019). Keeping in mind McCurry's last day of employment with Kenco was March 29, 2015,
the only adverse employment actions related to McCurry's STD and LTD benefits are the delay or
denial of her post-employment disability benefits. Again, Kenco cannot be responsible for the delay
or denial of McCurry's benefits because the Hartford was the sole decisionmaker, fiduciary, and
obligor. Moreover, the Seventh Circuit upheld the Central District of Illinois' decision that Kenco
did not discriminate against McCurry based on her race and sex under Title VII and § 1981 for
conduct occurring before March 29, 2015. Therefore, McCurry's employment discrimination claims
are untenable.

In her response brief, McCurry argues that Kenco should be estopped from its present
arguments because they are inconsistent with Kenco's "judicial admissions" in the parties' pending
Department of Labor ("DOL") proceeding. To give context, on April 20, 2018, before McCurry
filed this lawsuit, she filed an administrative complaint with the DOL alleging that Kenco violated
the Food Safety Modernization Act ("FSMA") by denying her long-term disability benefits in
retaliation for her testifying in a FSMA whistleblower case brought by another Kenco employee.
On November 2, 2020, an Administrative Law Judge ("ALJ") granted Kenco's motion for a
summary decision concluding there was no evidence in the record creating a genuine issue of

RA0004

material fact as to whether McCurry's alleged protected activity was a contributing factor in any adverse action. Because the ALJ based his decision on an issue that the parties had not briefed, the Administrative Review Board vacated and remanded the ALJ's ruling. On remand, the ALJ order the parties to brief the discrete issue of whether McCurry's alleged protected activity was a contributing factor in the denial of her long-term disability benefits. The ALJ has yet to rule on remand.

Judicial estoppel applies when "a party succeeds on one legal position and later tries to reverse its position on the same issue." *Looper v. Cook, Inc.*, 20 F.4th 387, 398 (7th Cir. 2021). Assuming judicial estoppel applies under the circumstances, McCurry has failed to articulate any inconsistent positions that Kenco made in the administrative case in contrast to the present federal litigation. Indeed, after reviewing Kenco's filings in the administrative case, Kenco makes the same arguments it makes here, namely, that McCurry's employment with Kenco ended in March 2015 and that the decisions surrounding McCurry's receipt of post-termination benefits, including long-term disability coverage, are not attributable to Kenco because these benefits were handled by a third-party benefits administrator. In the same vein, McCurry fails to provide factual or legal support that Kenco "waived" arguments in this lawsuit by not making them in front of the ALJ.

Last, McCurry rehashes numerous arguments she previously made during discovery in this lawsuit that both the Court and Magistrate Judge Fuentes rejected. These complaints include the unsupported argument that Kenco did not turn over a relevant Hartford policy during discovery, along with McCurry's allegations that Kenco committed "fraud on the court." The Court will not re-address these unsupported arguments, as such review would be a waste of limited and valuable judicial resources. *See Dix v. Edelman Fin. Serv., LLC*, 978 F.3d 507, 521 (7th Cir. 2020); *McCurry*, 942 F.3d at 790.

RA0005

**Conclusion**

Based on the foregoing, the Court grants defendant's summary judgment motion [157].

Civil case terminated.

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 1/21/2022

RA0006

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN DISTRICT OF ILLINOIS

Edith McCurry,

Plaintiff(s),

v.

Kenco Logistics Services, LLC,

Defendant(s).

Case No.  19 cv 4067
Judge Sharon Johnson Coleman

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $        ,

    which ☐ includes        pre–judgment interest.
         ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒ in favor of defendant(s) Kenco Logistics Services, LLC
and against plaintiff(s) Edith McCurry.

Defendant(s) shall recover costs from plaintiff(s).

---

☐ other:

---

This action was (check one):

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge Coleman on a motion for summary judgment.

Date:  1/21/2022

Thomas G. Bruton, Clerk of Court

Yvette Montanez , Deputy Clerk

RA0007