No. 22-1273

---

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

**Edith McCurry,
Plaintiff-Appellant,**

**v.**

**Kenco Logistic Services, LLC,
Defendant-Appellee**.

---

Appeal From the United States District Court
For the Northern District of Illinois,
Case No. 19-cv-04067
The Honorable Judge Sharon Johnson Coleman

---

**BRIEF OF KENCO LOGISTIC SERVICES, LLC, DEFENDANT-APPELLEE**

---

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
       casey.leech@jacksonlewis.com
Attorneys for Defendant-Appellee,
Kenco Logistic Services, LLC

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No:     22-1273

Short Caption:          Edith McCurry v. Kenco Logistic Services, LLC

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing the item #3): **Defendants-Appellee Kenco Logistic Services, LLC ("Kenco" or "the Company")**

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court: **Jody Wilner Moran, Julia Pearce Argentieri, and J. Casey Leech of Jackson Lewis P.C. appeared for the above-named Defendant at the District Court.**

(3)     If the party or amicus is a corporation:

      (i)     Identify all its parent corporations, if any: **Kenco Group, Inc.**

      (ii)    list any publicly held company that owns 10% or more of the party's or amicus' stock: **None.**

Attorney's Signature: _s/ Julia Pearce Argentieri_       Date:_ May 9, 2022_
Attorney's Printed Name: **Julia Pearce Argentieri**

Are you *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d)? **Yes**.

Address:        **Jackson Lewis P.C., 150 North Michigan Ave., Suite 2500, Chicago, Illinois 60601**; Phone Number: **312-787-4949** / Fax Number: **312-787-4995**

E-mail Addresses:  **julia.argentieri@jacksonlewis.com**

i

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ................................................ i

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF AUTHORITIES ................................................................................... iv

STATEMENT CONCERNING ORAL ARGUMENT ........................................... 1

JURISDICTIONAL STATEMENT ........................................................................ 1

STATEMENT OF THE ISSUE .............................................................................. 2

STATEMENT OF THE CASE ............................................................................... 2

    I.    Factual Background ................................................................................ 2

    II.   Relevant Procedural History ................................................................. 3

SUMMARY OF ARGUMENT .............................................................................. 6

ARGUMENT .......................................................................................................... 7

    I.    Standard of Review .............................................................................. 7

    II.   The District Court Did Not Abuse Its Discretion in Finding that
          McCurry Violated Local Rule 56.1 and Accordingly, All of Kenco's Local
          Rule 56.1 Facts Were Correctly Accepted as Unrebutted. ....................... 8

    III.  The District Court Properly Granted Summary Judgment for Kenco
          Because the Undisputed Facts in the Record Show that Kenco Was Not
          the Decisionmaker in McCurry's Disability Benefits and Did Not
          Influence The Hartford's Decisions. ...................................................... 12

          A.    The Court Should Disregard McCurry's Arguments
                 Because They Lack Evidentiary Support, Fail to
                 Comply with Rule 28 of the Federal Rules of
                 Appellate Procedure, and Are Meritless. ....................... 12

          B.    Kenco Cannot Be Liable Under ERISA, Title VII, or
                 Section 1981 Because It Was Not the
                 Decisionmaker Relative to McCurry's Disability
                 Benefits. ......................................................................... 17

          C.    McCurry's "Estoppel" Arguments Fail Because
                 They Are Undeveloped and Meritless. ........................... 22

D.     McCurry's Allegations of Misconduct Are Baseless,
and the District Court Did Not Err by Denying
McCurry's Frivolous Motions for Sanctions. ................................. 24

CONCLUSION ................................................................................................ 26

FED. R. APP. P. 32(g) CERTIFICATE OF COMPLIANCE ........................... 28

CIRCUIT RULE 25 CERTIFICATION ............................................................ 29

PROOF OF SERVICE ..................................................................................... 30

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Ammons v. Aramark Unif. Servs., Inc.,*
    368 F.3d 809 (7th Cir. 2004) ...................................................................... 11

*Barren v. Ne. Ill. Reg'l Commuter R.R. Corp.,*
    2016 U.S. Dist. LEXIS 28421 (N.D. Ill. 2016) ...................................... 22

*Bordelon v. Chi. Sch. Reform Bd. of Trs.,*
    233 F.3d 524 (7th Cir. 2000) ...................................................................... 10

*Brooks v. Pactiv Corp.,*
    729 F.3d 758 (7th Cir. 2013) ............................................................. 18–19

*Castro v. DeVry Univ., Inc.,*
    786 F. 3d 559 (7th Cir. 2015) ....................................................................... 8

*Cent. States v. Am. Int'l Grp., Inc.,*
    840 F.3d 448 (7th Cir. 2016) ...................................................................... 19

*Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800 (1998) ..................................................................................... 23

*Cichon v. Exelon Generation Co., LLC,*
    401 F.3d 803 (7th Cir. 2005) ........................................................................ 9

*Cooney v. Casady,*
    735 F.3d 514 (7th Cir. 2013) ...................................................................... 26

*Heraeus Kulzer, GmbH v. Biomet, Inc.,*
    881 F.3d 550 (7th Cir. 2018) ...................................................................... 26

*Humphries v. CBOCS West, Inc.,*
    474 F.3d 387 (7th Cir. 2007) ...................................................................... 20

*Isbell v. Allstate Insurance Co.,*
    418 F.3d 788 (7th Cir. 2005) ...................................................................... 19

*Keen v. Merck Sharp & Dohme Corp.,*
    819 F. App'x 423 (7th Cir. 2020) .............................................................. 11

*Keen v. Teva Sales & Mktg.,*
    303 F. Supp. 3d 690 (N.D. Ill. 2018) ...................................................... 21

*Koszola v. Bd. of Educ.*,
  385 F.3d 1104 (7th Cir. 2004) ........................................................... 7–8

*Larson v. United Healthcare Ins. Co.*,
  723 F.3d 905 (7th Cir. 2013) ......................................................... 16, 18

*McCurry v. Kenco Logistics Servs., LLC*,
  942 F.3d 783 (7th Cir. 2019) ........................................................ *passim*

*Ortiz v. Werner Enters., Inc.*,
  834 F.3d 760 (7th Cir. 2016) ................................................................ 20

*Pegram v. Herdrich*,
  530 U.S. 211 (2000) ................................................................... 15–16

*Riley v. City of Kokomo*,
  909 F.3d 182 (7th Cir. 2018) ............................................................... 26

*Rogers v. City of Chicago*,
  320 F.3d 748 (7th Cir. 2003) ............................................................... 20

*Roney v. Ill. DOT*,
  474 F.3d 455 (7th Cir. 2007) ............................................................... 21

*Salgado by Salgado v. GMC*,
  150 F.3d 735 (7th Cir. 1998) ................................................................. 8

*Schaefer v. Universal Scaffolding & Equip., LLC*,
  839 F.3d 599 (7th Cir. 2016) ..................................................... 9, 23, 25

*Springer v. Durflinger*,
  518 F.3d 479 (7th Cir. 2008) ............................................................... 17

*Szplett v. Kenco Logistic Services, LLC*,
  2020 U.S. Dist. LEXIS 70661 (N.D. Ill. April 22, 2020) ........................ 21

*Tolle v. Carroll Touch, Inc.*,
  977 F.2d 1129 (7th Cir. 1992) ............................................................. 19

*Townsend v. Alexian Bros. Med. Ctr.*,
  589 F. App'x 338 (7th Cir. 2015) ................................................... 11, 13

*Vallone v. CNA Financial Corp.*,
  375 F.3d 623 (7th Cir. 2004) .......................................................... 20–21

*Visser v. Packer Engineering Assoc., Inc.*,
  924 F.2d 655 (7th Cir. 1991) ............................................................... 10

v

*Waldridge v. Am. Hoechst Corp.*,
  24 F.3d 918 (7th Cir. 1994) ........................................................ 12

**Statutes**

28 U.S.C. § 1291 ............................................................................ 1

28 U.S.C. § 1331 ............................................................................ 1

29 U.S.C. § 1132 ............................................................................ 1

Title VII of the Civil Rights Act of 1964 ("Title VII"),
  42 U.S.C. § 2000e, *et seq.* ................................................ *passim*

Employee Retirement Income Security Act ("ERISA"),
  42 U.S.C. § 1132, *et seq.* ................................................ *passim*

42 U.S.C. § 1981 ("Section 1981") ...................................... *passim*

42 U.S.C. § 1988 ............................................................................ 1

**Other Authorities**

Fed. R. App. P. 28 .................................................... 1, 12, 13, 23

Fed. R. App. P. 38 ........................................................................ 3

Fed. R. Civ. P. 11 ................................................................ 24, 26

Fed. R. Civ. P. 56(a) .................................................................... 8

N.D. Ill. Local Rule 56.1 ...................................................... *passim*

N.D. Ill. Local Rule 56.2 .............................................................. 9

## STATEMENT CONCERNING ORAL ARGUMENT

To the extent the Court would be aided by oral argument, Kenco requests it in accordance with Federal Rule of Appellate Procedure 34 and Circuit Rule 34. If the Court alternatively finds oral argument unnecessary for resolution of McCurry's appeal, Kenco stands on its brief.

## JURISDICTIONAL STATEMENT

Pursuant to Federal Rules of Appellate Procedure 28(a)(4) and 28(b)(1) and Circuit Rules 28(a) and (b), Defendant-Appellee Kenco Logistic Services, LLC ("Kenco") states that the Docketing Statement submitted by Plaintiff-Appellant Edith McCurry ("McCurry") is not complete and correct. The United States District Court for the Northern District of Illinois had subject matter jurisdiction over McCurry's claims pursuant to the existence of a federal question. *See* 28 U.S.C. § 1331. Specifically, McCurry's claims involved the following statutory provisions: 42 U.S.C. §§ 1981, 1988, 2000e-3, 2000e-5; 29 U.S.C. § 1132. Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over McCurry's appeal from the final judgment of the District Court, which was entered on January 21, 2022. McCurry filed her notice of appeal with the District Court on February 19, 2022.

The parties to this appeal were parties to a previous and factually-related appeal before this Court: *Edith McCurry v. Kenco Logistics Services, LLC, et al.*, Case No. 18-3206.

1

## STATEMENT OF THE ISSUE

Whether the Court should affirm the district court's grant of summary judgment in Kenco's favor on the basis that Kenco was not the decisionmaker in the alleged denial of McCurry's disability benefits and did not influence the Hartford's decisions.

## STATEMENT OF THE CASE

## I.     Factual Background

Beginning in 2013, Kenco employed McCurry at a warehouse in Manteno, Illinois that was owned by Mars, Inc. (the candy maker) and managed by Kenco. R. 168 at 1.[1] Kenco terminated McCurry's employment in March 2015, when all employees at the Manteno, Illinois warehouse were terminated after Kenco lost its contract with Mars. *See id.*

During the relevant time period, Kenco offered short-term disability ("STD") and long-term disability ("LTD") benefits to its employees under a group insurance policy issued by a third-party benefits administrator, Hartford Life and Accident Insurance Company ("The Hartford"). *Id.* at 1–2. The Hartford insured, administered, and acted as the fiduciary for Kenco's STD and LTD benefits plans. *Id.* at 2. Kenco was the plan administrator for the STD and LTD benefits plans, but Kenco played no decision-making role in administering the plans. *Id.* The STD and LTD plans themselves state that "[t]he Plan has designated and named the Insurance Company

---

[1] Citations to the record are designated as "R." followed by the district court's document number. Citations to McCurry's appellate brief are designated as "McCurry Br." Page numbers refer to the page numbers assigned by the district court's electronic filing system, not necessarily the page numbers that may appear at the bottom of a document.

[(*i.e.*, The Hartford)] as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." *Id.*; R. 158 at ¶ 14. Kenco had no influence over The Hartford's decisions regarding McCurry's disability benefits. R. 168 at 2–3; R. 158 at ¶ 20. Indeed, Kenco delegated to The Hartford the full authority to determine eligibility for disability benefits. R. 158 at ¶ 13. Furthermore, if The Hartford approved a claim for disability benefits from a Kenco employee, The Hartford paid the disability benefits. R. 158 at ¶ 19.

McCurry asserts that she was unable to return to work on or about January 3, 2015 due to health reasons. R. 168 at 2. She contends that on January 5, 2015, she notified The Hartford of her inability to return to work, and The Hartford informed her of the amount of disability benefits she would receive. *Id.* According to McCurry, she experienced interruptions to her STD and LTD benefits but The Hartford ultimately reinstated her benefits on July 13, 2016. *Id.*

## II.   Relevant Procedural History[2]

McCurry filed this lawsuit, *pro se*, nearly three years after The Hartford

---

[2] These parties were last before this Court in 2019, when McCurry appealed the Central District of Illinois' decision to grant summary judgment for Kenco and Mars in an overlapping case arising out of McCurry's employment. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783 (7th Cir. 2019) ("*McCurry I*"). In the prior appeal, McCurry alleged that Kenco and Mars discriminated against her based on her race, sex, age, and disability, and that Kenco and Mars conspired to violate her civil rights. *Id.* at 786. This Court affirmed the district court's grant of summary judgment and explained that McCurry's appeal was "patently frivolous," warranting sanctions under Rule 38 of the Federal Rules of Appellate Procedure. *Id.* at 790–93.

reinstated her benefits. R. 1. She alleges that Kenco made improper decisions relating to her STD and LTD benefits, thereby violating Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). R. 168 at 1.

During discovery, McCurry filed numerous motions to compel and motions for sanctions against Kenco. *See, e.g.,* R. 132, 137, 142, and 151. Her motions raised many of the same allegations that she asserts in this appeal, including that she believes that Kenco failed to produce a copy of some unknown "policy" in discovery, that Cathy Phillips (Kenco's Senior Benefits Manager) allegedly provided false and conflicting declarations under oath, and that Kenco and its counsel allegedly "committed fraud on the court" and "gamed the system by tampering with the integrity of the judicial system." *See generally* R. 151.

The Court denied McCurry's repeated motions to compel and motions for sanctions. *See* R. 133, 138, and 150. Specifically, on June 7, 2021, Magistrate Judge Fuentes denied one of McCurry's discovery motions and instructed her to "back [] up" her allegations that Kenco had been acting "corrupt." R. 133. He later denied another one of McCurry's discovery motions, holding that there was no basis for her "wild allegations that defendant is 'willfully acting in bad faith and in contempt' of court orders." R. 150. He described McCurry's request for sanctions as "meritless." *Id*. Indeed, Kenco produced a declaration during discovery affirming that all disability plan documents were produced and nothing else existed. R. 155 at 4; R. 155-1 at 3–4.

Prior to the parties' briefing summary judgment—and after the case was returned to the district judge at the conclusion of discovery—McCurry brought yet another motion for sanctions. R. 151. The district court denied that motion and advised McCurry "to focus on the summary judgment filings instead [of] rehashing old discovery disputes. The Court will not entertain any further motions for sanctions." R. 156.

Kenco ultimately moved for summary judgment, and the district court granted Kenco's motion. *See* R. 168. The court held that McCurry failed to comply with the Northern District of Illinois' Local Rule 56.1, "which governs the presentation of evidence at summary judgment." *Id*. at 3. Based, in part, on the court's finding that McCurry violated Local Rule 56.1, the court held that "there is unrebutted evidence in the record that Kenco did not influence the Hartford's decisions in relation to McCurry's STD and LTD benefits" and "Kenco cannot be responsible for the delay or denial of McCurry's benefits because the Hartford was the sole decisionmaker, fiduciary, and obligor." R. 168 at 2–4. The court refused to readdress McCurry's evidentiary arguments that she previously made during discovery, finding a review of them to be "a waste of limited and valuable judicial resources." *Id*. at 5.

McCurry now appeals the district court's decision granting summary judgment for Kenco.[3] Included within her appeal, she further appears to also implicitly request

---

[3] This is not the only proceeding currently pending between the parties on the issue of whether The Hartford made all decisions surrounding McCurry's disability benefits without influence from Kenco. As referenced in McCurry's brief, she also filed an administrative complaint with the U.S. Department of Labor, OALJ Case No. 2019-FDA-00015 (the "DOL Case"), alleging that Kenco violated the Food Safety Modernization Act ("FSMA") by denying her LTD benefits in retaliation for her testifying in an FSMA whistleblower case filed by

that this Court review her various other meritless discovery motions which the District Court previously determined to be a "waste of limited and valuable judicial resources." *Id.*

## SUMMARY OF ARGUMENT

The last time McCurry and Kenco appeared before the Seventh Circuit, this Court referred to McCurry's appeal as "utterly frivolous" and a "shameful waste of judicial resources." *McCurry I*, 942 F.3d at 786, 790 (7th Cir. 2019). So, too, is McCurry's current appeal.

First, the district court did not abuse its discretion when it decided to enforce Local Rule 56.1 by refusing to consider so-called "facts" that McCurry claims to have alleged in her response to Kenco's motion for summary judgment. When McCurry opposed Kenco's motion for summary judgment, she did not file any statement of additional facts, nor did she adequately respond to Kenco's statement of undisputed facts. McCurry's convoluted arguments on appeal are woefully underdeveloped and lack evidentiary support in the record, "due in part to McCurry's failure to comply with Local Rule 56.1." R. 168 at 2–3. Thus, this Court should affirm the district court's decision to strictly enforce Local Rule 56.1, consider only the unrebutted evidence set forth in Kenco's statement of undisputed facts (found at R. 158), and disregard

---

another Kenco employee. R. 168 at 4. A more detailed description of the procedural history of the DOL Case is found in the district court's memorandum opinion granting summary judgment. *See id.* at 4–5. On February 3, 2022—after the district court granted summary judgment in this case—the administrative law judge in the DOL Case again granted summary decision in Kenco's favor finding that The Hartford made the benefits decisions without Kenco's input. McCurry appealed the OALJ's decision and the parties are currently briefing McCurry's appeal before the Administrative Review Board.

McCurry's unsupported assertions.

On the merits, McCurry's appeal fails as well. Kenco could not have violated ERISA, Title VII, and Section 1981 in relation to McCurry's short- and long-term disability benefits because Kenco was not the decisionmaker concerning McCurry's benefits. The evidence in the record is clear that The Hartford was the STD and LTD plans' obligor that insured and administered Kenco's employee disability plans. The record is also clear that Kenco itself played no role in, and had no influence over, any of The Hartford's decisions relating to McCurry's benefits.

McCurry's other arguments on appeal likewise fail. For example, her incoherent arguments that Kenco should be "estop[ped]," *see* McCurry Br. at 38, lack factual and legal support, as do her various unsubstantiated accusations that Kenco and its representatives engaged in misconduct during this case. These baseless arguments are inappropriate, meritless, and should be rejected by this Court.

Accordingly, the Court should affirm the district court's grant of summary judgment.

## ARGUMENT

### I.   Standard of Review

In reviewing McCurry's arguments on appeal, there are two standards that govern.[4]

First, this Court should determine whether the district court abused its discretion in finding that McCurry failed to comply with Local Rule 56.1. *See Koszola*

---

[4] McCurry only identifies a *de novo* standard of review in her opening brief.

*v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004) ("This court reviews the decision of a district court concerning compliance with local rules, such as Rule 56.1, only for an abuse of discretion."). Under the abuse-of-discretion standard, an appellate court shall affirm the judgment of the district court if it "chose an option that was among those from which we might expect a district court reasonably to choose." *Salgado by Salgado v. GMC*, 150 F.3d 735, 739 (7th Cir. 1998) (stating that a district court's decision upon which a summary judgment decision is based is to be examined separately from the summary judgment ruling itself).

After determining whether the district court abused its discretion by refusing to ignore McCurry's noncompliance with Local Rule 56.1, this Court should then examine the evidence in the record and apply a *de novo* standard of review as to whether the district court properly granted summary judgment in Kenco's favor. *Castro v. DeVry Univ., Inc.*, 786 F. 3d 559, 563–64 (7th Cir. 2015) ("We review *de novo* the grant of summary judgment, examining the record in the light most favorable to the nonmoving parties and drawing all reasonable inferences in their favor.") Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II.   The District Court Did Not Abuse Its Discretion in Finding that McCurry Violated Local Rule 56.1 and Accordingly, All of Kenco's Local Rule 56.1 Facts Were Correctly Accepted as Unrebutted.

McCurry's opening appellate brief does not even mention the district court's finding that she violated the Northern District of Illinois' Local Rule 56.1, "which governs the presentation of evidence at summary judgment." *See* R. 168 at 3. As such,

8

McCurry has forfeited this argument on appeal by failing to raise it in her brief. *Schaefer v. Universal Scaffolding & Equip.*, LLC, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Even if McCurry *had* challenged the court's decision to strictly enforce Local Rule 56.1, the district court was well within its discretion enforce Local Rule 56.1. *See McCurry I*, 942 F.3d at 787 ("district judges may strictly enforce local summary-judgment rules . . . and the judge reasonably did so here.").

Local Rule 56.1 requires a party opposing summary judgment to file "a concise response" to the movant's statement of undisputed material facts, including a separate "statement . . . of any additional facts that require the denial of summary judgment." N.D. Ill. L.R. 56.1(b)(3). Local Rule 56.2 warns *pro se* litigants, "**If you do not submit a statement of additional facts, the judge may consider only the asserted facts in the defendant's statement of facts and any facts in your response to the defendant's statement of facts that are fairly responsive to the defendant's asserted facts**." N.D. Ill. L.R. 56.2(II) (bolded in original). Kenco sent McCurry a copy of Local Rule 56.2 before she responded to Kenco's motion for summary judgment. *See* R. 162; R. 168 at 1 n.1.

McCurry never filed a statement of additional facts when she opposed Kenco's motion for summary judgment—a failure that violated Local Rule 56.1 and disregarded the warning in Local Rule 56.2. *See Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 810 (7th Cir. 2005) (Local Rule 56.1 requires a party to submit a statement of facts if "he wants the court to consider his proposed 'facts' when

determining whether a dispute over facts material to the case exists that requires a denial of summary judgment."). Her responses to Kenco's statement of undisputed facts also further violated Local Rule 56.1 since the responses were largely non-responsive, lacking in specific citations to admissible evidence in the record, and replete with impermissible legal argument, conclusions, and speculation. *See generally* R. 166; *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000) (holding that L.R. 56.1's predecessor rule is "not satisfied by citations to the record that support legal argument rather than controvert material facts"). Most of these responses relied on McCurry's self-serving declaration that *itself* lacked factual support in the record, was not based on McCurry's personal knowledge, and consisted of legal argument and conclusory statements inappropriate for a declaration.[5] *See Visser v. Packer Engineering Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) ("'personal knowledge' includes inferences . . . But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.").

The district court's memorandum opinion granting Kenco's motion for summary judgment notes that McCurry failed to comply with Local Rule 56.1. *See* R.

---

[5] Several of the allegations in McCurry's declaration were also completely contradictory to her prior assertions throughout this litigation. Most notably—despite McCurry's entire lawsuit being based on the alleged denial and/or delay of her STD and LTD benefits—McCurry stated in her declaration, under oath, "To the best of my knowledge, I have not made short or long term applications for disability." R. 165 at 131 ¶ 87. This raises serious questions about why McCurry has burdened the judicial system, and Kenco, with years of litigation surrounding her purported disagreement over decisions surrounding her application for disability benefits.

168 at 2–3. The court did not abuse its discretion in when it held McCurry accountable for failing to adhere to Local Rule 56.1; the Seventh Circuit has "repeatedly held" that a district court may expect "strict compliance" with local rules governing summary judgment. *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). McCurry knew quite well that she was required to follow these local summary judgment rules, even as a *pro se* litigant—the last time she was before this Court, it reminded her that it gives "substantial deference to a judge's decision to strictly enforce local summary-judgment rules, reversing only for abuse of discretion . . . Even pro se litigants are obliged to follow procedural rules." *McCurry I*, 942 F.3d at 787 n.2. "McCurry has been aware of these [summary judgment] requirements since at least August 2018." R. 168 at 3.

For these reasons, this Court should uphold the district court's decision to strictly enforce Local Rule 56.1, and therefore review the grant of summary judgment based on the unrebutted facts that Kenco presented its motion for summary judgment. *See, e.g., Townsend v. Alexian Bros. Med. Ctr.*, 589 F. App'x 338, 339 (7th Cir. 2015) (enforcing district court's decision to adopt the factual representations in the defendants' statement of material facts where the *pro se* plaintiff did not file his own statement of material facts and "simply attached stacks of documents to memoranda containing factual assertions and argument."); *Keen v. Merck Sharp & Dohme Corp.*, 819 F. App'x 423 (7th Cir. 2020) (upholding the district court's decision to strike the plaintiff's noncompliant statement of facts and adopting defendant's statement of facts, recounted in the light most favorable to the plaintiff); *McCurry I*,

942 F.3d at 787 ("our account of the facts is drawn from the defendants' uncontested factual submissions."); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (collecting similar cases).

### III.   The District Court Properly Granted Summary Judgment for Kenco Because the Undisputed Facts in the Record Show that Kenco Was Not the Decisionmaker in McCurry's Disability Benefits and Did Not Influence The Hartford's Decisions.

On appeal, McCurry raises a plethora of incoherent arguments that she believes support the reversal of the district court's decision to grant summary judgment. They range from serious accusations of misconduct to alleged discrepancies in documents. Not only are McCurry's arguments unsupported given the district court's enforcement of Local Rule 56.1, they violate Rule 28 of the Federal Rules of Appellate Procedure and are completely meritless.

The undisputed evidence in the record, which is limited to Kenco's factual submissions, overwhelmingly demonstrates that Kenco is entitled to judgment as a matter of law on each of McCurry's claims. Indeed, because The Hartford made all decisions relating to McCurry's disability benefits without influence from Kenco, no reasonable jury could find Kenco liable for McCurry's claims under ERISA, Title VII, or Section 1981. Other facts in the record further support this Court affirming summary judgment in Kenco's favor.

### A.   The Court Should Disregard McCurry's Arguments Because They Lack Evidentiary Support, Fail to Comply with Rule 28 of the Federal Rules of Appellate Procedure, and Are Meritless.

Like her prior appeal, "McCurry's [current] appeal rests on factual assertions that were excluded from consideration below because McCurry disregarded several

provisions in the local summary-judgment rule." *McCurry I*, 942 F.3d at 791.

Additionally, McCurry's opening brief fails to comply with Rule 28 of the Federal Rules of Appellate Procedure, which requires that an appellant's brief contain an argument including "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). In violation of this rule, her appellate brief "is chock-full of impenetrable arguments and unsupported assertions, and it is organized in ways that escape [Kenco's] understanding." *McCurry I*, 942 F.3d at 791 (finding McCurry's prior appeal to have violated Fed. R. App. P. 28). Yet again, her "appellate arguments are insubstantial to the point of incoherence." *Id.*

Not only are McCurry's incoherent arguments based on unsupported assertions that violate Rule 28 of the Federal Rules of Appellate Procedure, they are also completely meritless. Indeed, many of her arguments were already considered—and rejected—when she raised those arguments in discovery and in opposition to Kenco's motion for summary judgment. Now, on appeal, McCurry "presents a rerun of [her] show before the district court, along with arbitrary case citations and disconnected references to inadmissible evidence." *See Townsend*, 589 F. App'x at 341 (7th Cir. 2015). As part of McCurry's last-ditch effort to create a factual dispute where none actually exists, she raises various arguments—all of which are readily rebutted by the record. For example:[6]

---

[6] To comply with the Court's word limits and concisely present its position, Kenco will not respond to each and every impermissible argument and facially defective "fact" that McCurry asserts throughout her appellate brief. All such improper facts are disputed, and further, none of them are based on admissible evidence in the record.

- *Kenco allegedly gathered McCurry's medical information in 2018 and paid her disability benefits*. McCurry Br. at 21. However, McCurry presents no evidence to support her allegation that Kenco gathered her medical information, and she does not explain how the IRS Form W-2 she mentions proves that Kenco paid her benefits. Further, these allegations are disproven by the sworn affidavit of Kenco's Senior Benefits Manager, Cathy Phillips. *See* R. 158 at ¶¶ 17–19.

- *Kenco should be bound by certain "judicial admissions" made in the parties' pending DOL Case*. McCurry Br. at 38–39. However, McCurry does not explain what specific judicial admissions were made, when they were made, or why such alleged admissions should "estop" Kenco. *See id*. Perhaps more importantly, Kenco has always taken a consistent position in the DOL Case, and every overlapping case involving McCurry, that Kenco played no role in her disability benefits, so there were no "admissions" inconsistent with the record before this Court. *See, e.g.,* R. 155-1 at 25–29 (Kenco's July 16, 2021 supplemental memorandum in support of its motion for summary decision in the DOL Case);

- *Kenco has produced two separate disability plans that somehow "contradict[] each other in regards to [Kenco] administering the plan."* McCurry Br. at 11. However, McCurry does not explain what alleged contradictions exist or how such alleged contradictions create a genuine

dispute of any fact material to this lawsuit.

- *There allegedly exists some unknown "policy" that Kenco withheld during discovery, statements in Phillips' prior declarations purportedly show this, and Phillips' declarations (including one that was submitted in the DOL Case) somehow contradict each other. See* McCurry Br. at 13–16. However, Kenco has repeatedly informed McCurry that there is no additional LTD benefits policy that stands alone from the LTD benefits documents that were produced, and Kenco even provided McCurry with a sworn, written certification to this effect. *See* R. 155-1 at 3–4. Moreover, as discussed in Kenco's opposition to McCurry's September 1, 2021 motion for sanctions, nothing about Phillips' declarations contradict each other, and they were provided for entirely different purposes. *See* R. 155 at 8–9. McCurry's prior motions to compel and motions for sanctions that asserted these unfounded allegations were denied prior to the parties' summary judgment briefing. *See* R. 133, 138, 150, and 156. Moreover, McCurry's case law citation in support of her argument about a "policy" being different from a "plan" is grossly mischaracterized. She cites *Pegram v. Herdrich* for the proposition that "the courts have reasoned that the plan and the policy are not the same document," McCurry Br. at 13, but that case does not in any way discuss

the difference between a "policy" and a "plan."[7] This Court *has*, however, discussed the terms "policy" and "plan" in the context of ERISA. As noted in *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 912 (7th Cir. 2013), "[w]e sometimes equate the ERISA 'plan' with the insurance policy . . . More commonly, however, we refer to an insurance policy as a 'plan document' that *implements* the plan." (emphasis in original) (internal citations omitted). McCurry's unrelenting effort to confuse the issues—and demand that some other "policy" document exists—when the policy was produced, and disproves her case, should be disregarded.

- *"[B]ased upon the fact that [Kenco] refused to produce the 'Policy' describing [its] business relationship [with the Hartford], it can easily be inferred and reasoned that the 'Policy' supports that [Kenco] was the final decision maker among other telling details."* McCurry Br. at 18. This particular statement exposes McCurry for having no admissible evidence to dispute the fact that The Hartford was the sole decisionmaker relative to her disability benefits—McCurry merely "infer[s] and reason[s]" that Kenco was the "final decision maker" based on the absence of some unknown policy that she believes to exist. And she does so in the face of all evidence to the contrary, including the plan documents themselves, and the sworn declaration of Cathy Phillips. *See*

---

[7] The Supreme Court in *Pegram* decided whether treatment decisions made by a health maintenance organization, acting through its physician employees, are fiduciary acts within the meaning of ERISA. *Pegram v. Herdrich*, 530 U.S. 211, 214 (2000).

R. 168 at 2; R. 158-1 at 3–7.

Even if McCurry's arguments had merit—which they do not—they still do not create a genuine challenge to the undisputed fact that Kenco played no role in McCurry's disability benefits decisions. Indeed, summary judgment "is the put up or shut up moment in a lawsuit," and a party opposing summary judgment must present any evidence she has to convince a trier of fact to accept her version of the events. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (internal quotations and citations omitted)). McCurry's "collective hunch" about Kenco's motives will not defeat summary judgment. *See id*. But a "collective hunch" that flies in the face of all clear evidence to the contrary—and is therefore nothing more than a baseless conspiracy theory—is all she has in support of her contention that Kenco influenced The Hartford to deny her claim for benefits.

For these reasons, McCurry's arguments on appeal—and the inadmissible "facts" upon which she relies—should be rejected.

### B. Kenco Cannot Be Liable Under ERISA, Title VII, or Section 1981 Because It Was Not the Decisionmaker Relative to McCurry's Disability Benefits.

The undisputed facts in the record, viewed in the light most favorable to McCurry, overwhelmingly support the district court's decision to grant summary judgment for Kenco because McCurry's alleged harms did not involve any action taken by Kenco.

As part of its decision to grant summary judgment for Kenco, the district court found that The Hartford was "the sole decisionmaker, fiduciary, and obligor in determining McCurry's eligibility for STD and LTD benefits" R. 168 at 3. Moreover,

although Kenco was the plan administrator for the STD and LTD plans, the plans

provide that The Hartford "had sole discretion and authority to determine eligibility

for benefits and to construe and interpret all terms of the policies." *Id*. at 2. As such,

"there is unrebutted evidence in the record that Kenco did not influence the

Hartford's decisions in relation to McCurry's STD and LTD benefits." *Id*.

Based on these facts, each of McCurry's claims summarily fails; McCurry

cannot recover against Kenco under ERISA, Title VII, or Section 1981 because the

harm McCurry alleges is not attributable to Kenco. McCurry's claims also fail as a

matter of law for other reasons discussed more fully below. Accordingly, the Court

should affirm summary judgment in Kenco's favor.

> 1. **McCurry's ERISA Claims Fail Because The Hartford Was
> Solely Responsible for Determining Benefits Eligibility
> and Paying Disability Benefits, Kenco Did Not Interfere
> With Her Claim for Benefits, and the Legal Relief She
> Seeks Is Not Available Under ERISA Sections 502(a)(1)(B)
> or 510.**

Kenco cannot be liable for The Hartford's decisions under Section 502(a)(1)(B)

of ERISA, 29 U.S.C. § 1132(a)(1)(B). Indeed, because the STD and LTD Plans vested

all authority to make benefits determinations with The Hartford, Kenco cannot be

held liable under ERISA Section 502(a)(1)(B) for The Hartford's decisions regarding

McCurry's benefits. *Larson v. United Healthcare Insurance Co*., 723 F.3d 905, 915–

16 (7th Cir. 2013) ("[W]here the plaintiff alleges that she is a participant . . . and the

insurance company decides all eligibility questions and owes the benefits, the insurer

is a proper defendant in a suit for benefits due under § 1132(a)(1)(B)."); *Brooks v.

Pactiv Corp*., 729 F.3d 758, 764 (7th Cir. 2013) (under ERISA, "a cause of action for

'benefits due' must be brought against the party having the obligation to pay.").

For the same reasons, McCurry also cannot establish a claim for unlawful interference. McCurry alleges that Kenco improperly interfered with her ability to pursue her rights under ERISA, although she appears to couch these allegations as employment retaliation and discrimination claims. *See, e.g.,* R. 1 at 35 ¶ 78–36 ¶ 87, 37 ¶ 89–94. Title VII and Section 1981 do not address discrimination or retaliation related to employee benefits. But ERISA Section 510, 29 U.S.C. § 1140, does. Assuming McCurry's complaint properly raised an ERISA Section 510 claim (which it does not), McCurry still would be unable to prevail because there is not a shred of evidence in the record that suggests Kenco acted with "specific intent to deprive [McCurry of her] plan rights" or that "a desire to frustrate attainment or enjoyment of benefit rights contributed toward the employer's decision." *Isbell v. Allstate Insurance Co.*, 418 F.3d 788, 796 (7th Cir. 2005).

Even if McCurry's ERISA claims could succeed on the merits—which they cannot given that Kenco did not make or influence the challenged benefits decisions—McCurry's ERISA claims fail as a matter of law because she seeks legal relief, even though her recovery under ERISA is limited to equitable remedies. In her complaint, McCurry seeks to recover STD and LTD benefits allegedly due to her. *See* R. 1 at 4, 53–54. In other words, she seeks "money damages, the epitome of legal relief. That kind of suit is unavailable under section 502(a)(3)." *Cent. States v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 454 (7th Cir. 2016) (following sister circuits and holding that a suit seeking legal relief and not equitable relief is not authorized by Section 502(a)(3)).

And because the remedies for Section 510 are limited to those in Section 502(a)(3) and (e) of ERISA, McCurry's request for legal relief, not equitable relief, also dooms her ERISA unlawful interference claim. *See Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992) ("Section 510 claim is made enforceable through Section 502(a)(3) and (e) of ERISA.").

For each of these reasons, the Court should affirm summary judgment on McCurry's ERISA claims.

> **2.     McCurry's Title VII and Section 1981 Claims Fail Because They Are Preempted by ERISA, Kenco Took No Adverse Action Against McCurry Regarding Her Disability Benefits, and McCurry Did Not Experience a Materially Adverse Employment Action.**

The legal standard for Title VII and Section 1981 claims at summary judgment is simply whether the evidence would permit a reasonable factfinder to conclude that the employee's protected status caused the adverse employment action. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).[8] Summary judgment is warranted where "a rational trier of fact could not find for the non-moving party." *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003) (overruled on other grounds) (internal citations omitted)).

As a threshold matter, McCurry's Title VII and Section 1981 claims fail as a matter of law because they are preempted by ERISA, the exclusive statute for resolution of benefits claims like McCurry's. *Vallone v. CNA Financial Corp.*, 375

---

[8] Discrimination claims under Title VII are analyzed under the same standard as those brought under Section 1981. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403 (7th Cir. 2007).

F.3d 623, 638 (7th Cir. 2004) ("[C]laims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to 'fall[] directly under § 502(a)(1)(B) of ERISA [29 U.S.C. § 1132(a)(1)(B)], which provides an exclusive federal cause of action for resolution of such disputes.'"). Because McCurry alleges wrongful delays and denials surrounding her receipt of disability benefits, she has no viable cause of action against Kenco under Title VII or Section 1981 since these claims are preempted by ERISA.

Assuming *arguendo* that preemption did not apply, Kenco still could not be liable to McCurry under Title VII or Section 1981 because Kenco was not the decisionmaker relative to her disability benefits. Indeed, "Kenco cannot be responsible for the delay or denial of McCurry's benefits because the Hartford was the sole decisionmaker, fiduciary, and obligor." R. 168 at 4; *accord Roney v. Ill. DOT*, 474 F.3d 455, 462 (7th Cir. 2007) (affirming summary judgment and reasoning that "there is no evidence that IDES's ultimate denial of benefits to [the plaintiff] could be attributed to [the employer]."); *Keen v. Teva Sales & Mktg.*, 303 F. Supp. 3d 690, 723–24 (N.D. Ill. 2018) (granting employer's motion for summary judgment where disability benefits and workers' compensation decisions were made by third-party vendors, not the employer, and the plaintiff "could not identify the particular person who dealt with her disability benefits claims, much less the motivation behind that person's decision"); *Szplett v. Kenco Logistic Services, LLC*, 2020 U.S. Dist. LEXIS 70661, *19 (N.D. Ill. April 22, 2020) (granting motion to dismiss discrimination claim based on denial of disability benefits because the plaintiff's "briefs do not explain how

Kenco or Mars could be liable for *Hartford's* decision to deny his disability benefits.") (emphasis in original). In short, Kenco did not make or influence The Hartford's benefits decisions, so any such decisions cannot amount to discrimination by Kenco.

Furthermore, as an additional reason why McCurry's claims fail and unnecessarily strain judicial resources, Kenco is not liable to McCurry under Title VII or Section 1981 because she has not alleged a materially adverse employment action, since the documents McCurry attached to her complaint reflect that she ultimately received disability benefits (which were retroactively paid), making her claim of any alleged harm even more baseless. *See* R. 1 at 15 ¶ 59, R. 1 at 110; R. 158 at ¶¶ 23, 30. *See also Barren v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2016 U.S. Dist. LEXIS 28421, *26 (N.D. Ill. 2016) (when an employee premises an adverse employment action on the basis of a delay in receiving disability benefits, she must present evidence "show[ing] what harm she suffered as a result of the alleged delay.") (granting the employer's motion for summary judgment).

Because ERISA is the exclusive statute for resolution of McCurry's benefits claims—and because no reasonable factfinder could conclude that Kenco took part in or influenced any alleged adverse employment action (or that McCurry even experienced a materially adverse employment action)—the Court should affirm summary judgment on McCurry's Title VII and Section 1981 claims.

## C. McCurry's "Estoppel" Arguments Fail Because They Are Undeveloped and Meritless.

McCurry also argues that the district court erred when it "did not estop appellee." McCurry Br. at 38. Without any reasoned factual analysis or legal

arguments, McCurry asserts that Kenco should be bound by unarticulated "judicial admissions" that it allegedly made to the administrative law judge in parties' pending DOL proceeding, and that Kenco should be "estopped pursuant to the doctrines of the Law of the Case, Res Judicata, Collateral Estoppel, and Judicial Estoppel based upon and evidence by [Kenco's] conduct." *Id*. at 39.

McCurry provides no details about the context or substance of Kenco's alleged judicial admissions, including when they were made or why such alleged admissions should "estop" Kenco. She likewise does not develop her arguments that Kenco "failed to preserve any rights to any other of future arguments" and "waived all other arguments relative to [her] claims of retaliation, misconduct and other claims." *Id*. at 39. These threadbare arguments not only violate the requirements of Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure, they are so undeveloped that they should be deemed waived. *See McCurry I*, 942 F.3d at 792 ("We sometimes invoke Rule 28 when the briefing is too abbreviated and sketchy to facilitate review."); *Schaefer*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

McCurry's arguments regarding law of the case, *res judicata*, collateral estoppel, and judicial estoppel are facially defective. For example, McCurry does not indicate what issue has already decided in this case to which the law of the case applies. S*ee Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1998) (law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

Her cursory invocations of *res judicata*, collateral estoppel, and judicial estoppel are similarly deficient; namely, McCurry does not specifically identify what factual or legal claims or issues are subject to claim or issue preclusion, nor does she explain what position she believes Kenco has taken that is inconsistent with one of its earlier positions. As the district court held when it granted summary judgment for Kenco,

> McCurry has failed to articulate any inconsistent positions that Kenco made in the administrative case in contrast to the present federal litigation. Indeed, after reviewing Kenco's filings in the administrative case, Kenco makes the same arguments it makes here, namely, that McCurry's employment with Kenco ended in March 2015 and that the decisions surrounding McCurry's receipt of post-termination benefits, including long-term disability coverage, are not attributable to Kenco because these benefits were handled by a third-party benefits administrator. In the same vein, McCurry fails to provide factual or legal support that Kenco "waived" arguments in this lawsuit by not making them in front of the ALJ.

R. 168 at 5.

Indeed, not only are McCurry's allegations of "estoppel" incoherent but they fail on the merits, to the extent they can be deciphered. As the district court already concluded, Kenco advanced the same arguments in the DOL Case, namely, that the decisions surrounding McCurry's disability benefits are not attributable to Kenco. *Id.* For these reasons, McCurry's baseless estoppel arguments do not preclude the grant of summary judgment for Kenco.

### D.  McCurry's Allegations of Misconduct Are Baseless, and the District Court Did Not Err by Denying McCurry's Frivolous Motions for Sanctions.

Finally, McCurry argues that the district court erred when it "did not find [Federal Rules of Civil Procedure] Rule 11 violations." McCurry Br. at 40. In particular, she alleges that Kenco and "its declarant [*i.e.,* Cathy Phillips] willfully

submitted improper filings in bad faith," that Phillips' declarations "contained frivolous and patently false statements," and that these "filings" were submitted "for improper reasons to intentionally deceive the court." *Id.* McCurry's appellate brief is rife with other serious allegations of misconduct against Kenco, Phillips, and the undersigned counsel.[9] These and other scattered allegations of wrongdoing are cursory, and convoluted—to the extent they can even be understood—they are improper and baseless. They are also ironic considering this Court found McCurry's last appeal to be "a shameful waste of judicial resources" and referred to her "baseless assertions" as "shockingly irresponsible." *McCurry I*, 942 F.3d at 790, 792 (7th Cir. 2019). Like the other arguments in McCurry's brief, her allegations relating to purported misconduct fail to adequately present an issue for review.

First, the incoherence of McCurry's arguments should result in their waiver. *See, e.g.*, *Schaefer*, 839 F.3d at 607.

Wavier aside, McCurry's allegations fail on their merits. Prior to the parties' briefing summary judgment, McCurry repeatedly levelled these same offensive—and completely baseless—accusations of impropriety. She barraged Kenco with numerous (and often duplicative) motions to compel and motions for sanctions, each of which were denied by the magistrate judge and district court judge. *See* R. 133, 138, 150, and 156. McCurry then rehashed these allegations in her response to Kenco's motion for summary judgment. *See* R. 165. When the district court granted summary

---

[9] For example, she casually accuses Phillips of committing perjury, *id.* at 29, Kenco of "providing false and misleading evidence to various tribunals" (including to this Court in *McCurry I*), *id.* at 25, and Kenco and its counsel of "'gaming' the judicial system," committing "fraud on the court," and obstructing justice, *id.* at 36.

judgment for Kenco, it briefly discussed McCurry's allegations of misconduct, including her "unsupported argument[s] that Kenco did not turn over a relevant Hartford policy during discovery" and "Kenco committed 'fraud on the court.'" R. 168 at 5. In short order, the court refused to "re-address these unsupported arguments," believing such a review to "be a waste of limited and valuable judicial resources." *Id*.

To the extent McCurry seeks this Court's review of any of these prior rulings denying her discovery and sanctions motions, McCurry's brief impermissibly fails to identify with clarity the orders for which she seeks review. See *Riley v. City of Kokomo*, 909 F.3d 182, 191 (7th Cir. 2018) ("our adversary system relies on parties to raise issues and present them in the appropriate manner.") Moreover, challenges to any prior discovery and sanctions rulings would be subject to an abuse of discretion standard. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018) (citing an "extremely deferential" standard of review for discovery motions); *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013) (decision to deny a motion for Rule 11 sanctions "will be disturbed only where the court abuses its discretion"). McCurry cannot establish—nor does she even attempt to argue—that the court abused its discretion by not finding "Rule 11 violations" with respect to her generalized grievances. *See* McCurry Br. at 40.

Accordingly, she fails to present any issue for review on her unsupported claims of misconduct, each of which should be completely disregarded by this Court.

## CONCLUSION

McCurry's appeal overflows with unsupported factual assertions, meritless legal arguments, baseless accusations of serious impropriety, and incoherent drivel.

She fails to challenge the district court's finding that she violated Local Rule 56.1—and even if she had, she would be unable to show that the court abused its discretion by strictly enforcing that rule. Additionally, McCurry presents no legitimate basis for reversing the grant of summary judgment in Kenco's favor, especially since the record evidence clearly demonstrates that Kenco did not influence The Hartford's decision relative to McCurry's STD and LTD benefits. Moreover, her arguments about "estop[pel]" and Kenco's purported misconduct are factually and legally untenable red herrings.

For these reasons (and other reasons discussed above), this Court should affirm the district court's grant of summary judgment in favor of Kenco.

Dated: May 9, 2022

**Kenco Logistic Services, LLC**

By: */s/ Julia Pearce Argentieri*
   One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
      casey.leech@jacksonlewis.com

**FED. R. APP. P. 32(g) CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), the undersigned certifies that the foregoing *Brief of Kenco Logistic Services, LLC, Defendant-Appellee* complies with the format and type-volume, type-style, and typeface requirements of Fed. R. App. P. 32(a) and Circuit Rule 32.

The brief is less than 30 pages and the word count feature of the word processor used to prepare this brief indicates that it contains 7,694 words in combined text and footnotes, excluding the cover page, Circuit Rule 26.1 disclosure statement, table of contents, table of authorities, statement concerning oral argument, Fed. R. App. P. 32(g) certificate of compliance, Circuit Rule 25 certification, proof of service, and signature blocks. The brief has been prepared in Century Schoolbook, a proportionally spaced typeface, with 12-point font in the body of the brief and 11-point font in the footnotes.

Dated: May 9, 2022

**Kenco Logistic Services, LLC**

By: */s/ Julia Pearce Argentieri*
   One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
      casey.leech@jacksonlewis.com

## CIRCUIT RULE 25 CERTIFICATION

Pursuant to Circuit Rule 25, a digital version of this *Brief of Kenco Logistic Services, LLC, Defendant-Appellee*, in Portable Document Format (*.pdf), has been uploaded on May 9, 2022 to the Court's website at http://www.ca7.uscourts.gov.

Dated: May 9, 2022

**Kenco Logistic Services, LLC**

By: */s/ Julia Pearce Argentieri*
  One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
      casey.leech@jacksonlewis.com

**PROOF OF SERVICE**

I, Julia Pearce Argentieri, an attorney, certify that on May 9, 2022, I caused

two true and correct copies of the foregoing *Brief of Kenco Logistic Services, LLC,*

*Defendant-Appellee* to be served upon Plaintiff-Appellant Edith McCurry, sent via

U.S. Mail, first-class postage prepaid, to the following address:

Edith McCurry
6239 South 13110 East Road
Pembroke Township, Illinois 60958

Dated: May 9, 2022                    **Kenco Logistic Services, LLC**

By: */s/ Julia Pearce Argentieri*
   One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
      casey.leech@jacksonlewis.com