# U. S. SEVENTH CIRCUIT COURT OF APPEALS

## CASE NO: 22-1273

U.S.C.A. – 7th Circuit
R E C E I V E D

JUN 08 2022   MLM

**Edith McCurry**

**PLAINTIFF-APPELLANT,**

**V.**

**Kenco Logistic Services, LLC**
**DEFENDANT-APPELLEE**

On Appeal for Review from the
United States District Court for the
Northern District Court Case No. 19 CV 04067
Honorable Sharon Johnson-Coleman

APPELLANT'S REPLY BRIEF AND EXHIBIT

**Edith McCurry**

Pro Se
EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

**APPELLANT REPLY BRIEF**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                          pg. 1

ARGUMENT                                                      pg. 4

I.      **FAILURE TO PLEAD**                                  pg. 4

II.     **ADMISSIONS**                                        pg. 6

        APPELLEE'S SEPTEMBER 2019 ADMISSIONS TO THE DOL WERE

        DELIBERATE, CLEAR AND UNEQUIVOCAL                     pg. 7

        JUDICIAL ADMISSIONS                                   pg. 7

        OTHER JUDICIAL ADMISSIONS                             pg. 8

III.    **JUDICIAL ESTOPPEL**                                 pg. 10

IV.     **"SUMMARY JUDGMENT EVIDENCE" MUST BE *ADMISSIBLE***  pg. 11

        PERJURY AND RULE 56 VIOLATIONS                        pg. 12

V.      **CONCLUSORY AND SPECULATIVE STATEMENTS**             pg. 12

VI.     APPELLANT REJECTS THE CONTENTION THAT HER BRIEF WAS

        INCOMPREHENSIBLE                                    pg. 13


           MERCY OF THE COURT                               pg. 14


VII.    RULE 56 and LOCAL RULE 56.1 Violations             pg. 14


VIII.   APPELLANT REJECTS THE CONTENTION THAT APPELLANT'S

        ALLEGATIONS OF MISCONDUCT ARE NOT VALID AND MERITLESS

                                                            pg. 15


IX.     APPELLEE MUST BE HELD ACCOUNTABLE                   pg. 17


X.      APPELLATE RULE 28-APPELLANT REJECTS THE CONTENTION

        THAT THIS IS APPEAL IS FACTUALLY  RELATED APPEAL TO 18-

        3206                                                pg. 18

CONCLUSION                                                  pg. 20

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32 (a)(7)      pg. 24

PROOF OF SERVICE                                            pg. 25

EXHIBIT A                                                   pg. 26

TABLE OF AUTHORITIES

1. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970) ........................................................................................................................pg. 20

2. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 2511 n. 4, 91 L.Ed.2d 202 (1986)........................................................................................pg. 20

3. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-50, 111 S. Ct. 2123, 2134-36 (1991)..........pg. 22

4. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)........pg. 20

5. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir.2000) ........................................................pg. 22

6. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)..........................................pg. 20

7. *Ensiqn v. Pennsylvania*, 227 U.S. 592 (1913).................................................................pg. 7

8. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir.2000)............................................................pg. 22

9. *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 758-59 (7th Cir.2005)...............pg. 18

10. *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir.1998).........................................................pg. 22

11. *Jones v. Morehead*, 68 U.S. 155, 165 (1863).................................................................pg. 8

12. *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 175 (7th Cir. 2011)........................pgs. 12 & 22

13. *Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir.1995) ...............................pgs. 7 & 8

14. *Kurek v. Pleasure Driveway*, 557 F.2d 580, 595 n.13 (7th Cir. 1977), cert. denied, 439 U.S. 1090 (1979) ...........................................................................................................pg. 11

15. *Lefkas Gen. Partners*, 153 B.R. 804, 807 (N.D.Ill.1993) ...................................................pg. 7

16. *Medcom Holding Co. v. Baxter Travenol Lab.*, 106 F.3d 1388, 1404 (7th Cir. 1997) .......pg. 6

17. *Oscanyan v. Arms Co.*, 103 U.S. 261, 26 L.Ed. 539 (1880).......................................pgs.7 & 9

18. *Perez v. Thorntons, Inc.*, 731 F.3d 699 (7th Cir. 2013) ..................................................pg. 14

19. *Ramirez v. T&H LEMONT, INC.,* 845 F.3d 772 (7th Cir. 2016) …...................................pg. 22

20. *Reed v. Columbia St. Mary's Hosp.,* 915 F.3d 473 n.1 (7th Cir. 2019) ..............................pg. 4

21. *Scrogham v. Colvin,* 765 F.3d 685, 698 (7th Cir. 2014) ........................................pg.11 & 23

22. *Secrease v. Western & Southern Life Ins. Co.,* 800 F.3d 397 (7th Cir. 2015) .................pg. 18

23. *United States v. One Heckler-Koch Rifle,* 629 F.2d 1250, 1253 (7th Cir.1980)...............pg. 11

24. *Vershaw v. Northwestern Nat. Life Ins. Co.,* 979 F.2d 557, 560 (7th Cir. 1992) ..............pg. 6

25. *Wood v. Milyard,* 566 U.S. 463, 470 & n.4 (2012).............................................................pg. 6

## OTHER RELEVANT CASES:

*McCurry V. Kenco 16 Cv 2273*..................................................................pgs. 10, 16 &19

*McCurry Appeal 18-3206* ........................................................................pgs.10, 17 & 18

*Szplett V. Kenco 19 Cv 2500* …………….…................................................... pgs. 10 & 17

*ALJ CASE NO. 2019-FDA-00015* .......................................................... pgs. 4, 10 & 21

*ARB CASE NO. 2021-0009*...................................................................... pgs. 4, 10 & 21

## STATUTES:

Food Safety Modernization Act …………….................................................………pg. 4

**OTHER AUTHORITIES:**

Fed.R.Civ.P. 8 …………….…..………….……………………………………..… pg. 6

Fed.R.Civ.P. 11…..………….……………………………………………..…… pg. 12

Fed.R.Civ.P. 26 …………….…………………….…………………….…..……. pg. 20

Fed.R.Civ.P. 37 …………….…………………….…………………….…..… pg. 19 & 20

Fed.R.Civ.P. 56 and its relevant subparts…….....................…… pgs. 9, 11, 12, 14, 15, 20, 22 & 23

18 U.S.C. 1503 …………….…….…................….…………………………………..…... pg. 12

18 U.S.C. 1621 …....……….……...................…………………………………..….…. pg.12

## ARGUMENT

THE JUDGE ERRED WHEN SHE DISMISSED APPELLANT'S CLAIMS ON THE GROUND THAT THE HARTFORD, NOT APPELLEE, TOOK ALL ACTIONS RELATED TO APPELLANT'S DISABILITY BENEFITS IN THE ABSENCE OF SUPPORTING DOCUMENTATION AND EVIDENCE; WITHOUT DEMONSTRATING AN ACCURATE AND LOGICAL BRIDGE FORM THE EVIDENCE SHE CONSIDERED TO  HER CONCLUSION. IN ADDITION, THE JUDGE ERRED WHEN SHE DID NOT ESTOPP APPELLEE OR TAKE NOTICE OF APPELLEE'S JUDICIAL ADMISSIONS BEFORE THE DEPARTMENT OF LABOR AND THE ARB IN ALJ CASE NO. 2019-FDA-00015AND ARB CASE NO. 2021-0009 BASED UPON A COMMON CORE OR NUCLEUS OF FACTS.

### I.    FAILURE TO PLEAD

By virtue "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473 n.1 (7th Cir. 2019).

In September of 2019, APPELLEE raised a deliberate, clear and unequivocal affirmative defense at the Department of Labor that conceded and admitted to APPELLANT'S allegations. Allegations of retaliation for engaging in protected activity under FSMA that stem from the same common core or nucleus of operative facts that were before the Federal District Court of Northern Illinois and now here before the Seventh Circuit Court of Appeals.  APPELLEE sought to avoid liability by other means that did not deny APPELLANT'S allegations that resulted in Judicial Admissions.

Further, the ARB, a competent court of jurisdiction, on April 30, 2021 on remand held that APPELLEE only raised two questions of law and that APPELLEE had been prejudiced by ALJ for raising an argument that the APPELLEE had not raised or provided any evidence to support such a contention. (Opening Brief § VI ¶2 Exhibit A-pg.32)  Therefore, APPELLEE forfeited and waived its right to raise any other defense; estopping them from changing their legal position moving forward.

Further, APPELLEE has not been able controvert APPELLANT'S allegations, in particular that APPELLEE: 1) Payed APPELLANT disability benefits as evidenced by the W2 issued by APPELLEE to APPELLANT. (Opening Brief § I Subsection B -pg.9) 2) Continued to gather medical information from APPELLANT'S physician in 2018 well past the time it alleged to have discharged itself of its burdens to APPELLANT. (Opening Brief § I Subsection A -pg.9) 3) Had unfettered access to APPELLANT'S detailed claims history evidenced by two (2) varying log formations. These log formations include detailed Chronological events of activities and Ledger of payments to APPELLANT.  These logs were entitled detailed employer view and dated July 2017.  Two (2) years past the time that APPELLEE admitted that its business relationship ended with the Hartford in 2015.  Further, it is more unreasonable to assert or believe years well beyond the termination of APPELLEE and the Hartford's business relationship that the Hartford would allow APPELLEE unfettered access to their records. Unless there was a legitimate reason to do so, like the Hartford at all relevant times took directives and direction from APPELLEE on the administration and adjudication of APPELLANT'S benefits among other things. (Opening Brief § I Subsection C -pg.10) 4) APPELLEE produced another plan that did not give the Hartford the authority it alleged that they gave the Hartford to make decisions.  (Opening Brief § I Subsection D -pg.11) Not to mention, the inconsistent and

conflicting memorandums of law, declarations and pleadings provided to the DOL and the District Court relative to the APPELLEE'S plan(s) and policy among other things.  (Opening Brief § I Subsection(s) M -pg.15; Q- pg. 17; Opening Brief § III ¶2-pg. 27; ¶1-pg.28; ¶1 pg. 35)

In addition to APPELLEE'S admissions and the aforementioned instances, APPELLEE'S alleged contention that "the Hartford did it" did not address, explain and controvert the aforementioned and other issues raised by APPELLANT relative to APPELLEE'S conduct that evidenced and supported that APPELLEE was a decision maker and participant in the administration  and adjudication of APPELLANT'S disability benefits as alleged.

In sum, Rule 8 directs a party responding to a pleading to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Additionally, the rule allows for more than one defense to be raised.  APPELLANT asserts that APPELLEE had the right to raise and mount any defense that it would have liked; however, APPELLEE only raised a question of law and an affirmative defense of Collateral Estoppel.  (Opening Brief § VI ¶2 Exhibit A-pg.32) Therefore, it is reasonable to assert or reason that APPELLEE voluntarily and/or intentionally relinquished its known right to raise any other defense. *Vershaw v. Northwestern Nat. Life Ins. Co.*, 979 F.2d 557, 560 (7th Cir. 1992); *Wood v. Milyard*, 566 U.S. 463, 470 & n.4 (2012).  This failure resulted in judicial admissions, in which the judge ignored.

## II.    ADMISSIONS

The Seventh Circuit has defined admission as "any deliberate, clear and unequivocal statement, either written or oral, made in the course of judicial proceedings, and may include a party's statements in its pleadings or its legal briefs." (internal quotation marks omitted) (citing *Medcom Holding Co. v. Baxter Travenol Lab., 106 F.3d 1388, 1404 (7th Cir. 1997)*

**APPELLEE'S SEPTEMBER 2019 ADMISSIONS TO THE DOL WERE DELIBERATE,
CLEAR AND UNEQUIVOCAL.** *Oscanyan v. Arms Co., 103 U.S. 261, 26 L.Ed. 539 (1880)*
These were judicial admissions.

### JUDICIAL ADMISSIONS

"Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its
counsel, that are binding upon the party making them. They may not be controverted at summary
judgment, trial or on appeal." *Keller v. United States, 58 F.3d 1194, 1198 n. 8 (7th Cir.1995)* In
re *Lefkas Gen. Partners, 153 B.R. 804, 807 (N.D.Ill.1993)* (citing *Ensiqn v. Pennsylvania*, 227
U.S. 592 (1913). (noting that judicial admissions are "any 'deliberate, clear and unequivocal'
statement, either written or oral, made in the course of judicial proceedings.").

**APPELLEE conceded and admitted allegations are:** (Opening Brief § II Subsection 1-9)

1. APPELLEE is the Plan Administrator;

2. APPELLEE funded the disability plan;

3. APPELLEE'S dual function of funding the plan, as well as, being the Plan;
   Administrator created a structural conflict and a material issue;

4. APPELLEE retaliated against APPELLANT for engaging in protected activity;

5. APPELLEE continued to gather medical information in 2018 regarding APPELLANT
   well after alleging have discharged themselves of their burden in March of 2015 and
   well after the matter had been disposed of between APPELLANT and APPELLEE;

6. APPELLEE also had unfettered access to APPELLANT'S disability claim history;

7. APPELLEE paid APPELLANT'S disability claim, evidenced by APPELLEE'S business
   records-W2;

8. Pretext and;

9. The HARTFORD stated that it was the employer gathering information about APPELLANT in September of 2018.

Judicial admissions obviate the need for debate, discussion or discovery regarding particular factual issues because the parties make concessions or stipulations regarding those issues that remove them from dispute. *See Keller, 58 F.3d at 1198 n. 8*

Therefore, APPELLEE'S Judicial admissions in its pleadings to APPELLANT'S allegations at the DOL are judicial admissions that are conclusive; removing these particular issues from contention. *Further, once a judicial admission is made, the subject matter ought not to be reopened in absence of showing of exceptional circumstances. Jones v. Morehead, 68 U.S. 155, 165 (1863)* Removing these issues from contention forecloses granting summary judgment in APPELLEE'S favor.

## OTHER JUDICIAL ADMISSIONS

Additionally, APPELLEE has made other judicial admissions regarding the:

1. Policy-(Opening Brief §I Subsections H-L-pg.14)

    a. APPELLEE has made false and misleading statements to the District Court of Northern Illinois relative to the existence of the "Policy" from the Hartford. Specifically, APPELLEE on May 7, 2021 certified to the District Court that it did not have the policy in question. Again, on July 14, 2021 APPELLEE and its declarant Cathy Phillips (declaration dated July 12, 2021) affirm the non-existence of the "Policy"

    b. Contrarily, APPELLEE in its supplemental pleadings of July 16, 2021 to the DOL references, cites to and underscores Cathy Phillips attestation in her other July 12, 2021 declaration that the policy exists ¶ 6. According to both APPELLEE and its

declarant, these matters were peculiarly within their knowledge or control, that is, facts the declarant is best situated to know and attest to in managing the affairs of APPELLEE.

c. In both instances, APPELLEE and its declarant made clear and unambiguous statements regarding the non-existence and existence of the Policy to accommodate the current legal needs. Information provided under oath relative to FRCP 56(e), within their knowledge, that related to the "policy" at issue. APPELLEE and its declarant's statements are Judicial admissions. *Oscanyan v. Arms Co., 103 U.S. 261, 263 (1880)*

d. As required, this issue was to be removed from contention. Further, a reasonable inference should have been drawn and resolved in APPELLANT'S favor that the withheld Policy held incriminating and adverse information about APPELLEE that was damaging to their case. Further, it should have been resolved that APPELLEE was acting in bad faith by withholding the Policy and misrepresenting its existence.

2. Plan (Opening Brief §I Subsection(s) D-pg. 11; F-pg. 13 and; U-pg. 18)

a. On May 24, 2021, APPELLEE, past the court ordered date, produced a Plan that did not convey the authority it asserted to have given the Hartford to make the decisions relative to APPELLANT'S disability benefits. This plan was in contradiction to the Plan APPELLEE relied in support of its motion for summary judgment.

b. The May 24, 2021 plan was a CLEAR AND UNEQUIVOCAL document that was in APPELLEE'S control and produced by APPELLEE that did not support APPELLEE'S contention that it had conveyed its authority to the Hartford as asserted.

c.  As required, this issue was to be removed from contention, notwithstanding the fact that APPELLEE made intentionally patently false and misleading statements to obtain illicit victory. Further, a reasonable inference should have been drawn and resolved in APPELLANT'S favor that APPELLEE made decisions and participated in the administration of APPELLANT'S disability benefits, as well as, APPELLEE contrived documents to support its contention that APPELLEE was not the decision maker. Further, it should have been resolved that APPELLEE was acting in bad faith in contriving and presenting conflicting documents relative to the issue at hand.

Moreover, these are just a few examples of APPELLEE'S egregious actions, misconduct, disdain and blatant disrespect for the judicial system and its administration. Further, this is in lock step with and in continuum of their immediate past behaviors or providing false and misleading information to various tribunals, without fear of punishment or consequence. This includes the Northern District of Illinois in *Szplett vs. Kenco 19 cv 2500*. The Central District in *McCurry vs. Kenco 16 cv 2273* and the Seventh Circuit in *18-3206* whereby APPELLEE took contradictory positions regarding Szplett's job title and duties to prevail on McCurry and Szplett's claims against APPELLEE. (Opening Brief §6 pg. 25)

## III.    JUDICIAL ESTOPPEL

**Judicial Admissions Support Judicial Estoppel**

APPELLEE is bound by its Judicial Admissions made before the Administrative Law Judge and the ARB in ALJ *CASE NO. 2019-FDA-00015 and ARB CASE NO. 2021-0009*. APPELLEE is estopped from changing its legal position from its initial position and concession to the allegations in 2019 to now asserting that the Hartford made the decisions in 2021. (Opening Brief -Section II Subsection 1-12 & Section VII)

Further, the Judge erred when she failed to consider the facts stated in APPELLEE'S

brief, declarations and supplemental pleadings to the Department of Labor against those made

in District Court that constituted judicial admission even though the case had been on appeal.

*Kurek v. Pleasure Driveway, 557 F.2d 580, 595 n.13 (7th Cir. 1977), cert. denied, 439 U.S.*

*1090 (1979).*   Also, for the purposes of summary judgment, the Seventh Circuit has treated

representations of counsel in a brief as admissions even though not contained in a pleading or

affidavit. *United States v. One Heckler-Koch Rifle, 629 F.2d 1250, 1253 (7th Cir.1980)*

## IV.    "SUMMARY JUDGMENT EVIDENCE" MUST BE *ADMISSIBLE*

### THE JUDGE FAILED TO TAKE NOTICE OF RULE 56 VIOLATIONS THAT RENDERED THE DECLARATION INADMISSIBLE

**(Opening Brief §I Subsection M ¶C-pg. 16 and ¶2-pg. 29)**

Phillips created a schism, when she made two (2) opposing declarations on the same day,

in contradiction to one another, regarding the existence of "The Policy" calling into question her

competency to testify and the veracity of her three (3) declarations and its attachments; as well

as, APPELLEE'S certification, pleadings and briefs.  This schism created issues of material fact.

Further, APPELLEE relied on this inadmissible & rebutted evidence from its Declarant,

Phillips, to support its contentions.  Contentions reduced to unsupported conclusory statements

that did not discharge themselves of their burdens. This reliance on inadmissible evidence was

fatal to APPELLEE'S Motion for Summary decision among other things.

Even after APPELLANT demonstrated pretext and contradictory evidence, the Judge did not

take notice of these conflicting and competing statements and interest. (Opening Brief- pg.23 ¶1)

The Judge cannot ignore a line of evidence that undermines the conclusions she made; and she

must trace the path of her reasoning and connect the evidence to her findings and conclusions to

discharge herself of her burdens. *Scrogham v. Colvin, 765 F.3d 685, 698 (7th Cir. 2014)*

Additionally, the Judge failed to articulate her reasons for discrediting APPELLANT'S evidence that was not controverted by APPELLEE. *See* Fed.R.Civ.P. 56(c); *Kellar v. Summit Seating Inc., 664 F.3d 169, 175 (7th Cir. 2011)*

**PERJURY AND RULE 56 VIOLATIONS** (Opening Brief § I Subsection M-pg. 15; ¶1 pg. 36-37)

APPELLEE and its Declarant, Phillips, have not made viable arguments but perjured themselves. Further, they are in contravention to Rule 11 and 56 and 18 U.S.C. 1621 among others.

The patently false and misleading statements of inconsistency speak to the veracity of Cathy Phillips declaration and Rule 56 violations. Phillips and her declarations should be barred for failure to comply with **Rule 56 and for violations of 18 U.S.C. 1621, as well as, being filed in violation of Rule 11** with the intent to obstruct justice 18 U.S.C. 1503.

## V.    CONCLUSORY AND SPECULATIVE STATEMENTS  (Opening Brief-pg.8¶1)

**APPELLEE makes a number of conclusory and unsupported statements regarding Hartford such as:**

a.  The Hartford paid APPELLANT in contradiction to the W2 issued by APPELLEE to APPELLANT for disability payments, which is further supported by APPELLEE'S evidence that states the APPELLANT'S disability began on January 5, 2015. APPELLEE offers no substantial proof to controvert the W2 it issued APPELLANT and the date APPELLANT'S disability began.  (Opening Brief § I Subsection B-pg. 9)

b.  The Hartford made all the decisions relative to APPELLANT'S disability benefits in contradiction to APPELLEE gathering medical information from APPELLANT'S physician in 2018.  Also, the Hartford's 2018 written statement indicates that the request was from the employer, APPELLEE, and it was to be used for claim determination purposes. (Opening Brief  § I Subsection A- pg. 9; Subsection E ¶2-pg12)

c.  The Hartford was unaware of APPELLANT'S protected activity and litigation.  This is in contradiction to Hartford's business records discussing and referencing APPELLANT'S litigation and naming APPELLEE'S VP of legal Jay Elliott and its declarant Cathy Phillips as persons handling APPELLANT'S cases. (Opening Brief - pg.24 ¶5)

Further, APPELLEE makes a number of other conclusory and unsupported statements regarding its alleged limited access to the Hartford's business records beyond the time it asserts that its business relationship ended with the Hartford in 2015.  The logs produced by APPELLEE clearly state that they are detailed summaries entitled employer view.

Further, APPELLEE alleges that it does not corroborate or participate in decisions regarding employee benefits including APPELLANT'S.  This in contradiction to APPELLANT'S sworn testimony in her declaration of November 28, 2021 (Dkt. # 165 Exhibit M ¶ 25) and supporting evidence (Exhibits K, L & S) that demonstrate that APPELLANT during the ordinary course of her employment conferred with the Hartford regarding employees benefits including disability.  In addition to this fact, APPELLEE had claims analysts that weighed in on claim determinations for employee benefits including disability as evidenced by emails between the Hartford, APPELLEE'S claim analyst and APPELLANT while performing her ordinary duties as HR Administrator. (Opening Brief -pg.8¶1; §I Subsection R-pg. 18; pg. 24 ¶2)

## VI.    APPELLANT REJECTS THE CONTENTION THAT HER BRIEF WAS INCOMPREHENSIBLE

Undoubtedly and without question APPELLANT is not well versed in the law and outside of her wheelhouse in drafting her briefs throughout this entire process.  However, APPELLANT contends that within her bounded rationale and interpretation, at all times, attempted to comply with the rules using proper and King's English to accomplish these daunting

tasks. Further, APPELLANT approached each issue by identifying the issue, identifying the relevant rules, standards, facts and case law to discuss the matter and draw a reasonable conclusion based upon the facts, rules and standards.

### MERCY OF THE COURT

APPELLANT undoubtedly seeks the mercy of the court in regards to any inadvertent errors, mistakes and omissions that may have occurred during this briefing process. APPELLANT asks this honorable court to review her matter in a manner that serves and underscores justice, as it is not probable that an untrained person could possess or have the necessary knowledge to adequately check every box necessary to satisfy the requirements.

### VII.    RULE 56 and LOCAL RULE 56.1 Violations

APPELLANT conformed to RULE 56. APPELLANT asserts that all issues and facts were fully briefed including new issues that arose with the conflicting plans, the policy and the declarations. Further, APPELLANT disagrees and rejects the contention that APPELLANT did not comply with local rule 56.1. APPELLANT responded to APPELLEE'S statements of undisputed facts, point-by-point as required. (DKT 166) Additionally, if the alternative exists, the record clearly reflects contradictions to these alleged admitted facts. (Opening Brief -pg.8 ¶1; § I Subsection(s) A-D -pg.9-1;M -pg.15; Q- pg. 17; R-pg. 18; pg. 24 ¶'s 2 & 5; § III ¶2-pg. 27; ¶1-pg.28; & § VI ¶1 pg. 35)  Further, APPELLANT'S declaration  rebutted and refuted these and other alleged admitted facts.  (Dkt. # 165 Exhibit M) Further, the Seventh Circuit has reasoned that failing to respond properly during summary judgment does not necessarily "admit" facts that are contradicted by other evidence in the record. *Perez v. Thorntons, Inc.*, 731 F.3d 699 (7th Cir. 2013).  In sum, APPELLANT rejects the contention that APPELLANT did not

discharge herself of her responsibilities relative to Rule 56 and local Rule 56.1 and that facts were deemed admitted as alleged by APPELLEE.

## VIII.  APPELLANT REJECTS THE CONTENTION THAT APPELLANT'S ALLEGATIONS OF MISCONDUCT ARE NOT VALID AND MERITLESS

(A-I Opening Brief pg. 7-Uncontroverted Facts)

**A.**     It is a highly undisputed fact that APPELLEE certified under court order on May 7, 2021 to the District Court that it did not have the Policy at issue. (Dkt.#165 Exhibit D)

**B.**     It is a highly undisputed fact that APPELLEE produced a plan on May 24, 2021 that did not convey authority to the Hartford, as asserted, to make decisions regarding employee disability benefits, including APPELLANT'S. (Dkt.#165 Exhibit Q)

**C.**     It is a highly undisputed fact that the May 24, 2021 plan was in direct contradiction to the plan APPELLEE used to support its contention that it had conveyed its authority to the Hartford.

**D.**     It is a highly undisputed fact that APPELLEE'S declarant executed two (2) declarations on the same day July 12, 2021 that contradicted one another in regards to the existence of the Policy at issue. (Dkt.#165 Exhibits F & G)

**E.**     It is a highly undisputed fact that APPELLEE and its declarant in its brief and supporting declaration in response to APPELLANT'S motion to compel and for sanctions on July 14, 2021 to the District Court stated that the Policy did not exist.

**F.**     It is a highly undisputed fact that APPELLEE and its declarant in its supplemental pleadings to the Department of Labor on July 16, 2021 attested under oath, referenced and stated that the Policy existed. (Dkt.#165 Exhibit F ¶ 6)

**G.**     It is a highly undisputed fact that APPELLEE issued a W2 to APPELLANT that included disability benefits.

**H.**     It is a highly undisputed fact that APPELLEE did not deny responsibility or knowledge of the September 2018 physician statement seeking information from APPELLANT'S physician.

**I.**     It is a highly undisputed fact that APPELLEE submitted the intentionally conflicting declarations, regarding the same common core or nucleus of facts, to meet the current litigation needs at the DOL and the District Court to defeat APPELLANT'S claims of retaliation.  Also see (Opening Brief §V-pg.31)

**J.**     It is a highly undisputed fact that the ARB and the ALJ held that APPELLANT suffered an adverse action. (Opening Brief §V-pg.31; Dkt. #165-pg 23-Ex. A. pg.4 ¶ 2)

**K.**     It is a highly undisputed fact that the present legal action is relative to claims of post-employment discrimination relative to the terms, conditions and enforcement of Plaintiff's benefits derived from her employment agreement/contract with her employer. (Dkt. # 40-pg. 7; Dkt. #96; Dkt. #165-Exhibit U)

**L.**     It is a highly undisputed fact that APPELLEE represented to the Illinois Department of Human Rights and EEOC in case no *2015CA3083/21BA51536* in August of 2015 that Szplett had never been a manager. (Opening Brief  pg. 26 ¶ 6(c))

**M.**     It is a highly undisputed fact that APPELLEE misrepresented to the Central District of Illinois Court in *16 cv 2273* that Szplett was the APPELLANT'S manager to overcome APPELLANT'S claims of discrimination. (Opening Brief  pg. 2 ¶ 6 (a))

**N.**    It is a highly undisputed fact that APPELLEE again made the representation to the Seventh Circuit in case *18-3206* in writing and orally in April of 2019 that Szplett was the manager.  (Opening Brief  pg. 2 ¶ 6 (b))

**O.**    It is a highly undisputed fact that APPELLEE made an opposite representation to the Northern District of Illinois Court in *19 cv 2500* that Szplett was not the manager to overcome his claims of discrimination. (Opening Brief  pg. 26 ¶ 6(c))

APPELLEE received a benefit from each and every one of these {mis}representations to the detriment of the other litigants and society.  Further, APPELLEE cannot point to any law or anything in any record to contradict or controvert these highly indisputable facts APPELLEE has made in support of the exigencies of the moment.   These statements are willful and intentional misrepresentations about singular subjects to keep up with the current litigation needs.

## IX.    APPELLEE MUST BE HELD ACCOUNTABLE

The aforementioned is a portion of an inexhaustible list of highly undisputed facts that APPELLEE has not and cannot controvert.  Further, APPELLANT vehemently contends that APPELLEE has engaged in brazen acts of bad faith, acted in contempt of the court, intentionally and willfully engaged in unlawful and egregious behavior without fear of consequence, reprisal or punishment.  APPELLEE has exhibited a brazen disrespect and disdain for the judicial system and its administration.  Further, it sets in motion legal precedents that are predicated on patently false and misleading truths and contrived schemes that have gamed the system to litigants and society's detriment.  Further, it diminishes the morale fabric, vitiating and eroding the trust, efficacy and effectiveness of the judicial system and its administration; essentially making it virtually impossible for common people or socioeconomic challenged persons to ever have a chance to achieve justice.

APPELLEE has had a successful run at mocking and gaming the system to obtain fraudulent victories by intentionally making patently false and misleading statements, as well as, providing contrived documentation to support their contentions; bamboozling the courts into ruling adversely against APPELLANT and other litigants.  This is not only a travesty for APPELLANT, but for the society as a whole.  Further, APPELLANT contends that it is an injustice and a miscarriage of what justice is supposed to be.  Justice is not to enable, empower and embolden persons to violate persons protected and civil rights, without consequence to the governing statutes and laws.  APPELLEE must be stopped and held accountable.

APPELLANT urges this Honorable Court, who has been a victim of APPELLEE'S mockery and disdain for the judicial system and its administration, as evidenced by its blatant, brazen and egregious misconduct hold APPELLEE and its declarant accountable for their actions.  Further, it has been established that this Honorable Seventh Circuit has **an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct.** *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397 (7th Cir. 2015) at 402; *Greviskes v. Universities Research Ass'n,* 417 F.3d 752, 758-59 (7th Cir.2005).  In this instance, APPELLANT asserts and contends that APPELLEE was brazen, acting contemptuously and without consequence and accordingly must be held accountable for their actions.

## X.     APPELLATE RULE 28-APPELLANT REJECTS THE CONTENTION THAT THIS IS APPEAL IS FACTUALLY  RELATED APPEAL TO 18-3206

Two (2) courts of competent jurisdiction have ruled that the facts in this case are significantly different from the facts in APPELLANT'S other cases, including case no. *18-3206.*  The Northern District ruled on October 15, 2020 (DKT. # 96) that Res Judicata was not applicable and the Department of Labor Ruled in November of 2020 that Collateral Estoppel was not applicable either.

Further, APPELLANT asserts that APPELLEE'S misconduct of misrepresentation, contrived schemes and intentional patently false statements to the court induced the court into ruling in APPELLEE'S favor in *case no16 cv 2273*, as well as, in the current matter.  In furtherance of APPELLEE'S current schemes of contrivance, APPELLANT within days just received two (2) sets of papers filed by APPELLEE on March 14, 2022 to this court mailed that were mailed to an incorrect address. See Attached Exhibit A-pg.26.  The rub is that the correct address is on the certificate of service and it was sent in duplicate.  APPELLEE has never before sent documents in duplicate.  Further, the document was not emailed, as all other correspondence had been emailed throughout this process.  Further, APPELLEE has had APPELLANT'S correct mailing address since her employment began at the Mars Manteno facility in 1999.  This conduct is telling and disheartening.

Moreover, APPELLANT asserts that there was evidence in the record in case no. *16 cv 2273* to contradict the facts deemed admitted from APPELLANT'S failure to comply with the local rule that was pointed out in her response to APPELLEE'S motion for summary judgement. In addition to the other issues that were raised regarding the authenticity of documents attached and regarding APPELLEE'S declarant.  Further, APPELLEE attached a copy of the deposition in support of its motion, without providing APPELLANT a copy prior to filing its motion for summary judgment. Neither was APPELLANT ever afforded an opportunity to review it for accuracy.  Additionally, APPELLANT had drawn to the court's attention, through a motion in limine case no. *16 cv 2273* DKT. # 122 & 123 that APPELLEE was in violation of Rule 37 and that APPELLEE'S motion for summary judgment was not proper.  APPELLANT'S properly supported motion in limine was denied.

According to Rule 37 and the Seventh Circuit "[a] party that fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not permitted to use the evidence. This court has stated that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003).* In this instance APPELLEE was not held accountable.

**IN CONCLUSION,** APPELLANT contends that APPELLEE did not discharge its burden of "`show[ing] initially the absence of a genuine issue concerning any material fact,'" *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970), *quoted in Celotex,* 477 U.S. at 325, 106 S.Ct. at 2552. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 2511 n. 4, 91 L.Ed.2d 202 (1986).

Despite APPELLEE unsuccessfully discharging its initial burden, APPELLANT went beyond her pleadings and by her own affidavit, answers to interrogatories, and admissions on file designate "specific facts showing that there were genuine issues for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e)).(Opening Brief §'s I-III)

Additionally, APPELLANT informed the court that summary judgment was improper and "demonstrated" to the district court, by pointing to evidence in the record, that the movant failed to sustain its initial burden. *Celotex,* 477 U.S. at 332, 106 S.Ct. at 2557 (Brennan, J. dissenting). Further, APPELLANT should have been able to defeat this motion for summary judgment, after asserting and calling to the court's attention that APPELLEE had no evidence to controvert the supporting evidence already in the record that was overlooked or ignored by APPELLEE, such as: the W2 it issued APPELLANT reflecting disability payments. (Opening Brief § I Subsection B -pg.9) The Attending Physician's statement sent to APPELLANT'S physician in September 2018 gathering medical information on APPELLANT. (Opening Brief §

I Subsection A -pg.9) The Hartford's business records indicating that it was APPELLEE who was gathering the 2018 medical information.  (Opening Brief § I Subsection E ¶2-pg12)  Or the Hartford's other business records that demonstrated that the Hartford was aware of APPELLANT'S litigation and protected activity and that Cathy Phillips, Jay Elliott and others were corresponding with the Hartford regarding APPELLANT.  (Opening Brief -pg.24 ¶5) Or emails between the Hartford, APPELLANT and APPELLEE'S claim analyst corroborating and providing determinative claims information regarding employee benefits, including disability. (Opening Brief- pg.8¶1; §I Subsection R-pg. 18; pg. 24 ¶2) Or the various contradictory judicial admissions made by APPELLEE and its declarant regarding singular issues. (Opening Brief §I Subsections H-L-pg.14) Or the various plans produced by APPELLEE in contradicting its contention that it had conveyed authority to the Hartford. (Opening Brief pg. 22 ¶ 10)

Further, APPELLANT contends that APPELLEE should be estopped pursuant to the doctrines of the Law of the Case, Res Judicata, Collateral Estoppel, and Judicial Estoppel based upon and evidenced by APPELLEE'S conduct of changing its September 2019 legal position and making contradictory representations about singular issues based upon the exegesis of the moment.  (Opening Brief § VII pg. 38)

Further, APPELLANT contends that APPELLEE should be held to its judicial admissions before the Department of Labor and the ARB in ALJ CASE NO. 2019-FDA-00015 and on appeal in ARB Case NO. 2021-0009.  Both courts of competent jurisdiction held that APPELLANT raised issues of material facts and that APPELLEE only raised two (2) questions of law in its initial pleadings on September 19,2019 (Opening Brief § 6 paragraph 2)

Further, APPELLANT asserts and urges that APPELLEE should be held accountable for their enumerated brazen and contemptuous acts of misconduct, if not for the sake of justice in this case, but for the preservation of the integrity of the judicial system and its administration. Which, including this court, has fallen prey to APPELLEE, who has morphed into a rogue insurgent that has a blatant disregard, contempt and disdain for our judiciary system. This Court has recognized that it has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority can impose appropriate sanctions to penalize and discourage misconduct. *Ramirez v. T&H LEMONT, INC.*, 845 F.3d 772 (7th Cir. 2016) citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46-50, 111 S. Ct. 2123, 2134-36 (1991).

FURTHER, the Judge, as she must, failed to articulate some legitimate reason for her decision. Most importantly, as she must, the Judge did not build an accurate and logical bridge from the evidence to her conclusion, *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir.2000) citing *Green v. Apfel,* 204 F.3d 780, 781 (7th Cir.2000); *Groves v. Apfel,* 148 F.3d 809, 811 (7th Cir.1998). As well as, articulate her reasons for discrediting APPELLANT'S evidence and evidence that was not controverted by APPELLEE. *See* Fed.R.Civ.P. 56(c); *Kellar v. Summit Seating Inc.,* 664 F.3d 169, 175 (7th Cir. 2011)

In sum, it is not factually possible to derive that the loss of benefits, to which APPELLANT relied upon while being disabled, is not adverse or an irreparable harm. Nor, is it the appropriate conclusion that the Hartford made the decisions relative to APPELLANT'S disability benefits in the face of competing and contradictory statements, unauthenticated documents, and the absence of supporting documentation and evidence; coupled with the numerous lines of evidence and uncontroverted facts, clearly undermines the conclusions she made. Conclusively, simply

pointing to isolated statements, like the Hartford did it, while ignoring "evidence that suggests an opposite conclusion" is insufficient of the Judge to discharge herself of her burdens. *Scrogham v. Colvin, 765 F.3d 685, 698 (7th Cir. 2014)*

*WHEREFORE,* APPELLANT, EDITH MCCURRY, for the fore-going reasons requests this Honorable Tribunal rule in her favor and vacate the Judge's order granting Summary Judgement for APPELLEE. APPELLANT, further requests this Honorable Court to: 1) Bind APPELLEE to its Judicial Admissions, removing those issues from contention in this matter. 2) ESTOPP APPELLEE according to the doctrines of Res Judicata, Collateral and Judicial Estoppel. 3) DEEM APPELLANT'S properly support material facts ADMITTED. 4) Declare PHILLIPS incompetent to testify. 5) Barr PHILLIPS from testifying and being a witness for APPELLEE and 6) Barr PHILLIPS DECLARATIONS in violation of Rule 56 and for intentionally making and presenting patently false and misleading statements and documents under oath to different tribunals about the same set of facts.

Further, APPELLANT requests this Honorable Court to take judicial notice and action in regards to APPELLEE'S and its declarant Cathy Phillips misconduct of willfully and intentionally making materially false statements and providing contrived documents to this and other tribunals. As well as, any other relief available to deter such egregious behavior, including and up to sanctions. In addition, please grant APPELLANT an order remanding this matter back for further proceedings, as well as, any other relief that may be available to her.

Dated: June 7, 2022

Submitted by:

*Edith McCurry*

EDITH MCCURRY
6239 S. 13110 East Rd.,
Pembroke, IL 60958
815.735.4281

## CERTIFICATE OF COMPLIANCE
## WITH FRAP RULE 32(a)(7) and FRAP RULE 32(g)

I hereby certify that this brief complies with the type volume limitation imposed by

Federal Rules of Appellate Procedure 32(a)(7) and (g) The brief was prepared using

Microsoft Word 2010 and contains no more than 5,585 words of proportionally spaced

text. The typeface is Times New Roman, 12-point font.

Dated: June 7, 2022

Submitted by:

Pro se
EDIT H MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

## CERTIFICATE OF SERVICE

I, Edith McCurry, hereby certify that on June 8, 2022, I submitted a copy of the

foregoing APPELLANT REPLY BRIEF IN SUPPORT OF APPEAL FOR REVIEW FROM

THE U.S. NORTHERN DISTRICT COURT CASE NO. 19 CV 04067 to be electronically

filed with the Clerk of the Appellate Court and have served the persons identified on the

docket's service list through Notice of Electronic Filing generated by the Court's

CM/ECF system:

Submitted by:

*Edith McCurry*

EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

EXHIBIT A

# JacksonLewis

**Jackson Lewis P.C.**
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601

S SUBURBAN IL 604

16 MAR 2022PM 7 L

CHICAGO IL
FIRST-CLASS MAIL
IMI
$000.53¢
03114202 ZP 60601
04W3812ML6

US POSTAGE

60958-469439

Edith McCurry
6239 South 13100 East Road
Pembroke Township, IL 60958

# JacksonLewis

**Jackson Lewis P.C.**
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601

S SUBURBAN IL 604

16 MAR 2022 PM 7 L

Edith McCurry
6239 South 13100 East Road
Pembroke Township, IL 60958

FIRST-CLASS MAIL

$000.53°

03/14/2022 ZIP 60601
043M31724082

US POSTAGE

No. 22-1273

---

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

**Edith McCurry,**
**Plaintiff-Appellant,**

**v.**

**Kenco Logistic Services, LLC,**
**Defendant-Appellee.**

---

Appeal From the United States District Court
For the Northern District of Illinois,
Case No. 19-cv-04067
The Honorable Judge Sharon Johnson Coleman

---

## RESPONSE OF KENCO LOGISTIC SERVICES, LLC, DEFENDANT-APPELLEE, TO DOCKETING STATEMENT OF EDITH MCCURRY, PLAINTIFF-APPELLANT

---

Pursuant to Circuit Rule 3, Defendant-Appellee Kenco Logistic Services, LLC ("Kenco") states that the Docketing Statement submitted by Plaintiff-Appellant Edith McCurry ("McCurry") is not complete and correct. Kenco states as follows:

**Jurisdictional Statement**

The United States District Court for the Northern District of Illinois had subject matter jurisdiction over McCurry's claims pursuant to the existence of a federal question. *See* 28 U.S.C. § 1331. Specifically, McCurry's claims involved the following statutory provisions: 42 U.S.C. §§ 1981, 1988, 2000e-3, 2000e-5; 29 U.S.C. § 1132. Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over McCurry's

appeal from the final judgment of the District Court, which was entered on January 21, 2022. McCurry filed her notice of appeal with the District Court on February 19, 2022.

### Prior Appellate Proceeding

The parties to this appeal were parties to a previous and factually-related appeal before this Court: *Edith McCurry v. Kenco Logistics Services, LLC, et al.*, Case No. 18-3206.

Dated: March 14, 2022

**Kenco Logistic Services, LLC**

By: */s/ Julia Pearce Argentieri*
       One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
           casey.leech@jacksonlewis.com

## CIRCUIT RULE 25 CERTIFICATION

Pursuant to Circuit Rule 25, a digital version of this *Response of Kenco Logistic Services, LLC, Defendant-Appellee, to Docketing Statement of Edith McCurry, Plaintiff-Appellant* was uploaded on March 14, 2022 to the Court's website at http://www.ca7.uscourts.gov.

Dated: March 14, 2022                    **Kenco Logistic Services, LLC**

By: */s/ Julia Pearce Argentieri*
       One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
          casey.leech@jacksonlewis.com

## PROOF OF SERVICE

I, Julia Pearce Argentieri, an attorney, certify that on March 14, 2022, I caused

two true and correct copies of the foregoing *Response of Kenco Logistic Services, LLC,*

*Defendant-Appellee, to Docketing Statement of Edith McCurry, Plaintiff-Appellant* to

be served upon Plaintiff-Appellant Edith McCurry, via U.S. Mail, first-class postage

prepaid, to the following address:

Edith McCurry
6239 South 13110 East Road
Pembroke Township, Illinois 60958

Dated: March 14, 2022                **Kenco Logistic Services, LLC**

By: */s/ Julia Pearce Argentieri*
    One of Its Attorneys

Julia Pearce Argentieri
J. Casey Leech
JACKSON LEWIS P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Email: julia.argentieri@jacksonlewis.com
        casey.leech@jacksonlewis.com