**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted September 15, 2022[*]
Decided September 16, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | |
|---|---|
| No. 22-1273 | |
| EDITH McCURRY,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19-cv-4067 |
| KENCO LOGISTIC SERVICES, LLC,<br>*Defendant-Appellee*. | Sharon Johnson Coleman,<br>*Judge*. |

**O R D E R**

Edith McCurry appeals the summary judgment entered for her former employer, Kenco Logistic Services, LLC, on her claims brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B), with regard to short-term and

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

long-term disability benefits that were interrupted. Because McCurry failed to introduce evidence that Kenco was a decisionmaker regarding her benefit payments, we affirm.

McCurry, who worked in Kenco's human resources department from April 2013 until March 2015, was covered under Kenco's short-term and long-term disability-insurance policies. Both policies were issued by a third-party benefits administrator, Hartford Life and Accident Insurance Company. In other words, Hartford insured and administered these policies.

McCurry asserts that she was unable to return to work in January 2015 because of various health conditions. She notified Hartford, which informed her of the amount of disability benefits she would receive. McCurry soon began receiving short-term disability payments. But within a few weeks, she experienced interruptions in these payments. Her long-term disability payments were scheduled to begin in July 2015, but she did not receive these payments as scheduled and was denied long-term disability benefits entirely. Hartford eventually reinstated the long-term disability benefits.

McCurry sued Kenco and Hartford, among others, for violations of ERISA, Title VII, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and various state laws. Early in the proceedings, the district court granted motions to dismiss filed by Hartford (for improper venue) and all the remaining defendants except for Kenco. (McCurry does not contest these rulings on appeal, and we say nothing further about them.) The court, however, allowed McCurry to proceed on her federal claims against Kenco.

The district court ultimately entered summary judgment for Kenco. The court, pointing out that McCurry failed to dispute key facts in the manner required by Local Rule 56.1, *see* N.D. ILL. L.R. 56.1(b), concluded that unrebutted evidence in the record confirmed that Hartford and not Kenco handled all discretionary decisions related to the payment of her disability benefits. Thus, Kenco could not be liable for any interruption in her benefits.

On appeal, McCurry argues that the district court failed to draw appropriate inferences from her submitted evidence, which, she believes, shows that Kenco rather than Hartford made decisions that led to her benefits being delayed. She does not explain the significance of this evidence, which includes a W-2 form issued by Kenco, a work-capacity evaluation completed by her physician and faxed to an employee-absence management firm, a website in which Kenco could view benefits paid to McCurry, and emails in which Kenco's human-resource analysts provided factual information to Hartford to assist in its claims processing.

But this argument glosses over the significance of McCurry's failure to adhere to the procedural rules of civil litigation. The district court—after pointing out that the benefit plans expressly granted full discretion and authority to Hartford to determine eligibility for benefits and interpret policy terms—explained that McCurry's noncompliance with the local rules for summary judgment rendered unrebutted the evidence in the record that Kenco did not influence Hartford's administration of her benefits. Although district courts must view the evidence in the light most favorable to the non-moving party, *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018), they also have broad discretion to enforce Local Rule 56.1. *See Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 956–57 (7th Cir. 2021). And the court here was well within its discretion to consider only those facts (and inferences drawn from them) presented in accordance with local summary judgment rules—a point we emphasized in a prior opinion that highlighted numerous instances in which McCurry had flouted the local rules. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 790 (7th Cir. 2019).

This appeal is the third recent instance in which McCurry has subjected Kenco to frivolous, baseless litigation. In that prior opinion, we denounced her appeal—involving claims of discrimination—as "a shameful waste of judicial resources," littered with arguments "insubstantial to the point of incoherence," and we ordered her appellate attorney to show cause why he should not be sanctioned under Rules 28 and 38 of the Federal Rules of Appellate Procedure. *Id.* at 790–92. And an earlier retaliation suit was dismissed by the district court at screening as a malicious attempt to circumvent a discovery schedule in a related suit. *McCurry v. Kenco*, 2:18-cv-02093 (C.D. Ill. May 22, 2018). We now warn McCurry that further frivolous appeals may incur monetary sanctions that, if unpaid, can result in a filing bar. *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED